1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| N.D., et al.,<br><br>                Plaintiffs,<br><br>     v.<br><br>CHRIS REYKDAL, et al.,<br><br>                Defendants. | CASE NO. 2:22-cv-01621-LK<br><br>ORDER GRANTING LEAVE TO AMEND AND CONTINUING DEADLINES |

16      This matter comes before the Court on Plaintiffs' Motion for Leave to File Amended

17 Complaint. Dkt. No. 22. Plaintiffs seek to add an additional named plaintiff, E.A., by and through

18 his parents, *id.* at 1, in this putative class action under the Individuals with Disabilities Education

19 Act, 20 U.S.C. § 1400 *et seq.*, ("IDEA"), Dkt. No. 2-1 at 1. For the reasons set forth below, the

20 Court grants the motion and extends the deadlines to complete discovery on class certification and

21 to file a motion for class certification to mitigate any potential prejudice to Defendants.

22                          **I.   BACKGROUND**

23      Plaintiff N.D. is an individual with a disability who turned 21 years old in the summer of

24 2022. *Id.* at 2. Seattle Public Schools provided him a free appropriate public education ("FAPE")

under IDEA until the extended school year period ended on August 31, 2022. *Id.* At that time, he had not graduated from high school with a regular high school diploma. *Id.* at 4.

On November 11, 2022, he filed suit in this Court alleging that he was denied his right to a continued FAPE until his 22nd birthday as required by the IDEA "solely because he had exceeded the age cutoff the State of Washington has established at Wash. Admin. Code § 392.172A.02000(2)(c) pursuant to Wash. Rev. Code § 28A.155.020." *Id.* at 2.[1] He seeks to represent the following putative class:

> All individuals who turned 21 within two years before the filing of this action or will turn 21 during the pendency of this action who are provided or were provided a FAPE under the IDEA by any school district in Washington and who but for their turning 21 would otherwise qualify or would have qualified for a FAPE because they have not or had not yet graduated from high school with a "regular high school diploma" as defined at 34 C.F.R. § 300.102(a)(3)(iv) ("the Plaintiff Class").

Dkt. No. 2-1 at 9–10. After receiving a joint status report from the parties, Dkt. No. 16, the Court issued a scheduling order setting an April 10, 2023 deadline to complete discovery on class certification and a May 10, 2023 deadline for Plaintiffs to file a motion for class certification, Dkt. No. 17 at 2.

Plaintiffs' counsel emailed Defendants' counsel on January 20, 2023 to determine if Defendants would oppose Plaintiffs' filing of an amended complaint. Dkt. No. 24 at 1–2, 6. Defendants' counsel responded the same day and informed Plaintiffs' counsel that Defendants would first need to see a redline version of the proposed amended complaint. *Id.* at 2, 8. Plaintiffs' counsel provided Defendants with a redline version of the proposed amended complaint on February 10, 2023, and identified the proposed plaintiff, E.A., on February 13, 2023. *Id.* at 2. Defendants responded that they "would be willing to agree to Plaintiffs' motion to amend their

---

[1] The regulation provides that an eligible student "whose twenty-first birthday occurs on or before August 31 w[ill] no longer be eligible for special education services." Wash. Admin. Code § 392-172A-02000(2)(c).

complaint if Plaintiffs agreed to a motion to extend the discovery and briefing schedule by two months to accommodate the need for additional discovery related to the new putative class representative." *Id.* The parties were unable to agree.

On March 2, 2023, Plaintiffs filed this motion to amend their complaint to add E.A. as a named Plaintiff. Dkt. No. 22 at 1. Plaintiffs allege that "E.A. is 21 years old and currently enrolled in the Selah School District where he receives special education services pursuant to an Individualized Education Program (IEP)." *Id.* at 2. At the end of the 2022-2023 school year, the Selah School District "will stop serving E.A. solely due to the age cutoff regulation at issue in this case, Wash. Admin. Code § 392.172A.02000(2)(c)." *Id.* Plaintiffs further allege that "E.A.'s legal position is related to but distinct from N.D.'s legal position" because N.D. has already "'aged out' of his district. As such, the two named plaintiffs represent two distinct subclasses – those that have already been exited from school, and those still enrolled at school but facing the threat of exit at the end of the school year." *Id.*

## II.   DISCUSSION

The general rule is that leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, the Court may deny leave to amend after considering "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (internal quotation marks omitted) (quoting *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)). Moreover, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). And "[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).

