THE HONORABLE LAUREN KING

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| N.D. by and through his parents and co-guardians M.D. and T.D., and E.A., by and through his parents and co-guardians, P.A. and C.A., on behalf of a class of those similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>CHRIS REYKDAL, in his capacity as the SUPERINTENDENT OF PUBLIC INSTRUCTION and OFFICE OF THE SUPERINTENDENT OF PUBLIC INSTRUCTION, a Washington State agency,<br><br>Defendants. | No. 2:22-cv-01621-LK<br><br>**AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

**CLASS ACTION COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs, on their own behalf and on behalf of a class of those similarly situated, allege as follows against the Washington Office of Superintendent of Public Instruction (OSPI), an agency of the state of Washington.

## I.  INTRODUCTION

1. This is a class action to establish the rights of Plaintiffs N.D. and E.A. and the class they seek to represent to a free appropriate public education ("FAPE") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq.

2. Plaintiff N.D. is an individual with a disability who turned 21 years old in Summer of 2022. He was provided a FAPE under the IDEA by Seattle Public Schools, but as of the end of the extended school year (ESY) period on August 31, 2022, was denied his right to a continued FAPE as required under federal law by the IDEA until his 22nd birthday solely because he had exceeded the age cutoff the State of Washington has established at Wash. Admin. Code § 392.172A.02000(2)(c) pursuant to Wash. Rev. Code § 28A.155.020.

3. Plaintiff N.D., a resident of Washington, sues through his parents and guardians M.D. and T.D., because he lacks the right to sue or be sued other than through a guardian pursuant to Washington law and a court order appointing M.D. and T.D. as co-guardians. See Wash. Rev. Code. § 11.130.657(5).

4. Plaintiffs M.D. and T.D. are the natural parents and legal co-guardians of Plaintiff N.D.

5. Plaintiff N.D., a vulnerable adult, is identified by his initials because this Complaint discloses specific information about his disabilities and education and is information as to which he has a right of privacy. Plaintiffs M.D. and T.D. sue under their initials because disclosure of their identities would necessarily disclose the identity of N.D. IDEA cases are commonly litigated under pseudonym or initials with respect to the student with a disability and allowing only limited public access to educational records that are filed. *See, e.g., S.C. v. Katonah-Lewisboro Central Sch. Dist.*, 175 F. Supp. 3d 237, 241 n.4 (S.D.N.Y. 2016) (noting the exhibits and hearing transcript were filed under seal in IDEA case); 20 U.S.C. § 1232g(b) (Family Educational and Privacy Rights Act).

6. The termination of FAPE to Plaintiff N.D. was pursuant to a statute that affects only students with disabilities. Wash. Rev. Code § 28A.155.020 provides in relevant part that "the superintendent of public instruction shall require each school district in the state to insure an

appropriate educational opportunity for all children with disabilities between the ages of three and twenty-one, but when the twenty-first birthday occurs during the school year, the educational program may be continued until the end of that school year." Further, Wash. Admin. Code § 392.172A.02000(2) provides that "[a] student who is determined eligible for special education services shall remain eligible until … the student … has reached age twenty-one," and clarifies that "[t]he student whose twenty-first birthday occurs on or before August 31 would no longer be eligible for special education services."

7. Under the IDEA, Plaintiff N.D. is and was entitled to a FAPE through the age of 21, until the age of 22. 20 U.S.C. § 1412(a)(1)(B).

8. Plaintiff E.A. is an individual with a disability who will turn 21 years old in the summer of 2023. He is currently being provided a FAPE under the IDEA by Selah School District through at least June 10, 2023, but at the end of the school year as defined in Wash. Admin. Code § 392-121-031, on August 31, 2023, E.A. will be denied his right to a continued FAPE as required by the IDEA until his 22nd birthday solely because he will have exceeded the age cutoff the State of Washington has established at Wash. Admin. Code § 392.172A.02000(2)(c) pursuant to Wash. Rev. Code § 28A.155.020.

