UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

N.D., *et al.*,

                Plaintiffs,

    v.

CHRIS REYKDAL, *et al.*,

                Defendants.

Case No. C22-1621-LK-MLP

ORDER

       This matter comes before the Court on reference from the Honorable Lauren King on the parties' "LCR 37 Joint Submission Regarding Interrogatory No. 8." (Dkt. # 26.) This Court heard oral argument from the parties on April 19, 2023. (Dkt. # 32.) At issue, Plaintiff N.D. seeks an Order from the Court requiring Defendants Chris Reykdal and the Washington State Office of the Superintendent of Public Instruction (collectively, "Defendants") to supplement their response to Interrogatory No. 8, which seeks clarification from Defendants as to a statement made in the parties' joint status report and discovery plan ("JSR"). (Dkt. # 26 at 1.)

       In the parties' JSR, Defendants disagreed that the facts involved in this case are equivalent to those at issue in *E.R.K. ex rel. R.K. v. Hawaii Dep't of Educ.*, 728 F.3d 982 (9th Cir. 2013), and that instead, *E.R.K.* supported Defendants' position. (Dkt. # 16 at 3 ("Defendants dispute . . . [Plaintiffs'] argument that the facts involved in the referenced Circuit Court cases are

ORDER - 1

indistinguishable from those at issue here. To the contrary. Defendant[s] believe that the referenced Ninth Circuit ruling in fact supports Defendants' position.").) As a result, and as a part of class-certification discovery authorized by Judge King (*see* dkt. # 17), Plaintiff propounded Interrogatory No. 8 to Defendants:

> INTERROGATORY NO. 8: Please state the complete factual and legal basis of your contention in the parties' [JSR] that [*E.R.K.*] "in fact supports Defendants' position."
>
> ANSWER: Defendants object on the basis that this question calls for the mental impressions, conclusions, opinions, and legal theories of defense counsel. This information is work product and not discoverable under Fed. R. Civ. P. 26(b)(3). Defendants object that this Interrogatory is premature because it seeks information about Defendants' contentions. *See Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 WL 12844083, at *2 (E.D. Wash. Jan. 18, 2012) (contention interrogatories "are improper when propounded too early in the lawsuit—i.e., before designated discovery is complete or a pre-trial conference has been had—unless the serving party demonstrates that the information sought could, among other things, expose a substantial basis for filing dispositive motions"). Subject to and without waiving the foregoing objections, Defendants answer as follows.
>
> [*E.R.K.*] held that a "'free public education' is one that is 1) provided at public expense, under public supervision and direction, and without charge; and 2) involves preschool, elementary, or secondary education." [citation omitted.] The basis for Defendants' contention in the [JSR] includes, without limitation, that the adult education programs identified in the Complaint are, at minimum, not "without charge" and therefore do not constitute "free public education" as defined in [*E.R.K.*], and Hawaii's statutory framework and the programs at issue in that case differ from Washington's education laws and the programs identified by Plaintiffs in this case.

(Dkt. # 26 at 3.)

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Rule 33 further provides that "[a]n interrogatory may relate to

ORDER - 2

any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . . ." Fed. R. Civ. P. 33(a)(2).

Here, the Court finds that Defendants' response to Interrogatory No. 8 clearly provides some basis for their belief that *E.R.K.* was distinguishable and/or supported Defendants' position taken in the parties' JSR. Defendants aver that the State of Washington's adult education services identified by Plaintiff's action are not without charge, unlike the State of Hawaii's adult education services considered by the Ninth Circuit in *E.R.K.* The Court finds that Defendants provided sufficient factual bases as to this distinguishing factor. Defendants also aver, however, that the statutory framework and the programs at issue in *E.R.K.* differs from Washington's education laws and the programs identified in this case. (*See* dkt. # 26 at 3.) Defendants' response fails to elaborate on the differences they find in the statutory frameworks and programs of Hawaii and Washington.

Rule 33(a)(2) allows a party to discover an opponent's view regarding how particular facts support a defense. *See* Fed. R. Civ. P. 33(a)(2); *see also Wilkerson v. Vollans Auto., Inc.*, 2009 WL 1373678, at *1 (W.D. Wash. 2009). Defendants' response therefore should be supplemented to plainly include any factual bases relied on for Defendants' position that—at the time of the JSR—*E.R.K.* was distinguishable and/or supports Defendants in this case. Because the scope of Interrogatory No. 8 is also narrow, as it relates only to Defendants' representation in the JSR, such information is not otherwise dependent on any ongoing or since completed discovery.

Accordingly, based on the parties' joint LCR 37 submission and oral argument, Defendants are directed to supplement their response to Interrogatory No. 8 by **April 26, 2023** to

ORDER - 3

include any factual bases relied on at the time of the JSR for Defendants' position that *E.R.K.* is distinguishable from the instant matter and/or supports Defendants in this case.

The Clerk is directed to send copies of this Order to the parties and to the Honorable Lauren King.

Dated this 20th day of April, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 4