The Honorable Lauren King

1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6

7  N.D. et al., on behalf of a class of those
   similarly situated,

No. 2:22-cv-01621-LK

8                              Plaintiffs,

**Plaintiffs' Motion for Class Certification**

9

v.

10

CHRIS REYKDAL, in his capacity as the

NOTE ON MOTION CALENDAR:

11 SUPERINTENDENT OF PUBLIC
   INSTRUCTION and OFFICE OF THE

August 4, 2023

12 SUPERINTENDENT OF PUBLIC
   INSTRUCTION, a Washington State agency,

Oral Argument Requested

13

14                              Defendants.

15

16

17

18

19

20

21

22

23

24

25

26

27

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

# TABLE OF CONTENTS

I. Introduction ................................................................................................................1

II. Proposed Class Definition ..........................................................................................2

III. Facts .............................................................................................................................3

    A. The IDEA's Age-Eligibility Provision and Washington's Publicly Funded Adult Education ...........................................................................3

    B. The Class Representatives ...............................................................................4

IV. Argument .....................................................................................................................5

    A. The proposed class satisfies the requirements of Rule 23(a). ........................5

        1. The proposed class is sufficiently numerous. ....................................6

        2. There are questions of law and fact common to the proposed class. .................................................................................................8

        3. The named plaintiffs' claims are typical of the those of the absent class members. ...............................................................................9

        4. The named plaintiffs are adequate class representatives. ................12

    B. The proposed provisional class satisfies the requirements of Rule 23(b)(2) for seeking injunctive and declaratory relief. ...............................12

    C. Should the Court deem it necessary, certification is also appropriate under Rule 23(b)(3). .................................................................................14

V. Conclusion .................................................................................................................16

Plaintiffs' Motion for Class Certification - ii

No. 2:22-cv-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

1

# TABLE OF AUTHORITIES

2

Cases

3

4

*A.R. v. Connecticut State Bd. of Educ.*,
  No. 3:16-CV-01197 (CSH), 2020 WL 2092650 (D. Conn. May 1, 2020) ..................... *passim*

5

*A.R. v. Connecticut State Bd. of Educ.*,
  5 F.4th 155 (2d. Cir. 2021) ........................................................................................4

6

7

*B.K. by next friend Tinsley v. Snyder*,
  922 F.3d 957, 969-70 (9th Cir. 2019) .......................................................................10

8

*E.R.K. v. State of Hawaii Dep't of Educ.*,
  728 F.3d 982 (9th Cir. 2013) ............................................................................ *passim*

9

10

*Forcellati v. Hyland's, Inc.*,
  2014 WL 1410264 (C.D. Cal. Apr. 9, 2014) ............................................................10

11

12

*G ex rel. RG v. Fort Bragg Dependent Schools*,
  343 F.3d 295 (4th Cir. 2003) ....................................................................................13

13

14

*Gen. Tel. Col. of the Nw., Inc. v. EEOC*,
  446 U.S. 318 (1980).....................................................................................................6

15

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir.1998) ...............................................................................8, 12

16

17

*Harris v. Palm Springs Alpine Ests., Inc.*,
  329 F.2d 909 (9th Cir. 1964) .......................................................................................6

18

19

*Johnson v. City of Grants Pass*,
  50 F.4th 787 (9th Cir. 2022) ........................................................................................6

20

*K.L. v. Rhode Island Bd. of Educ.*,
  907 F.3d 639 (1st Cir. 2018)........................................................................................4

21

22

*K.O. v. Mueller*,
  No. 0:21-cv-1837-PJS-DJF (D. Minn. Sept. 29, 2022) ...........................................14

23

24

*Meyer v. Portfolio Recovery Assocs., LLC*,
  707 F.3d 1036 (9th Cir. 2012) ...............................................................................9, 13

25

*R.P. ex rel. C.P. v. Prescott Unified Sch. Dist.*,
  631 F.3d 1117 (9th Cir. 2011) ...................................................................................13

26

27

*R.P.-K. ex rel. C.K. v. Dep't of Educ, Haw.*,
  272 F.R.D. 547 (D. Haw. 2011)............................................................................ *passim*

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

*Rodriguez v. Hayes*,
  578 F.3d 1032 (9th Cir.2009) ...........................................................................8, 13

*Simpson v. Fireman's Fund Ins. Co.*,
  231 F.R.D. 391 (N.D. Cal. 2005) .............................................................................10

*Vaquero v. Ashley Furniture Industries*,
  Inc., 824 F.3d 1150 (9th Cir. 2016) .........................................................................15

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011) .....................................................................................................9

*Zinser v. Accufix Rsch. Inst., Inc.*,
  253 F.3d 1180 (9th Cir.), *opinion amended on denial of reh'g,* 273 F.3d 1266
  (9th Cir. 2001) ............................................................................................................13

<u>Statutes</u>

Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400–1419 ............................... *passim*

Wash. Rev. Code § 28A.155.020................................................................................1, 8, 9

Wash. Rev. Code § 28A.230.090................................................................................12

Wash. Rev. Code § 28B.50.535(1) .............................................................................3

