UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| N.D., et al.,<br><br>                Plaintiffs,<br>    v.<br><br>CHRIS REYKDAL, et al.,<br><br>                Defendants. | CASE NO. 2:22-cv-01621-LK<br><br>ORDER DENYING SURREPLY TO STRIKE AND GRANTING LEAVE TO FILE SUPPLEMENTAL BRIEF |

       Before the Court is Defendants' surreply and request to strike Plaintiffs' argument that Plaintiff E.A. might not receive a "regular" diploma or one that is "fully aligned with State standards." Dkt. No. 44 at 1 (citing Dkt. No. 42 at 6–8). After considering the surreply, the remainder of the record, and the governing law, the Court denies Defendants' request to strike but grants their alternative request for an opportunity to respond to the new argument. *Id.* at 1, 3.

       In general, new arguments and evidence presented for the first time in a party's reply are waived. *See, e.g.*, *Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006) (citing *United States v. Patterson*, 230 F.3d 1168, 1172 (9th Cir. 2000)). In addition, courts have discretion to strike late-disclosed evidence. *See* Fed. R. Civ. P. 37(c)(1). A court may, however,

ORDER DENYING SURREPLY TO STRIKE AND GRANTING LEAVE TO FILE SUPPLEMENTAL BRIEF - 1

remedy a late disclosure by allowing supplemental briefing. *See Harris v. City of Kent*, No. 2:20-CV-01045-RSM-TLF, 2022 WL 1310080, at *5 (W.D. Wash. Mar. 11, 2022) ("When new evidence is presented in a reply brief, the court should not consider the new evidence without giving the non-movant a chance to respond." (citing *Provenz v. Miller*, 102 F.3d 1478, 1487 (9th Cir. 1996))).

In opposing Plaintiffs' motion to provisionally certify a class and for a preliminary injunction, Defendants argued that E.A. lacks standing to pursue a claim under the Individuals with Disabilities Education Act—and may not be an appropriate class representative—because he is expected to graduate in August 2023 with a regular high school diploma. Dkt. No. 36 at 6, 9–11. In response, Plaintiffs argued in their reply that the expected diploma might not be "regular." Dkt. No. 42 at 6–8. This issue matters because states are not required to educate "[c]hildren with disabilities who have graduated from high school with a *regular* high school diploma." 34 C.F.R. § 300.102(a)(3)(i) (emphasis added). Because the timing of E.A.'s graduation and the nature of his expected diploma appear to be central to the parties' dispute regarding standing, the Court DENIES Defendants' request to strike the argument. Instead, to avoid prejudice to Defendants, the Court GRANTS them leave to file a supplemental brief that addresses when E.A. will graduate and the expected nature of his diploma. Their brief shall be limited to 2,100 words in length and be filed by no later than **July 18, 2023**. They are also permitted to file one or more declarations in support.

Dated this 11th day of July, 2023.

*[signature: Lauren King]*

Lauren King
United States District Judge