The Honorable Lauren King

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| N.D., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CHRIS REYKDAL, et al.,<br><br>Defendants. | NO. 2:22-cv-01621-LK<br><br>DEFENDANTS' SUPPLEMENTAL BRIEF ON E.A.'S GRADUATION DATE AND THE NATURE OF HIS DIPLOMA |

E.A. will receive a regular high school diploma by July 31, 2023, and his eligibility for special education will end for that reason—not for aging out. He therefore cannot represent a class of students "at risk of aging out of their special education programs at the end of the 2022–2023 school year." Dkt. # 35 (Mot.) at 2; *see* Dkt. # 36 (Opp.) at 4–6.

As Plaintiffs acknowledge, Dkt. # 42 (Reply) at 1, the State is not required to provide special education to graduates with a "regular high school diploma," which means "the standard high school diploma awarded to the preponderance of students in the State that is fully aligned with State standards[.]" 34 CFR § 300.102(a)(3)(i), (iv). Plaintiffs argue that E.A.'s diploma will not be a regular diploma but "a lesser credential." Reply at 1 (citing 34 CFR § 300.102(a)(3)(iv)). They are wrong.



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

By July 31, 2023, the same standard diploma awarded to the preponderance of students in Washington and fully aligned with State standards will be issued to E.A. *See* Supplemental Declaration of Betty Lopez (Lopez Supp. Decl.) 1-3. He will be able to use the diploma just as any other student uses their diploma—seeking employment and further education—without any reference to disabilities or his individualized education plan (IEP). *Id.* 2-3. There are no differences between E.A.'s diploma and that of any other student. *Id.*

Washington law provides eight[1] pathways to graduation. RCW 28A.655.250; WAC 181-51-230(5). Each one is "equally valid for earning a Washington state high school diploma." WAC 180-51-230(1). One of those pathways is known as the Career and Technical Education (CTE) Course Sequence:

> Complete a sequence of career and technical education courses that are relevant to a student's postsecondary pathway, including those leading to workforce entry, state or nationally approved apprenticeships, or postsecondary education, and that meet either: The curriculum requirements of core plus programs for aerospace, maritime, health care, information technology, or construction and manufacturing; or the minimum criteria identified in RCW 28A.700.030. . . .

RCW 28A.655.250(1)(a)(viii). *See* Washington State Board of Education, "Graduation Pathway Options," available at https://www.sbe.wa.gov/our-work/graduation-pathway-options (referring to this pathway as "CTE Sequence"). E.A. has met the requirements of the CTE Sequence graduation pathway. Lopez Supp. Decl. 2.

If further confirmation were needed, the State Board of Education specifically states that the CTE Sequence "meet[s] the purpose of a high school diploma: to declare that a student is ready for success in postsecondary education, gainful employment, and citizenship, and is equipped with the skills to be a lifelong learner (RCW 28A.230.090)." Washington State Board of Education, "Graduation Pathway Options," available at https://www.sbe.wa.gov/faqs/graduation_pathways. And Betty Lopez, the Executive Director of

[1] Effective July 23, 2023, there will be nine pathways to graduation per an amendment to the statute. H.R. 1308, 68th Leg., Reg. Sess., 2023 Wash. Sess. Laws, ch. 349, § 2, 1853-1855.



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Special Services for the Selah School District, likewise confirms that E.A.'s diploma fulfills this statutory purpose as much as any other student's diploma. *See* Lopez Supp. Decl. 2.

In Washington, diplomas do not indicate the graduation pathway that the student completed, as all eight pathways are "equally valid." WAC 180-51-230(1); *see* Lopez Supp. Decl. 2. There is no hierarchy of graduation pathways or distinction among diplomas obtained through different pathways. E.A.'s diploma will thus be the same standard diploma awarded to high school graduates throughout the State.

E.A.'s diploma and pathway alike are "fully aligned with State standards." Lopez Supp. Decl. 2. Plaintiffs are wrong to contend that E.A.'s IEPs or learning difficulties render his diploma and pathway out of alignment with State standards. Reply at 1–2. Plaintiffs point to the references in E.A.'s IEPs to "Non CCSS Goals," Reply at 2, but those goals are complementary goals to E.A.s learning curriculum; they do not displace any requirement in the CTE Sequence that E.A. has fulfilled. Lopez Supp. Decl. 2-3. Plaintiffs cite no law or regulation for their contention that the addition of "Non CCSS Goals" to an IEP somehow renders a pathway or diploma non-standard or irregular. Reply at 2. Nor do the various learning difficulties Plaintiffs cite, *id.*, diminish the fact that E.A. has "met all of his graduation requirements" for obtaining a regular high school diploma, as his IEP indicates and as Ms. Lopez confirms. Lopez Supp. Decl., Ex. A at 4, 16, 17, and 31;[2] *see* Lopez Supp. Decl. 1-2. As Ms. Lopez explains, "[n]o material modifications were made to E.A.'s grades, credits earned, graduation requirements, and no core/credit substitutions were adopted for him." *Id.* 2. "[T]he standards of the courses E.A. completed were not changed," and E.A. has earned "the state diploma." *Id.*

