The Honorable Lauren King

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| N.D., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CHRIS REYKDAL, et al.,<br><br>Defendants. | NO. 2:22-cv-01621-LK<br><br>DECLARATION OF DR. TANIA MAY IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION FOR CLASS CERTIFICATION |

I, Dr. Tania May, hereby declare as follows:

1. I am over the age of 18, am competent to testify on matters contained in this Declaration, and make this Declaration based on my own personal knowledge. I am submitting this Declaration in support of Defendants' Opposition to Plaintiffs' Motion for Class Certification.

2. As stated in my previous declaration, I am the Assistant Superintendent of Special Education. I lead the Special Education division for the Office of Superintendent of Public Instruction (OSPI). As part of my work for OSPI, I am familiar with the provision of special education services to students by school districts in the State of Washington and the processes for resolving disputes regarding the provision of special education services.



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

3. As stated in my previous declaration, special education services are, by their nature, individualized to meet the needs of a particular student. An Individualized Education Program (IEP) is created and implemented by a student's unique IEP team, specific to the student's needs. Required members of the IEP team include the student's parent(s) or guardian(s); at least one of the student's general education teachers; at least one of the student's special education teacher(s); a representative of the school district qualified to provide or supervise specialized instruction for students with disabilities and who is knowledgeable about the general education curriculum and the availability of resources available within the district; an individual who can interpret the instructional implications of evaluation results; other individuals (at the discretion of the parents and district) who have knowledge or special expertise regarding the student, such as related service providers; and the student (if appropriate). *See* WAC 392-172A-03095; *see also* 34 C.F.R. § 300.321(a). OSPI is not a member of the student's IEP team and has no representative on the IEP team.

4. Due to the exceptional circumstances caused by the COVID-19 pandemic, many students fell behind in their educational objectives. To help students in need of additional education and support, the legislature made available Transition Recovery Funds to provide compensatory education services to students receiving special education services, even if the students were otherwise ineligible or would become ineligible due to their age. The special education and services available through Transition Recovery Funds were no different from the special education and services normally provided to students. The funds were promptly made available to all students receiving special education services during the 2020–21 school year and remained available until June 2023. N.D., like any other student receiving special education services, could have qualified for those funds and could have obtained them if could have obtained them if his IEP team, including his parents, determined he was in need of transition recovery services..



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

5. OSPI took a number of steps throughout the State to raise awareness of the availability of Transition Recovery Funds, including through public webinars, trainings, outreach to school districts and parents, and publishing information on OSPI's website.[1] Despite OSPI's efforts, only a fraction of the available funds were used.

6. Engrossed Substitute Senate Bill 5092 (2021) provided $12,000,000 per year for 2021-22 and 2022-23 to provide an allocation to school districts for the extension of transition services for students with disabilities who turned age 21 during the 2019-20 or subsequent school years, did not graduate with a regular diploma, and required recovery services, as determined by the student's individualized education program (IEP) team. Of those $12,000,000 dollars each year, $24,488 were requested for the 2020-21 school year, $1,066,095 for 2021-22, and $977,984[2] for 2022-23. Each year left a substantial amount of funds that could have been used for compensatory education by students like N.D. Additionally, the OSPI Special Education division monitored school districts in 2021-22 and 2022-23 on the provision of recovery services and systems for ensuring the provision of transition recovery services as determined by a student's IEP team for students of transition age and those who turned 21 during the pandemic.

7. Between January 1, 2020, and July 15, 2023, there were 17 requests for special education community complaint investigations related to general recovery services issues. Following complaint investigations, OSPI found violations related to recovery services in ten of these investigations and ordered their remediation. Between January 1, 2020, and July 15, 2023, there was one due process hearing that related to general recovery services. Though none of the hundreds of community complaint investigations and none of the dozens of due process hearings

---

[1] For example, see the guidance published by OSPI at https://www.k12.wa.us/about-ospi/press-releases/novel-coronavirus-covid-19-guidance-resources/special-education-guidance-covid-19, and the OSPI Special Education monthly updates including May, June, August, September, and October of 2021, and August and September of 2022, available at https://www.k12.wa.us/student-success/special-education/monthly-updates-districts-and-schools.

[2] Because school districts have through July 2023 to submit invoices, the amount requested for the 2022-2023 school year is not final.



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

during this period specifically addressed transition recovery services, community complaint investigations and due process hearings were available for resolving disputes regarding alleged violations of the IDEA and the provision of FAPE, which would include transition recovery services. *See* WAC 392-172A-05025; WAC 392-172A-05080 *et seq.*

8. Over $11,000,000 in Transition Recovery Funds were readily available throughout the time that N.D.'s parents and the rest of his IEP team were discussing an additional year of services at New England Center for Children (NECC) in Massachusetts. During this time, I reminded Seattle Public Schools about the availability of these funds to provide compensatory education if the IEP team determined the services were still necessary. Pursuant to the IEP review process, N.D.'s IEP team held meetings, discussed N.D.'s needs, and reviewed his records, transcripts, progress reports, and evaluations in making this decision. Ultimately, Seattle Public Schools chose not to pursue an additional year of services or Transition Recovery Funds.

9. OSPI could not take steps to provide Transition Recovery Funds to N.D. because (1) OSPI does not have the authority to issue funds without a request from the school district, and (2) the parents did not request mediation, file a community complaint, or request a due process hearing regarding this disagreement. Had N.D.'s parents pursued dispute resolution through any of the latter channels, OSPI would have been empowered to address the question of funding and whether to provide an additional year of services to N.D., and funds could have been made available for N.D. to receive an additional year of special education as a potential remedy in special education community complaint or a due process hearing request. I am aware of no case in which Transition Recovery Funds for an additional year of special education services were denied for a student who pursued them through dispute resolution.

10. OSPI does not have the authority to unilaterally intervene in the matter of an individual student's IEP. There are no mechanisms for OSPI to interpose itself in the terms of a student's IEP without a parent or guardian taking the proper administrative steps. The boundaries between the IEP team's decision-making power and OSPI's administrative authority serve as a

safeguard for students and their families. Because OSPI does not have the IEP team's expertise regarding a student's day-to-day academic, behavioral, or support needs, it would be inappropriate and irresponsible for OSPI to independently overrule the recommendations of those who work with the student and provide those services to them.

11. OSPI never received a request for funds, a community complaint, a request for mediation, or a request for a due process hearing on behalf of N.D. regarding a request for Transition Recovery Funds for an additional year of services. Because N.D. and his parents did not pursue any of these remedies, there was nothing OSPI could do to help N.D. receive an additional year of services through Transition Recovery Funds that otherwise would have been available to him.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this 31st day of July 2023, at Olympia, Washington.

/s/ Tania May
DR. TANIA MAY
Assistant Superintendent of Special Education



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I caused the foregoing document to be served via the Court's CM/ECF system and via electronic mail, per agreement, on the following:

Ian Crosby
Susman Godfrey L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
icrosby@susmangodfrey.com
COxley@susmangodfrey.com
*Counsel for Plaintiffs*

Lara Hruska
Alex Hagel
Kaitlin Leifeur-Masterson
Cedar Law PLLC
113 Cherry Street, PMB 96563
Seattle, WA 98104
lara@cedarlawpllc.com
alex@cedarlawpllc.com
kaitlin@cedarlawpllc.com
*Counsel for Plaintiffs*

I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

DATED this 31st day of July 2023, at Seattle, Washington.

*/s/ Brian H. Rowe*
BRIAN H. ROWE, WSBA #56817
Assistant Attorney General