Defendants contend that Plaintiffs' proposed amendment would prejudice them if they are not provided additional time to conduct discovery related to E.A. Dkt. No. 23 at 1–2. They do "not oppose the amendment if provided two additional months for class certification discovery, but absent such extension Plaintiffs' motion to file an amended complaint should be denied for prejudice and undue delay." *Id.* Plaintiffs argue that no class-related discovery regarding E.A. is necessary because an existing Ninth Circuit case controls, Dkt. No. 25 at 1, but at this point, prior to the completion of discovery and class certification briefing, it is not clear that there is no need for such discovery. Instead, it appears that some discovery regarding E.A., his claims, and the Rule 23 factors is warranted because E.A. seeks to represent a "distinct subclass[]" of putative Plaintiffs. Dkt. No. 22 at 2. Defendants also seek to conduct discovery regarding "whether, and if so, why and when, E.A. will exit the district." Dkt. No. 23 at 4. Defendants are likely to suffer prejudice if they are unable to conduct any such discovery now that the April 10, 2023 deadline to do so has passed. Dkt. No. 17 at 2. While Plaintiffs argue that they can supplement their existing discovery responses, Dkt. No. 25 at 1–2, Defendants should not have to forego third-party discovery about E.A. or targeted discovery about him and his claims to test the allegations in the amended complaint.

Defendants also allege that Plaintiffs delayed in seeking leave to amend. Dkt. No. 23 at 5. It is unclear when Plaintiffs learned of E.A.'s claims.[2] Based on the current, albeit underdeveloped record, it does not appear that the delay was undue. *See, e.g.*, *Jammeh v. HNN Assocs., LLC*, No. C19-0620-JLR, 2019 WL 5190883, at *2 (W.D. Wash. Oct. 15, 2019) (explaining that when considering the existence of undue delay, courts evaluate "whether the moving party knew or should have known the facts and theories raised by the amendment[] at an earlier time." (cleaned

---

[2] Defendants contend that Plaintiffs were aware of the existence of E.A.'s subclass when they filed their original complaint, but Defendants cite nothing in support of that proposition. Dkt. No. 23 at 5.

up)); *Fosmire v. Progressive Max Ins. Co.*, No. C10-5291-JLR, 2011 WL 4459780, at *4 (W.D. Wash. Sept. 26, 2011) (noting that although plaintiff could have sought amendment earlier, no major litigation deadlines had passed and there was no evidence of bad faith). Although Plaintiffs could have moved to add E.A. sooner, at least by late January or early February, the few-weeks delay was not protracted, and other than the deadline for class discovery, no deadlines have passed.[3] Any prejudice to Defendants from the lapsed class discovery deadline can be cured by a modest extension of the class discovery period. Therefore, the Court will allow Plaintiffs to amend their complaint.

Turning to the length of the extension, Plaintiffs argue that granting the two-month extension Defendants seek "would push the deadline to file the motion for class certification until July 10, 2023, when those class members' school year would have already ended, thus limiting their ability to seek preliminary injunctive relief as necessary." Dkt. No. 22 at 3. But even with the current May 10, 2023 deadline to file a class certification motion, it is unlikely that motions for class certification and preliminary injunctive relief could be filed, noted, and decided before the end of the school year. *See* LCR 7(d)(3) (motions seeking a preliminary injunction and for class certification must be noted for a date no earlier than the fourth Friday after filing and service); https://www.selahschools.org/Page/2#calendar1/20230607/month (Selah Public Schools calendar reflecting a June 15, 2023 last day of school); https://www.seattleschools.org/news/school-calendar/ (Seattle Public Schools calendar reflecting a June 30, 2023 last day of school).

Defendants aver that they need a two-month extension of the discovery deadline to obtain E.A.'s educational records from the Selah School District, Dkt. No. 23 at 4, a process they contend could take up to seven weeks based on Seattle Public Schools' representation of how long it would

---

[3] There is no deadline for amending the pleadings or adding parties in this case.

ORDER GRANTING LEAVE TO AMEND AND CONTINUING DEADLINES - 5

take them to respond to a subpoena for N.D.'s records, Dkt. No. 24 at 2. Defendants have not provided any evidence concerning the length of time needed for the Selah School District to process a similar request. Nevertheless, it is safe to assume that it will take at least a number of weeks, and some time thereafter for Defendants to review them and conduct any follow up discovery. In addition, on March 31, 2023, the parties filed a joint discovery-related motion under Local Civil Rule 37 in which Plaintiffs seek to require Defendants to supplement their response to an interrogatory. Dkt. No. 26 at 1. That motion further demonstrates the need for an extension of the class discovery period in this case. Extending the class discovery deadline by two months, from April 10, 2023, to June 9, 2023, will allow the Court to rule on the joint motion and provide Defendants with additional time to conduct class discovery regarding E.A. Therefore, the Court extends the discovery deadline to June 9, 2023. And because the Court is extending the deadline to conduct class-related discovery, the Court also extends the class certification motion deadline from May 10, 2023, to July 10, 2023.

## III.   CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion for Leave to File Amended Complaint. Dkt. No. 22. Plaintiffs shall electronically file the Amended Class Action Complaint, Dkt. No. 22-2, within seven days of the date of this Order. The deadline to conduct class-related discovery is extended to June 9, 2023, and the deadline to file a motion for class certification is extended to July 10, 2023.

Dated this 11th day of April, 2023.

Lauren King
United States District Judge