9. Plaintiff E.A., a resident of Washington, sues through his parents and guardians P.A. and C.A., because he lacks the right to sue or be sued other than through a guardian pursuant to Washington law and a court order appointing P.A. and C.A. as co-guardians. See Wash. Rev. Code. § 11.130.657(5).

10. Plaintiffs P.A. and C.A. are the natural parents and legal co-guardians of Plaintiff E.A.

11. Plaintiff E.A., a vulnerable adult, is identified by his initials because this Complaint discloses specific information about his disabilities and education and is information as to which he has a right of privacy. Plaintiffs P.A. and C.A. sue under their initials because disclosure of their identities would necessarily disclose the identity of E.A.

12.     Plaintiff E.A. would meaningfully benefit from additional special education and related services, including extended school year services (ESY) under the IDEA until his 22nd birthday in summer 2024.

13.     As set forth below, the denial of education to the Plaintiffs before they reach their twenty-second birthday violates the IDEA; therefore, the age limitations set forth in Wash. Rev. Code § 28A.155.020 and Wash. Admin. Code § 392.172A.02000 are unenforceable as contrary to federal law and invalid to the extent that they purport to authorize or require such denial.

## II.     JURISDICTION AND VENUE

14.     This Court has jurisdiction over Plaintiffs' claims and the parties pursuant to 28 U.S.C. § 1331 because such claims arise under federal law, specifically the IDEA, 20 U.S.C. § 1400 et seq.

15.     This Court has jurisdiction to award declaratory, preliminary, and permanent injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 65.

16.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the defendants reside in this district and the events and omissions giving rise to Plaintiffs' claims occurred in this district.

## III.     THE PARTIES

17.     Plaintiff N.D. is 21 years old and presently resides in Kirkland, Washington, within the Lake Washington School District. He moved from an out-of-state residential school, where he had been placed on an IEP by Seattle Public Schools since 2017, to an adult residential placement in Kirkland after Seattle Public Schools terminated educational services to him on August 31, 2022 due to him achieving the state age cutoff. Had N.D. not been improperly denied a FAPE as of August 31, 2022, he would have continued to reside in Seattle and receive educational services through Seattle Public Schools.

18.     Plaintiffs T.D. and M.D. reside in Seattle, Washington.

19.     Plaintiff N.D.'s eligibility category for special education services is Autism.

20. Plaintiff N.D. has not graduated from high school with a regular high school diploma and would meaningfully benefit from continued special education and related services under the IDEA.

21. Plaintiff E.A. is 20 years old and presently resides in Selah, Washington, within the Selah School District. E.A. will turn 21 years old in the summer of 2023, and will lose his right to access special education services through Selah School District on June 10, 2023.

22. Plaintiffs P.A. and C.A. reside in Selah, Washington.

23. Plaintiff E.A.'s eligibility category for special education services is Autism.

24. Plaintiff E.A. has not and will not graduate from high school with a regular high school diploma by the beginning of the 2023-24 school year and would meaningfully benefit from continued special education and related services under the IDEA.

25. Defendant Chris Reykdal is the Superintendent of Public Instruction in Washington State, and is charged with promulgating rules to implement the IDEA and to appropriate access to and participation in the general education curriculum for all students with disabilities in Washington. Wash. Rev. Code § 28A.155.090.

26. Washington receives federal funds under the IDEA for special education. As such, under the IDEA, Defendant OSPI is the state agency responsible for ensuring that the school districts provide appropriate special education services to Washington's residents. Specifically, 20 U.S.C. § 1407 provides that each State that receives IDEA funds must "ensure that any State rules, regulations, and policies relating to this chapter conform to the purposes of this chapter." OSPI is the state educational agency responsible for ensuring that compliance with the IDEA is met in Washington. See 20 U.S.C. § 1412(a)(11). Similarly, 20 U.S.C. § 1412(11)(A) requires that the State's primary educational agency "is responsible for ensuring that – (i) the requirements of this subchapter [referring to 20 U.S.C. §§ 1411-1419] are met."