Wash. Rev. Code § 28B.50.536(1) .............................................................................4

<u>Other Authorities</u>

34 C.F.R. § 300.102(a)(3) ...............................................................................11, 12, 13

34 C.F.R. § 300.503(b)(1)–(3) ...................................................................................11

Fed. R. Civ. P. 23 ........................................................................................... *passim*

Office of Financial Management, *Kindergarten through grade 12 (K-12)*
  *enrollment,* https://ofm.wa.gov/washington-data-research/statewide-
  data/washington-trends/budget-drivers/kindergarten-through-grade-12-k-12-
  enrollment ......................................................................................................7

OSPI, *English Language Arts Learning Standards,* https://www.k12.wa.us/student-
  success/resources-subject-area/english-language-arts/english-language-arts-
  learning-standards ..........................................................................................5

*Report Card Enrollment 2022-23 School Year*,
  https://data.wa.gov/education/Report-Card-Enrollment-2022-23-School-
  Year/dij7-mbxg ..............................................................................................7

United States Census Bureau, *Quick Facts Hawaii,*
    https://www.census.gov/quickfacts/HI ...............................................................8

United States Census Bureau, *Quick Facts Washington,*
    https://www.census.gov/quickfacts/fact/table/WA/..........................................8

Unites States Census Bureau, *Quick Facts Connecticut,*
    https://www.census.gov/quickfacts/CT ............................................................8

Wash. Admin. Code § 392-121-031 ............................................................................1

Wash. Admin. Code § 392-172A-0200(2)(c) ......................................................1, 8, 9

Wash. Admin. Code § 392-172A-01175 ......................................................................6

*Washington State Report Card,*
    https://washingtonstatereportcard.ospi.k12.wa.us/ReportCard/ViewSchoolOrDis
    trict/103300 ......................................................................................................7

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

# I.    INTRODUCTION

This Court should certify a declaratory and injunctive class of disabled young people challenging the State of Washington's policy of terminating special education services regardless of need prior to age 22 in plain violation of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400–1419. The named plaintiffs in this action — N.D. and E.A. — are individuals with cognitive and behavioral impairments who are presumptively entitled to receive a free appropriate public education ("FAPE"), as defined in 20 U.S.C. § 1401(9) of the IDEA, until they turn 22. Defendants Chris Reykdal and the Office of Superintendent of Public Instruction (collectively "OSPI") are charged by law with ensuring that the Local Educational Agencies ("LEAs") — *i.e.* school districts — they oversee fulfill this obligation. But state law and regulations that Defendants administer have operated to terminate access to special education throughout the state of Washington for students well before they turn 22 — including N.D. and (soon) E.A. They accordingly seek to represent a class of similarly-situated individuals to ensure that: (1) all class members who are not yet 22 continue to receive special education and related services until that age as required by the IDEA; and (2) all class members whose special education was terminated prematurely from two years before the filing of this action until entry of final judgment receive compensatory education.

The class members' eligibility to receive a FAPE under state law has been or will be extinguished prior to age 22 regardless of their individual circumstances by Wash. Rev. Code § 28A.155.020 and Wash. Admin. Code § 392-172A-02000(2)(c). Those laws purport to limit the obligation of Defendants and the LEAs they oversee to provide special education to the end of the school year in which a student turns 21. *See* Wash. Admin. Code § 392-121-031 (defining "school year" as "the period commencing on the first day of September of one calendar year and ending the last day of August on the ensuing calendar year"). However, under long-standing Ninth Circuit precedent, all class members are entitled to special education and related services under the IDEA until the age of 22 because Washington makes secondary education available at public expense to students of all ages through its adult education programs.

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

Class certification is appropriate under Federal Rule of Civil Procedure 23(a) because the proposed class meets the prerequisites of: (1) numerosity; (2) common issues of law or fact; (3) typicality; and (4) adequate representation. There are at least hundreds of individuals with disabilities who are, were, or during the pendency of this lawsuit will be aged 21 and therefore subject to having their special education services terminated before age 22 under Washington law. Whether the challenged statute and regulation may override the IDEA's default age limitation is a common issue of law that turns for every class member on the same facts regarding Washington's provision of secondary education to adults without disabilities of any age, including after the end of the school year in which they turn 21. The named Plaintiffs' claims are typical of those of the class because they allege the same claim and suffered the same injury: that the IDEA entitles them to special education and related services until they turn 22 and that OSPI threatens to or actually did deprive them of these services. Finally, the named Plaintiffs will adequately represent the class because they do not have any conflicts with any class members and are represented by counsel with extensive experience in class actions and special education law.

Class certification is appropriate under Rule 23(b)(2) because OSPI has "acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." OSPI has uniformly refused to require LEAs to provide special education until the age of 22 as required by the IDEA. To the extent necessary, class certification is also appropriate under Rule 23(b)(3) regarding the compensatory education claim.