Plaintiffs have no basis to call E.A.'s diploma a "lesser credential," as E.A.'s diploma does not fit within any of the exceptions to the definition of a "regular high school diploma" in

---

[2] Though E.A.'s latest IEP lists goals extending into 2024, he will cease to be eligible for special education services by July 31, 2023, due to graduating with a regular high school diploma. Lopez Supp. Decl. 3. The references to dates in 2024 are the result of an annual IEP form that by default sets goals a year in advance. *Id.*



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

34 CFR § 300.102(a)(3)(iv). E.A.'s diploma is not "aligned to [] alternate academic achievement standards described in section 1111(b)(1)(E) of the ESEA." 34 CFR § 300.102(a)(3)(iv). Washington State does not offer diplomas aligned to the alternate standards in section 1111(b)(1)(E) of the ESEA. *See* OSPI, "Washington's ESSA Consolidated Plan," available at https://www.k12.wa.us/sites/default/files/public/esea/essa/pubdocs/essaconsolidatedplan-final.pdf ("Washington does not have a state-defined alternate diploma for students with significant cognitive disabilities."). And though some special education students may receive a certificate of achievement in lieu of a regular diploma because they did not complete any of Washington's eight regular pathways to graduation—a "lesser credential" per 34 CFR § 300.102(a)(3)(iv)—E.A. is not one of those students. *See* Lopez Supp. Decl. 2.

Plaintiffs cite no case finding that a diploma like E.A.'s, issued in conformity with one of several equally valid statutory pathways to graduation, is not "regular" for purposes of the IDEA, and Defendants are aware of none. E.A.'s diploma is not an alternate diploma or a "lesser credential" like a GED. It is a regular diploma issued through one of the "equally valid" statutorily established pathways. WAC 180-51-230(5). Plaintiffs' argument, if sustained, would render countless diplomas "lesser credentials" despite the legislature's establishment of equally valid pathways to graduation. It would engender a tiered system of diplomas against the intent of Washington lawmakers and regulators to establish an equal system in which all diplomas—including E.A.'s—carry the same validity. *See id.*

E.A. earned his diploma, and it will be duly awarded to him by July 31, 2023. *See* Lopez Supp. Decl. 1-3. Per standard procedure, his school district will provide the prior notice required by 34 C.F.R. § 300.503(b)(1)–(3) at that time, and he will then cease to be eligible for special education services under 34 C.F.R. § 300.102(a)(3)(i). *Id.* 3.

Plaintiffs' arguments against the regularity of E.A.'s diploma fall flat. For lack of a class representative with standing and for the other reasons explained in Defendants' opposition brief,



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Plaintiffs' motion for provisional certification and a preliminary injunction should be denied.

DATED this 18th day of July 2023.

ROBERT W. FERGUSON
Attorney General

*/s/ Brian H. Rowe*
BRIAN H. ROWE, WSBA #56817
S. TODD SIPE, WSBA #23203
ELANA S. MATT, WSBA #37719
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744
Brian.Rowe@atg.wa.gov
Todd.Sipe@atg.wa.gov
Elana.Matt@atg.wa.gov
*Attorneys for Defendants Chris Reykdal and Office of Superintendent of Public Instruction*

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I caused the foregoing document to be served, via electronic mail, per agreement, on the following:

Ian Crosby
Susman Godfrey L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
icrosby@susmangodfrey.com
COxley@susmangodfrey.com
*Counsel for Plaintiffs*

Lara Hruska
Alex Hagel
Kaitlin Leifeur-Masterson
Cedar Law PLLC
113 Cherry Street, PMB 96563
Seattle, WA 98104
lara@cedarlawpllc.com
alex@cedarlawpllc.com
kaitlin@cedarlawpllc.com
*Counsel for Plaintiffs*

I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

DATED this 18th day of July 2023 at Seattle, Washington.

*/s/ Brian H. Rowe*
BRIAN H. ROWE, WSBA #56817
Assistant Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744
Brian.Rowe@atg.wa.gov
*Attorneys for Defendants Chris Reykdal and Office of Superintendent of Public Instruction*