### IV.    FACTUAL ALLEGATIONS

27. The IDEA mandates that a "free appropriate public education" shall be "available to all children with disabilities … between the ages of 3 and 21, inclusive…" 20 U.S.C.

§ 1412(a)(1)(A). The federal circuit courts, including the Ninth Circuit, concur that eligibility under the IDEA for special education and related services ends when a student turns 22.[1]

28.     States may limit age eligibility for special education students between ages 18 and 21, however, only to the extent non-disabled students in these age ranges do not have public education available to them:

> The obligation to make a [FAPE] available to all children with disabilities does not apply with respect to children—
>
> (i)     Aged 3 through 5 and 18 through 21 in a State to the extent that its application to those children would be inconsistent with State law or practice, or the order of any court, respecting the provision of public education to children in those age ranges …

20 U.S.C. § 1412(a)(1)(B). Additionally, "[t]he obligation to make FAPE available to all children with disabilities does not apply with respect to . . . . [c]hildren with disabilities who have graduated from high school with a regular high school diploma." 34 C.F.R. § 300.102(a)(3)(i).

29.     Thus, under the IDEA, special education students between the ages of 18 and 21 who have not graduated from high school with a regular high school diploma may be denied a FAPE before they reach their 22nd birthdays only if the State does not provide a public education to non-disabled students in these age ranges.

30.     "Public education" in this context includes secondary education provided to adults under public supervision and direction. Nearly a decade ago, the Ninth Circuit held that state-funded high school diploma programs for adults who never graduated from high school constitute public education under 20 U.S.C. § 1412(a)(1)(B)(i), triggering the duty to provide FAPE through age 21 and ending at the student's 22nd birthday. *E.R.K. ex rel. R.K. v. Hawaii Dep't of Educ.*, 728 F.3d 982,

---

[1] See *K.L. v. Rhode Island Bd. Of Educ.*, 907 F.3d 639, 641 (1st Cir. 2018) (IDEA eligibility continues until a child with a disability turns 22); *L.A. Unified Sch. Dist. v. Garcia*, 669 F. 3d 956, 959 (9th Cir. 2012) (eligible children should receive services under the IDEA "until they turn twenty-two or receive a high school diploma"); *St. Johnsbury Acad. v. D.H.*, 240 F.3d 163, 168-169 (2d Cir. 2001) ("If the word 'inclusive' is to mean something, as it must, it means that the relevant period … ends on the last day of [the student's] 21st year (which culminates on his 22nd birthday)."); *Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ.*, 397 F.3d 77, 86 n.4 (2d Cir. 2005) ("[A] child remains eligible for a [free appropriate public education under IDEA until his 22nd birthday.").

984 (9th Cir. 2013). The Ninth Circuit concluded that Hawaii's provision of public GED instruction and a Competency Based program, which was aimed at helping adults obtain a high school diploma, constituted "public education" triggering the state's duty to provide a FAPE to disabled students who had not yet attained the age of 22. *Id.* at 993. The First and Second Circuits have similarly found that adult secondary education programs are "public education" within the meaning of 20 U.S.C. § 1412(a)(1)(B).

31.     Specifically, the First Circuit concluded that Rhode Island violated the IDEA by barring disabled students from accessing a FAPE on their 21st birthday. *K.L. v. Rhode Island Bd. of Educ.*, 907 F.3d 639 (1st Cir. 2018). Rhode Island claimed that this provision did not violate the IDEA because its publicly-funded adult education programs—which were created to help adults finish their high school degrees and for which no equivalent existed for disabled person—did not constitute a "public education." *Id.* at 647–648. That court held that a program constitutes "public education" when there is 1) public funding, 2) public administration or oversight, and 3) the "education of students to the academic competence ordinarily associated with completion of secondary school." *Id.* at 647. Rhode Island's adult education program met all three criteria, and therefore Rhode Island's age restriction violated the IDEA. *Id.* at 652.