## II.    PROPOSED CLASS DEFINITION

Plaintiff seeks certification of a plaintiff class defined as:

> All individuals who turned 21 during or after the 2019-2020 school year and had not yet turned 22 by two years before the filing of this action or will turn 21 during the pendency of this action who are provided or were provided a FAPE under the IDEA by any school district in Washington and who but for their turning 21 would otherwise qualify or would have qualified for a FAPE because they have not or had not yet graduated from high school with a "regular

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

high school diploma" as defined at 34 C.F.R. § 300.102(a)(3)(iv). ("The Class").[1]

### III.    FACTS

**A.    The IDEA's Age-Eligibility Provision and Washington's Publicly Funded Adult Education**

The IDEA mandates that a "free and appropriate public education" ("FAPE") shall be "available to all children with disabilities . . . between the ages of 3 and 21, inclusive . . . ." 20 U.S.C. § 1412(a). Eligibility under the IDEA for special education and related services ordinarily ends, therefore, when a student turns 22.

States may limit age eligibility for special education students, but only to the extent age eligibility is limited for public education generally:

> The obligation to make a [FAPE] available to all children with disabilities does not apply with respect to children—
>
> > (i) aged 3 through 5 and 18 through 21 in a State to the extent that its application to those children would be inconsistent with State law or practice, or the order of any court, respecting the provision of public education to children in those age ranges . . .

20 U.S.C. § 1412(a)(1)(B). Thus, if a state provides "public education" to students ages 18–21 (up to, or beyond, age 22), it must do so for *all* eligible special education students in those age ranges, because doing so would be consistent with state law. In sum, § 1412 functions as an anti-discrimination provision: where non-disabled students have access to publicly-funded education aimed at obtaining a secondary education, so should disabled students who require special education to obtain such an education.

In Washington, it is *entirely* consistent with state law to provide educational services to disabled students older than 21 because state law *mandates* that public secondary education be available to students of all ages. Washington's community and technical colleges are empowered to

---

[1] This proposed class differs slightly from the proposed class described in the First Amended Complaint (Dkt. No. 31), in order to ensure members whose 21st birthdays fall outside of the two years prior the filing of the complaint but would be entitled to FAPE within the two-year statute of limitation under the IDEA are appropriately included in the class. *See* 20 U.S.C. § 1415(f)(3)(C).

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

1    "issue a high school diploma or certificate" to adults who meet the requirements for high school

2    completion. Wash. Rev. Code § 28B.50.535(1). Additionally, the Washington State Board for

3    Community and Technical Colleges ("SBCTC") is charged with the duty to "adopt rules governing

4    the eligibility of persons sixteen years of age and older to take a test to earn a high school equivalency

5    certificate, rules governing the administration of the test, and rules governing the issuance of a high

6    school equivalency certificate to persons who successfully complete the test." Wash. Rev. Code

7    § 28B.50.536(1). SBCTC implements the above regulation through (at least) two adult secondary

8    education programs – the High School+ program, and the GED program. Dkt. No. 35-3, at 10–11

9    (SBCTC Dep. 19:6-8 & 20:10–15); *see also id.* at 27–28.

10         Adult education programs like Washington's have been held to trigger a state's duty to

11    provide a FAPE until the 22nd birthday. For example, the Ninth Circuit has held that a Hawaii law

12    purporting to limit eligibility for special education to age 20 was inconsistent with 20 U.S.C.

13    § 1412(a)(1)(B) when Hawaii provided non-disabled adults with public education programs that

14    were in all material respects identical to Washington's GED Program and High School+ Program.

15    *E.R.K. v. State of Hawaii Dep't of Educ.*, 728 F.3d 982 (9th Cir. 2013); *see* Dkt. No. 35, at 9–17.

16    The court therefore ruled that students with disabilities in Hawaii were entitled to a FAPE under the

17    IDEA until they reached the age of 22. *See E.R.K.*, 728 F.3d at 992. The First Circuit has similarly

18    held that Rhode Island regulations that purported to terminate the eligibility of students for special

19    education before they turned 22 were also inconsistent with the IDEA because Rhode Island provides

20    adults with public education programs. *K.L. v. Rhode Island Bd. of Educ.*, 907 F.3d 639 (1st Cir.

21    2018). The Second Circuit reached the same result regarding the same practice in Connecticut. *A.R.*

22    *v. Connecticut State Board of Education*, 5 F.4th 155 (2d. Cir. 2021). Those cases were all litigated

23    as class actions, just as this one should be.

24    **B.    The Class Representatives**

25         Plaintiff E.A. is currently a special education student who is receiving a FAPE pursuant to

26    the IDEA from a public school district in the State of Washington. P.A. Decl., Dkt. No. 35-1 ("P.A.

27    Decl.") ¶ 2. E.A. will turn 21 in the summer of 2023. P.A. Decl. ¶ 3. E.A.'s current Individualized

Plaintiffs' Motion for Class Certification - 4

No. 2:22-cv-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

Education Program ("IEP") provides — in the absence of termination due to his age under the challenged policy — for him to receive services through June 12, 2024, including extended school year services for the summer of 2023. Supp. P.A. Decl., Ex. A, at 19–28. It identifies his various academic goals as being "Non CCSS," *id*. at 8–9, that is, not aligned with the "Common Core State Standards" applicable to general education students in Washington.[2] E.A. has not received any prior written notice proposing to terminate his services based on any expectation that he will graduate with a regular high school diploma. *Id.* ¶ 5.