32.     The Second Circuit held that a Connecticut law violated the IDEA by providing non-disabled adults with access to "secondary school completion programs," with no age limitations, while cutting off disabled students' access to FAPE at the end of the school year after the student turns 21. *A.R. v. Conn. State Bd. of Educ*. 5 F.4th 155, 158, 166–67 (2d Cir. 2021). The court affirmed the district court's order permanently enjoining Connecticut from terminating, on the basis of age, from students who had not received a regular high school diploma before reaching age 22 and awarding compensatory education to those class members between ages 21 and 22 who had been denied a FAPE on the basis of age. *Id.* at 159.

33.     Just like Hawaii, Rhode Island, and Connecticut, Washington also provides "public education" to adults. Washington's community and technical colleges are empowered to "issue a high school diploma or certificate" to adults who meet the requirements for high school completion.

Wash. Rev. Code. § 28B.50.535(1). Additionally, the Washington State Board for Community and Technical Colleges (SBCTC) is charged with adopting rules governing the eligibility of persons over sixteen "to take a test to earn a high school equivalency certificate, rules governing the administration of the test, and rules governing the issuance of a high school equivalency certificate to persons who successfully complete the test." Wash. Rev. Code § 28B.50.536(1); see also Wash. Admin. Code ch. 131-48 (rules setting forth "policies and procedures governing the administration of the high school equivalency test and the issuance of high school equivalency certificates for persons who have not graduated from high school and are not enrolled in a regular or alternative high school program," Wash. Admin. Code § 131-48-020). "A high school equivalency certificate is a certificate issued jointly by the college board and the office of the superintendent of public instruction that indicates that the holder has attained standard scores at or above the minimum proficiency level prescribed by the college board on a high school equivalency test." Wash. Rev. Code § 28B.50.536(2).

34. Washington offers high school equivalency programming through the High School+ (HS+) program, formerly labeled as the High school 21+ program. The HS+ program is advertised as a program targeting "[a]dults who are at least 18 years old and need a high school diploma," who, through the HS+ program, "now have another way to get one—through High School+, a program that turns life experience into credits toward a high school diploma."[2] High School+ is described as "a competency-based high school completion program . . . which allows students to obtain a high school diploma and then transition into postsecondary education."[3]

35. Washington's community and technical colleges also offer GED classes to prepare students to take the GED tests, which when completed successfully, result in a certificate showing the student has the same level of knowledge as a high school graduate.

---

[2] *See* Ex. A, Washington's Community and Technical Colleges: High School+, *available at* https://www.sbctc.edu/colleges-staff/programs-services/high-school-plus/ (follow HS+ Program Brief hyperlink) (last visited Nov. 9, 2022).

[3] *See* Ex. B, 2019-20 Narrative Report, Washington State (provided by Julie Walter, Public Records Officer for the Washington State Board for Community and Technical Colleges on June 17, 2022).

36. High school equivalency tests and GED classes are not the only public secondary educational offering for adults in the state. Indeed, Washington's College Board is tasked by the state legislature with ensuring that each college district (the state is divided into thirty college districts; see Wash. Rev. Code. § 28B.50.040) offers "thoroughly comprehensive educational, training, and service programs" to meet the needs of its community, "including basic skills and general, family, and workforce literacy programs and services." Wash. Rev. Code § 28B.50.090(3)(a). To this end, Washington's community and technical colleges offer Basic Education for Adults ("BEdA") programs, including the HS+ program.