Plaintiff N.D. was a special education student who received a FAPE through a placement by a Washington public school district at a residential school outside the state until his placement was terminated on August 31, 2022, shortly after he turned 21. T.D. Decl.., Dkt. No. 35-2 ("T.D. Decl.") ¶¶ 3-4. N.D. never received a high school diploma. T.D. Decl. ¶ 5. His residential placement and access to a FAPE were terminated solely because his age made him ineligible under the same statute and regulations. T.D. Decl. ¶ 6.

After the termination of N.D.'s access to a FAPE through his prior residential placement, N.D. moved to in a different school district. T.D. Decl. ¶ 7. There, T.D. requested that N.D. be provided a FAPE through his local public schools. T.D. Decl. ¶ 8. The new school district specifically identified T.D.'s age and unspecified "regulations" as reasons to deny him a FAPE, even though he had not yet turned 22. T.D. Decl. ¶ 9.

## IV.    ARGUMENT

### A.    The proposed class satisfies the requirements of Rule 23(a).

"To satisfy the requirements of Rule 23(a), a putative class must meet four criteria: (1) numerosity of the class members; (2) commonality of the factual [or] legal issues; (3) typicality of the claims of the named plaintiffs; and (4) adequacy of representation." *R.P.-K. ex rel. C.K. v. Dep't*

---

[2] *See* OSPI, *English Language Arts Learning Standards,* https://www.k12.wa.us/student-success/resources-subject-area/english-language-arts/english-language-arts-learning-standards ("In 2011, Washington formally adopted the Learning Standards (Common Core State Standards) for English Language Arts (ELA) and Mathematics.") (last visited June 7, 2023).

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

*of Educ, Haw*., 272 F.R.D. 547 (D. Haw. 2011). The proposed class meets each of these requirements.

### 1. The proposed class is sufficiently numerous.

A proposed class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "'[I]mpracticability' does not mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Ests., Inc*., 329 F.2d 909, 913–14 (9th Cir. 1964). "When the exact number of class members cannot be ascertained, the court may make common sense assumptions to support a finding of numerosity." *R.P.-K.*, 272 F.R.D. at 547 (quotation omitted). While "[t]here is no specific number of class members required, classes of more than sixty are sufficiently large." *Johnson v. City of Grants Pass*, 50 F.4th 787, 803 (9th Cir. 2022).

Numerosity may also be satisfied where, even if the number of current class members is relatively small, joinder is "inherently impracticable" because the class also contains future members, or when specific facts of the case make joinder impractical. *See Gen. Tel. Col. of the Nw., Inc. v. EEOC,* 446 U.S. 318, 330 (1980); *R.P.-K.*, 272 F.R.D. at 548. "Further weighing in Plaintiffs' favor are the specific facts of [a] case … [in which a] class is comprised exclusively of learning-disabled youth. It is extremely unlikely that [such] individuals would bring individual actions challenging the validity of [a policy]." *Id.* (cleaned up).

The numerosity requirement is more than satisfied here. According to Defendants' interrogatory responses: "there are approximately 154 students who had IEPs, turned 21 before the beginning of the next school year, were receiving special education services as defined in Wash. Admin. Code § 392-172A-01175 when the student exited the reporting school district in June through August of the 2020-21 or 2021-22 school years, and for whom the reporting school district assigned an exit code" relating to the student's age. Hagel Decl., Ex. 3 at 8, Dkt. No. 35-3. Defendants have subsequently disparaged their own special education records as "unreliable," *see* Dkt. No. 36 at 7, because they include students who may have dropped out voluntarily. However, according to OSPI's own statistics, the drop-out rate for students with disabilities in Washington

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

was 15.2% for the 2021–2022 school year.[3] Accounting for that 15%, that would still leave 131 potential class members from the last two years. In case of doubt, OSPI's inability to provide reliable data when appropriately sought through discovery should be held against them — as it was in *R.P.-K.* ("Further, Defendant presumably has access to these exact numbers but chose not to provide them to the Court"). 272 F.R.D. at 548, n. 4.

In reality, the number is almost certainly much higher. In testimony submitted by OSPI, a Seattle Public Schools official claims that there are 43 students in just that district that will be included in the class for this year alone. *See Declaration of Devin Gurley,* Dkt. No. 38 at 13. With approximately 50,000 students, eligible class members would account for .086% of Seattle students. Extrapolating to the over one million students enrolled statewide,[4] the expected size of the current class is nearly 1,000 students.

This count does not even include future class members. There are currently 12,815 students with disabilities identified as being in the 12th grade cohort enrolled in public schools in Washington. All those students are at risk of being affected by the challenged policy in the next few years and are thus potential future class members.[5]

Other courts across the county have found the numerosity requirement met in nearly identical circumstances. In addition to *R.P.-K*, where the Hawaii district court found there to be "at least several hundred individuals in the purported class," the district court in Connecticut found that, for the year prior to its order, 204 students stopped receiving services because they reached the age of 21. *A.R. v. Connecticut State Bd. of Educ*., No. 3:16-CV-01197 (CSH), 2020 WL 2092650, at *4 (D. Conn. May 1, 2020). The Court recognized that "this number more than satisfies the numerosity

---

[3] *See Washington State Report Card*, https://washingtonstatereportcard.ospi.k12.wa.us/-ReportCard/ViewSchoolOrDistrict/103300 (statistics available under the "graduation" tab on the left) (last visited July 7, 2023).