37. Another BEdA program includes Washington's Integrated Basic Education and Skills Training (I-BEST) job training program, which "uses a team-teaching approach" enabling "students [to] jump into job-training and academic programs, gaining basic skills and earning a high school diploma along the way."[4] And Washington's Integrated Digital English Acceleration (I-DEA) program "uses an integrated approach to teach students English and digital literacy in preparation for college or the workforce."[5] Community and technical colleges also offer English as a second language (ESL) classes "for adults who want to improve their reading, writing, speaking, math, listening or employability skills in English."[6] And Adult Basic Education (ABE) programs are designed to improve reading, writing, and math skills "for students who have skills that are below the level of a high school graduate."[7]

38. The community and technical colleges that offer ABE, ESL, GED /high school equivalency (HSE), or HS+ programs are set forth on the SBCTC's website and show that all 34 of

---

[4] Ex. C, Washington's Community and Technical Colleges: Basic Education for Adults (Nov. 2021), *available at* https://www.sbctc.edu/about/facts-publications/ (scroll to "Basic Education for Adults" heading and follow hyperlink titled "Basic Education for Adults [PDF]-Facts and Innovations") (last visited Nov. 9, 2022).

[5] *Id.*

[6] Ex. D, Wash. State Bd. for Cmty. & Tech. Colleges, Basic Education for Adults, https://www.sbctc.edu/becoming-a-student/basic-education/adult-basic-education-student (navigate to Programs and Services, expand "English as a Second Language") (last visited Nov. 9, 2022).

[7] Ex. E, Wash. State Bd. for Cmty. & Tech. Colleges, Basic Education for Adults, https://www.sbctc.edu/becoming-a-student/basic-education/adult-basic-education-student (navigate to Programs and Services, expand "Reading, Writing, Math Foundations and Employability Skills") (last visited Nov. 9, 2022).

AMENDED COMPLAINT - 9

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

Washington's community and technical colleges offer ABE, ESL, GED/HSE, and HS+ programming. Compare Explore Our Colleges: Ready to learn more about Washington's 34 community and technical colleges?, https://www.sbctc.edu/our-colleges/explore-colleges/ (listing Washington's community and technical colleges) (last visited Nov. 11, 2022) with Providers of Basic Education for Adults, https://www.sbctc.edu/colleges-staff/programs-services/basic-education-for-adults/providers (showing which BEdA programs are offered at which providers) (last visited Nov. 11, 2022). These programs are consistent with "[t]he major purposes of adult education in the state of Washington," which "are to raise the educational level of adults in the state who have not obtained an education consistent with their ability to learn and to provide adults disadvantaged through lack of a high school diploma with the opportunity to complete their high school education and to obtain proper recognition for it." Wash. Admin. Code § 180-72-040(1). Each year, these adult basic education programs are delivered to tens of thousands of students across Washington, a number that includes students who have passed their twenty-first birthday and have not yet reached their twenty-second birthday.

39. Washington's BEdA programs have course fees that may be waived for those who cannot pay. Wash. Rev. Code § 28B.15.520(1); Wash. Admin. Code § 131-28-026(4)(a). The SBCTC has set course fees for basic skills courses to be $25 per student per quarter and allows colleges the flexibility to waive the $25 charge for students who cannot pay. Wash. State Bd. Cmty. & Tech. Coll., Resolution 04-03-03, available at https://www.sbctc.edu/resources/documents/colleges-staff/programs-services/tuition/fees/waivers/ tuition-waiver-resolution-04-03-03.pdf (annotated as amended on May 6, 2004 by Wash. Admin. Code § 131-28-026).

40. Such tuition waivers are commonly employed across Washington. For example, according to data provided by the SBCTC in response to a public records request, in 2018–19, over $52 million dollars of fees were waived for GED instruction and Adult Basic Education, while just over $1.2 million dollars were received from the $25 per quarter operating fees. In each of the three most recent academic years, between 96 and 97.7 percent of total fees were waived. Put differently,

the nominal fee of $25 per quarter is commonly waived for adult students pursuing secondary education.