[4] *See* Office of Financial Management, *Kindergarten through grade 12 (K-12) enrollment,* https://ofm.wa.gov/washington-data-research/statewide-data/washington-trends/budget-drivers/-kindergarten-through-grade-12-k-12-enrollment (1,077,339 students enrolled as of October 2022) (last visited July 7, 2023).

[5] *See Report Card Enrollment 2022-23 School Year*, https://data.wa.gov/education/Report-Card-Enrollment-2022-23-School-Year/dij7-mbxg (last visited July 7, 2023).

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

requirement with respect to the Class even without consideration of class members who aged out [of the IDEA eligibility] in 2016 through 2018 and future class members." *Id.* (internal quotation marks omitted, alteration in original). Common sense dictates that Washington[6], which has a larger population than both Hawaii and Connecticut[7] combined, would have *at least* as many students with disabilities as these sister states.

The specific facts of this case also warrant certification. Like the students in *R.P.-K,* the class is entirely composed of adult students whose significant disabilities prevent them from obtaining a regular high school diploma. It is "extremely unlikely" that all those students would be able to bring individual actions challenging the regulations or be able to seek compensatory education on their own. *R.P.-K.*, 272 F.R.D. at 548.

Taken together, OSPI's "unreliable" data, Seattle School District's admissions put in evidence by OSPI, common sense, and the needs of this particular class, should pose no dispute that a sufficiently numerous number of students eligible for special education in Washington public schools have been or will be denied special education under Wash. Rev. Code § 28A.155.020 and Wash. Admin. Code § 392-172A-0200(2)(c) despite not having reached age twenty-two. The proposed class in this case thus meets the prerequisite of numerosity for the same reasons as the class of students in *E.R.K.*

## 2. There are questions of law and fact common to the proposed class.

Rule 23 provides that there must be "questions of law or fact common to the class" for a class to be certified. Fed. R. Civ. P. 23(a)(2). Commonality is construed permissively. *Rodriguez v. Hayes*, 578 F.3d 1032, 1048 (9th Cir.2009) (citation omitted). "[A]ll questions of fact and law need not be common to satisfy the rule." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir.1998). "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core

---

[6] United States Census Bureau, *Quick Facts Washington,* https://www.census.gov/-quickfacts/fact/table/WA/PST045222 (last visited July 7, 2023).

[7] Unites States Census Bureau, *Quick Facts Connecticut,* https://www.census.gov/-quickfacts/CT, (last visited June 7, 2023). United States Census Bureau, *Quick Facts Hawaii,* https://www.census.gov/quickfacts/HI (last visited July 7, 2023).

of salient facts." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1041 (9th Cir. 2012) (quotation omitted). The common issue need only be "of such a nature that it is capable of classwide resolution — which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350 (2011). In this case, the sole claim of the Class raises common questions of both law and fact, including:

- Whether Wash. Rev. Code § 28A.155.020 and Wash. Admin. Code § 392-172A-0200(2)(c) are sufficient to override the IDEA's default age limitations in 20 U.S.C. § 1412(a)(1);

- Whether providing special education to students to the age of 22 would be inconsistent with any Washington law or practice respecting public education in general;

- Whether Washington provides public elementary and/or secondary education to students regardless of age; and

- Whether permanent injunctive relief and/or compensatory education are appropriate remedies for the OSPI's failure to comply with the IDEA.

As in *E.R.K.*, whether the regulation and statute at issue are "sufficient to override the IDEA's default age limitations in 20 U.S.C. § 1412(a) … is not just a significant issue common to the class, but it is the *only* issue in this litigation." *R.P.-K.*, 272 F.R.D. at 548 (original emphasis) (quotation marks omitted); *accord A.R. v. Connecticut State Bd. of Educ.*, No. 3:16-CV-01197 (CSH), 2020 WL 2092650, at *6 (D. Conn. May 1, 2020) ("It is evident that A.R.'s contention is common to all members of the purported class, which encompasses individuals in the state of Connecticut who— but for turning 21—would have qualified for a free appropriate public education under the IDEA until reaching the age of 22."). For the same reason, "[i]t is difficult to conceive of litigation that could present questions more common than those at issue here." *R.P.-K.*, 272 F.R.D. at 548.