## V. CLASS ALLEGATIONS

41. Plaintiffs N.D., through Plaintiffs T.D. and M.D. and E.A., through P.A. and C.A., bring this action on their own behalves and on behalf of a class of those similarly situated pursuant to Rule 23(b)(1) and/or (b)(3) of the Federal Rules of Civil Procedure. The proposed plaintiff class consists of:

> All individuals who turned 21 within two years before the filing of this action or will turn 21 during the pendency of this action who are provided or were provided a FAPE under the IDEA by any school district in Washington and who but for their turning 21 would otherwise qualify or would have qualified for a FAPE because they have not or had not yet graduated from high school with a "regular high school diploma" as defined at 34 C.F.R. § 300.102(a)(3)(iv) ("the Plaintiff Class").

42. Membership in the Plaintiff Class is so numerous that joinder of all members is impractical. There are hundreds or thousands of Washington students who are receiving or have received a FAPE under the IDEA who are, were during the applicable limitations period, or will be between the ages of 21 and 22 and who, but for their age, would otherwise qualify or would have otherwise qualified for FAPE.

43. Common questions of law and fact exist, including the overarching issue of whether Wash. Rev. Code § 28A.155.020, Wash. Admin. Code § 392-172A-02000(2), and OSPI's enforcement of that statute and regulation as to Plaintiff N.D. and the Plaintiff Class violates the IDEA.

44. The claims and injuries of Plaintiffs N.D. and E.A. are typical of the claims and injuries of the other members of the Plaintiff Class. Plaintiff N.D. was denied any further FAPE based on his age and was injured by this denial as he no longer received a FAPE despite being eligible to receive a FAPE under the IDEA until his 22nd birthday in Summer of 2023. Plaintiff E.A. will be denied a FAPE after June 10, 2023, because he will turn 21 in the summer of 2023, despite

being eligible to receive a FAPE under the IDEA until his 22nd birthday in summer of 2024. These are the same injuries that members of the Plaintiff Class have suffered, are suffering, or will imminently suffer unless this Court grants relief.

45. Plaintiffs N.D., through Plaintiffs T.D. and M.D. and E.A., through Plaintiffs P.A. and C.A., will fairly and adequately represent and protect the interests of the Plaintiff Class. Plaintiffs intend to prosecute this action vigorously to secure remedies for the Plaintiff Class. Counsel of record for Plaintiffs are experienced in federal civil rights litigation, including IDEA claims, and class actions.

46. Certification of the Plaintiff Class is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because prosecution of separate actions by individual members of the Plaintiff Class against OSPI may establish incompatible standards of conduct for OSPI. If the claims brought in this action were litigated numerous times, it is possible that some members of the Plaintiff Class would be entitled to greater IDEA benefits than other members of the Plaintiff Class.

47. Certification of the Plaintiff Class is also appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because OSPI has acted or refused to act on grounds that apply generally to the Plaintiff Class and final injunctive or declaratory relief is appropriate for the Plaintiff Class as a whole.

48. Plaintiffs further contend that their claims for compensatory education are certifiable under Rule 23(b)(3) for at least the same reasons stated in *A.R. v. Connecticut State Bd. Of Educ.*, No. 3:16-CV-01197 (CSH), 2020 WL 2092650, at *12 (D. Conn. May 1, 2020).

## VI.    FIRST CLAIM FOR RELIEF—VIOLATION OF THE IDEA

49. Plaintiffs repeat and reallege each and every allegation above as if fully set forth.

50. Under the IDEA, OSPI is obliged to provide a FAPE to all individuals with disabilities, who have not graduated high school with a regular high school diploma, until such individuals reach their 22nd birthday unless to do so would be "inconsistent with State law or practice … respecting the provision of public education to children" in that age rage. 20 U.S.C. § 1412(a)(1)(B).

51. Wash. Rev. Code § 28A.155.020 is not a law that relates to the provision of public education in general. Rather it applies solely to special education students. There is no comparable law or regulation of general applicability that imposes an age limit of 21 for the entitlement to public education. Similarly, the age limitation in Wash. Admin. Code § 392.172A.02000 also applies only to special education students.