### 3.    The named plaintiffs' claims are typical of the those of the absent class members.

Rule 23(c)(3) requires "the claims or defenses of the representative parties [to be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(c)(3). "The named plaintiff's representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need

not be substantially identical." *B.K. by next friend Tinsley v. Snyder*, 922 F.3d 957, 969–70 (9th Cir. 2019) (quotation omitted). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *B.K.*, 922 at 970 (quotation omitted). Typicality is a permissive standard and "the focus should be on the defendants' conduct and plaintiff's legal theory, not the injury caused to the plaintiff." *Simpson v. Fireman's Fund Ins. Co.*, 231 F.R.D. 391, 396 (N.D. Cal. 2005). Typicality is satisfied when the named plaintiffs' and absent class members' "injuries arise from a common wrong." *Forcellati v. Hyland's, Inc.*, 2014 WL 1410264, at *10 (C.D. Cal. Apr. 9, 2014).

In *E.R.K.*, the district court found that claims of named plaintiffs who "were denied a FAPE" on grounds of a statutory age limit were not just "necessarily typical of the entire class … of special education students who have been or could be denied [a] FAPE" for the same reason, "but nearly identical." *R.P.-K.*, 272 F.R.D. at 549. The same is true of the claims of E.A. and N.D. On their face, the regulation and statute at issue will operate to terminate E.A.'s eligibility to receive a FAPE on September 1, 2023, in the same way that they operated to terminate N.D.'s FAPE on September 1, 2022. T.D. Dec ¶ 4. And this is true for each and every member of the class. Each year, on September 1, members of the Class who will be 21 on August 31, 2023, and are currently receiving a FAPE from any school district in the state of Washington, will no longer be able to access special education because of the same generally applicable course of conduct perpetrated by OSPI and the LEAs it supervises. This is the essence of typicality under Ninth Circuit law. *See B.K. by next friend Tinsley v. Snyder*, 922 F.3d 957, 970 (9th Cir. 2019) ("By defining her claim based on the risk of harm caused by these policies — a cognizable constitutional injury under our precedent — B.K. has demonstrated that class members have similar injuries, based on conduct that is not unique to her, and caused by the same injurious course of conduct.").

The typicality of E.A.'s claims is not affected by Defendants' contention in opposition to Plaintiffs' pending motion for provisional class certification and a preliminary injunction that "E.A. is on track to graduate with a regular diploma at the end of this school year in August 2023." Dkt.

No. 36 at 9. The claim is baseless. Pursuant to 34 C.F.R. § 300.102(a)(3)(iii), "[g]raduation from high school with a regular high school diploma constitutes a change in placement, requiring written prior notice in accordance with § 300.503." Such prior written notice "must include … [a] description of the action proposed …; [a]n explanation of why the agency proposes … to take the action; [and a] description of each evaluation procedure, assessment, record, or report the agency used as a basis for the proposed … action …." 34 C.F.R. § 300.503(b)(1)–(3). No such prior written notice has issued proposing to change E.A.'s placement on the ground that he has graduated or will graduate with a "regular high school diploma." Supp. P.A. Decl. ¶ 5. He cannot receive such a diploma for purposes of the regulatory exception under 34 C.F.R. § 300.102(a)(3) to Defendants' obligation to provide E.A. with a FAPE until age 22 absent such notice.

Regardless, as demonstrated in Plaintiffs' reply brief in support of their preliminary injunction motion, whether that exception applies is not a "unique defense" to E.A.'s claim. *See* Dkt. No. 42, at 9–11 (citing *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). Moreover, as that brief also shows, the notion that any diploma E.A. might be awarded would substantively amount, as required, to the "the *standard* high school diploma awarded to the *preponderance of students* in the State that is *fully aligned with State standards*," 34 C.F.R. § 300.102(a)(3)(iv), is risible in view, among other things, of the express provision in E.A.'s IEPs that his academic goals are *not aligned* with the Common Core State Standards applicable to most Washington students. *See* Dkt. No. 42, at 6–8; Supp. P.A. Decl. Ex. A, at 8–9.

Defendants' improper argument in sur-reply[8] that "Washington provides multiple pathways to graduation, all of which are fully aligned with State standards," Dkt. No. 44, at 3, fails to acknowledge that "graduation" alone is insufficient to invoke the exception, or that the relevant "standards" are those that pertain to the "preponderance of students," *see* 34 C.F.R. § 300.102(a)(3)(ii) & (iv). The contention that "that learning accommodations and modifications … do not make their diplomas less 'regular,'" Dkt. No. 44 at 3–4, ignores that a qualifying "regular

---

[8] *See* LCR 7(g)(2) "The surreply … shall be strictly limited to addressing [a] request to strike."

Plaintiffs' Motion for Class Certification - 11

No. 2:22-cv-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

high school diploma shall not be aligned to the alternate academic achievement standards" that a state may provide for special education students, 34 C.F.R. § 300.102(a)(3)(iv). More fundamentally, any diploma that E.A. may receive cannot fulfill "[t]he purpose of a high school diploma" under Washington law "to declare that a student is ready for success in postsecondary education, gainful employment, and citizenship, and is equipped with the skills to be a lifelong learner," Wash. Rev. Code § 28A.230.090, when his school records objectively and conclusively demonstrate that he lacks any of those capacities. *See* Dkt. No. 42, at 1–3.