52. Providing students with disabilities in Washington a FAPE until the age of 22 would not be inconsistent with any Washington law or practice respecting the provision of public education in general to individuals over the age of 21.

53. To the contrary, Washington, as a matter of both law and practice, provides a public education to individuals over the age of 21, including to adults who have reached their 21st birthdays but have not reached their 22nd birthdays through, at a minimum, BEdA programs, including GED/HSE instruction, ESL, ABE, and HS+ programs, which are delivered annually to tens of thousands of students statewide and include instruction aimed to help students achieve the competence ordinarily associated with the completion of secondary school.

54. These adult education programs are paid for by public funds and the nominal course fees of $25/quarter may be, and commonly are, waived. These adult education programs are provided under public supervision and control.

55. Thus, the default age limitation of the IDEA continues to apply because students without disabilities who are over the age of 21 in Washington can still pursue the equivalent of public high school education through Washington's BEdA programs.

56. OSPI's refusal to ensure the provision of a FAPE to Plaintiffs N.D. and E.A. and the members of the Plaintiff Class until they reach the age of 22 violates the IDEA.

57. OSPI has also violated 20 U.S.C. § 1407 by not ensuring that its regulations conform to the IDEA and 20 U.S.C. § 1412(11) by failing to ensure that Washington school districts are meeting the requirements of 20 U.S.C. § 1412(a)(1)(B).

\* \* \*

**WHEREFORE,** Plaintiffs pray that this Court:

(a) Find and declare that OSPI's refusal to ensure the provision of FAPE to Plaintiff N.D., Plaintiff E.A., and the members of the Plaintiff Class on account of their age violates the IDEA;

(b) Find and declare that, by this conduct, OSPI has violated 20 U.S.C. § 1407 and 20 U.S.C. § 1412(11);

(c) Find and declare that Wash. Rev. Code § 28A.155.020 and Wash. Admin. Code § 392.172A.02000 are invalid as contrary to the IDEA to the extent they do not ensure eligible students receive a FAPE until they turn 22;

(d) Enjoin OSPI from allowing the termination of FAPE, and enjoin OSPI to ensure the immediate provision of FAPE as to Plaintiff N.D. and the members of the Plaintiff Class who have not yet turned 22;

(e) Award compensatory education to Plaintiffs N.D., E.A., and members of the Plaintiff Class to the extent they have already been unlawfully denied a FAPE;

(f) Award Plaintiffs their reasonable attorney's fees, costs, and expenses under any applicable law; and,

(g) Grant such other and further relief as this Court deems just and proper.

Dated: April 18, 2023                    Respectfully submitted,

By:  /s/ *Ian Crosby*
Ian Crosby, WSBA 28461
icrosby@susmangodfrey.com
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

|   |   |
|---|---|
| By: | /s/ *Lara Hruska* |
|  | Lara Hruska, WSBA 46531 |
|  | lara@cedarlawpllc.com |
|  | Alex Hagel, WSBA 55423 |
|  | alex@cedarlawpllc.com |
|  | Kaitlin Leifeur-Masterson, Rule 9 |
|  | kaitlin@cedarlawpllc.com |
|  | CEDAR LAW PLLC |
|  | 113 Cherry Street, PMB 96563 |
|  | Seattle, WA 98104 |
|  | Telephone: (206) 607-8277 |
|  | Facsimile: (206) 237-9101 |

*Attorneys for Plaintiff*

### **CERTIFICATE OF SERVICE**

I hereby certify that on this day I caused the foregoing document to be served, via electronic mail, per agreement, on the following:

S. TODD SIPE, WSBA #23203
ELANA S. MATT, WSBA #37719
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744
Todd.Sipe@atg.wa.gov
Elana.Matt@atg.wa.gov
*Counsel for Defendants*

I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

DATED this 18th day of April 2023, at Seattle Washington.

/s/ *Ian B. Crosby*
Ian B. Crosby, WSBA #28461