### 4.    The named plaintiffs are adequate class representatives.

The final prerequisite to class certification under Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). As in *E.R.K.*, "the named plaintiffs are represented by their parents who, according to their declarations, have all actively protected the rights of their children per the IDEA." *R.P.-K.*, 272 F.R.D. at 550; *see* P.A. Decl. ¶ 7; T.D. Decl. ¶ 8.

Also as in *E.R.K.*, "the focus of this litigation is not on the individual needs of any one student and whether these needs entitle them to a FAPE," but whether the challenged age-out policy "provides sufficient independent grounds to deny a FAPE irrespective of their unique needs." *Id.* It is thus equally unlikely "that in resolving this discrete legal issue a conflict would or could develop among the named Plaintiffs …." *Id.* Plaintiffs' counsel likewise have "significant experience in class action, civil rights and disability law litigation." *Id.*; *see* Crosby Decl., Dkt. No. 35-4; Hruska Decl., Dkt. No. 35-5. The adequacy requirement of Rule 23(a)(4) is therefore met in this case as well.

## B.    The proposed provisional class satisfies the requirements of Rule 23(b)(2) for seeking injunctive and declaratory relief.

When the requirements of Rule 23(a) are met, certification under Rule 23(b)(2) is appropriate when "the party opposing the class has acted or refused to act on grounds generally applicable to the

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). "Class certification under Rule 23(b)(2)" requires that "the primary relief sought is declaratory or injunctive." *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1195 (9th Cir.), *opinion amended on denial of reh'g,* 273 F.3d 1266 (9th Cir. 2001). "The rule does not require … examin[ing] the viability or bases of class members' claims for declaratory and injunctive relief, but only to look at whether class members seek uniform relief from a practice applicable to all of them." *Rodriguez v. Hayes*, 578 F.3d 1032, 1051 (9th Cir. 2009), *opinion amended and superseded on other grounds,* 591 F.3d 1105 (9th Cir. 2010). "It is sufficient to meet the requirements of Rule 23(b)(2) that class members complain of a pattern or practice that is generally applicable to the class as a whole." *Id.* (quotation and alteration omitted). "The plain language of FRCP 23(b)(2) does not restrict class certification to instances when final injunctive relief issues; it only requires that final injunctive relief be appropriate." *Meyer*, 707 F.3d at 1043.

Once again, certification of the class under Rule 23(b)(2) is proper here for the same reasons that the class was certified in *E.R.K.* Here, as there, apart from attorneys' fees, the Plaintiffs are seeking exclusively declaratory and injunctive relief. *Compare* Dkt. 31 at 14 (Amended Class Action Complaint) *with R.P.-K.*, 272 F.R.D. at 551 (quoting prayer in *E.R.K.*). The injunctive relief sought in *E.R.K.* included "[e]njoining the DOE from failing to provide FAPEs to Plaintiffs and the members of the class until they reach the age of 22." *Id.* The Plaintiffs here are seeking the same relief: to "[e]njoin OSPI from allowing the termination of FAPE" to "members of the Plaintiff Class who have not yet turned 22" based on the challenged policy. Dkt. 31 at 14.

In addition to a general injunction preventing OSPI from enforcing the relevant statutes and regulations, this suit also seeks a specific type of equitable/injunctive relief known as compensatory education. "Compensatory education is an equitable remedy that seeks to make up for educational services the child should have received in the first place, and aim[s] to place disabled children in the same position they would have occupied but for the school district's violations of IDEA." *R.P. ex rel. C.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1125 (9th Cir. 2011). *See also G ex rel. RG v. Fort Bragg Dependent Schools,* 343 F.3d 295, 309 (4th Cir. 2003) ("Compensatory education

involves discretionary, prospective, injunctive relief crafted by a court to remedy what might be termed an educational deficit created by an educational agency's failure over a given period of time to provide a FAPE to a student."). Indeed, both *R.P.-K.*, 272 F.R.D. 541, and a case from Minnesota, *K.O. v. Mueller,* No. 0:21-cv-1837-PJS-DJF (D. Minn. Sept. 29, 2022) (unpublished, Order attached as Appendix 1) certified nearly identical classes seeking compensatory education solely under Rule 23(b)(2).

Because the primary relief sought by the Class is injunctive and equitable in nature, certification under Rule 23(b)(2) is appropriate.

**C.     Should the Court deem it necessary, certification is also appropriate under Rule 23(b)(3).**

To the extent Plaintiffs' claims for compensatory education may not be certified under Rule 23(b)(2), they should be certified under Rule 23(b)(3). The district court in *A.R.,* for example, certified the compensatory education claims at issue there under Rule 23(b)(3) despite finding that those claims "turn on each child's individual circumstances" and thus "constitute individualized injunctive relief that is distinct from a single, uniform injunction that Rule 23(b)(2) envisions." 2020 WL 2092650 at *20. Despite this finding, it saw "no reason why the class members' compensatory education claims may not be separately certified under Rule 23(b)(3), which 'allows class certification in a much wider set of circumstances' and guarantees 'greater procedural protections.'" *Id.* at * 23 (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. at 362).

The same factors that compelled certification in *A.R.* are present here. The common issues to the class predominate over any questions affecting only individual class members. *A.R.* found:

> The class members' compensatory education claims depend on several common questions of law and fact including: (1) whether the Board is required under the IDEA to provide a free appropriate public education to class members until the age of 22 despite the age limitations established by Connecticut statute and regulations, (2) whether the Board generally provides public education to non-disabled individuals in the same age group, and (3) whether the Board's alleged violation of the IDEA obliges it to provide compensatory education to class members. These questions, which determine the Board's liability, can be resolved on a class-wide basis through generalized proof and do not depend on class members' individual circumstances.

Plaintiffs' Motion for Class Certification - 14

No. 2:22-cv-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

*A.R.,* 2020 WL 2092650, *25. Those same questions guide the liability analysis in this case too.

Here as well, the Court's analysis regarding liability centers on OSPI's conduct towards the class as a whole, all of whose members are equally subject to having their eligibility for special education before turning 22 under the same statute and regulation. The fact of OSPI's liability for this conduct can be determined using proof regarding provision of adult secondary education at public expense in general. While there may need to be some individual determinations about the amount and type of compensatory education each class member should receive, that does not defeat class certification, because the common issue of liability will be established class wide:

> [Ninth Circuit] precedent is well settled on this point … that damage calculations alone cannot defeat certification. That is, the amount of damages is invariably an individual question and does not defeat class action treatment. We have repeatedly confirmed … that the need for individualized findings as to the amount of damages does not defeat class certification.

*Vaquero v. Ashley Furniture Industries*, Inc., 824 F.3d 1150 (9th Cir. 2016) (cleaned up).

A class action under Rule 23(b)(3) is also a superior method of adjudicating the controversy. As the Court in *A.R.* explained:

> In the instant case, the interests of the class members — disabled students who might find it difficult to pursue their claims individually — would be best served by a single class action. This Court is a desirable forum for litigating the class members' compensatory education claims because a parallel class action seeking class-wide declaratory and injunctive relief would also be pending before the Court. Furthermore, just as it would be inefficient to have several hundred class members separately litigate the question of the Board's liability, it would be inefficient to have these class members separately litigate their entitlement to compensatory education arising out of the Board's class-wide denial of services under the IDEA.

2020 WL 2092650, *14. To that same end, as recognized by *A.R.*, this Court would have access to appropriate case-management tools, including the ability to appoint a special master or magistrate judge to handle the individual determinations of compensatory education, thus preserving judicial resources by not requiring the litigation of "hundred[s] of separately captioned actions" while simultaneously promoting uniformity of decisions for students that are similarly situated. *Id.* at * 27.

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

1

## V.    CONCLUSION

2      Plaintiffs in this case challenge the State of Washington's generally applicable practice of

3  ending special education prior to age 22 in clear violation of the IDEA under long-standing Ninth

4  Circuit law. They seek to enjoin OSPI from allowing the school districts it supervises to deny

5  ongoing or compensatory special education services to similarly situated persons on that ground.

6  Because the evidence shows the requisite numerosity, commonality, typicality, adequacy, and that

7  the requirements of Rule 23(b)(2) and (b)(3) are met, certification of a class is appropriate.

8

9

10  Dated: July 10, 2023.                    Respectfully submitted,

11                              By:  /s/ Ian B. Crosby
                                    Ian B. Crosby, WSBA 28461
12                                   icrosby@susmangodfrey.com
                                    SUSMAN GODFREY L.L.P.
13                                   401 Union Street, Suite 3000
                                    Seattle, WA 98101
14                                   Telephone: (206) 516-3880
                                    Facsimile: (206) 516-3883
15

16                              By:  /s/ Lara Hruska
                                    Lara Hruska, WSBA 46531
17                                   lara@cedarlawpllc.com
                                    Alex Hagel, WSBA 55423
18                                   alex@cedarlawpllc.com
                                    Kaitlin Leifur-Masterson, Rule 9 #9874675
19                                   kaitlin@cedarlawpllc.com
                                    CEDAR LAW PLLC
20                                   113 Cherry Street, PMB 96563
                                    Seattle, WA 98104
21                                   Telephone: (206) 607-8277
                                    Facsimile: (206) 237-9101
22

23                                   *Attorneys for Plaintiff*

24

## CERTIFICATE OF COMPLIANCE
25

26      I certify that this motion contains 5,876 words, in compliance with the Local Civil Rules.

27                                   /s/ Ian B. Crosby
                                    Ian B. Crosby, WSBA #28461

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I caused the foregoing document to be served,

via electronic mail, per agreement, on the following:

BRIAN ROWE
S. TODD SIPE, WSBA #23203
ELANA S. MATT, WSBA #37719
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744
Brian. Rowe@atg.wa.gov
Todd.Sipe@atg.wa.gov
Elana.Matt@atg.wa.gov
*Counsel for Defendants*

I declare under penalty of perjury under the laws of the State of Washington and the United

States of America that the foregoing is true and correct.

DATED this 10th day of July 2023, at Seattle Washington.

*/s/ Ian B. Crosby*
Ian B. Crosby, WSBA #28461

Plaintiffs' Motion for Class Certification - 17

No. 2:22-cv-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883