The Honorable Lauren King

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

N.D. et al., on behalf of a class of those similarly situated,

Plaintiffs,

v.

CHRIS REYKDAL, in his capacity as the SUPERINTENDENT OF PUBLIC INSTRUCTION and OFFICE OF THE SUPERINTENDENT OF PUBLIC INSTRUCTION, a Washington State agency,

Defendants.

No. 2:22-cv-01621-LK

**PLAINTIFFS' RESPONSE TO DEFENDANTS' SECOND SUPPLEMENTAL BRIEF ON E.A.'S HIGH SCHOOL DIPLOMA**

OSPI admits that E.A. did not graduate from the Selah School District with a "regular high school diploma" by July 31, 2023, as it repeatedly claimed he would. Instead, as confirmed by both the prior written notice provided to his guardian P.A., and in email conversations with the district's attorney, E.A. will cease to be eligible for special education *due solely to his age* on August 31, 2023. As such, he has standing to represent, and is completely typical of, the provisional class members who will suffer the same harm on the same day for the same reason.

E.A.'s pending due process hearing is irrelevant to those issues. OSPI's arguments to the contrary, like its arguments regarding the substance of his never-issued diploma, ignore basic special education law and procedure. OSPI has only tipped the balance of harms even further against itself by prolonging the briefing and decision of this motion over this fake issue.



SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

**A. The Selah School District does not intend to graduate E.A. with a regular high school diploma.**

E.A.'s school district expressly *does not* intend to change his placement based on graduation with a regular high school diploma before the end of the current school year. The "Notice of Graduation for Student" that the Selah School district issued to E.A. on July 31, 2023, makes this explicitly clear:

> Our records indicate that the following will occur at the end of this semester:
>
> ☐ Student will meet district graduation requirements and is scheduled to graduate with a regular high school diploma.
>
> **and/or**
>
> [x] The student's 21st birthday will occur on or before Aug 31, 2023

Dkt. No. 56-2, at 2. Nothing in E.A.'s actual education records states that the Selah School District *ever* intended to end E.A.'s special education services pursuant to the exception provided in 34 C.F.R. § 300.102(a)(3)(i) based on having "graduated from high school with a regular high school diploma" within the meaning of subpart (a)(3)(iv) pursuant to "prior notice in accordance with § 300.503" as required by subpart (a)(3)(iii).[1] And indeed, contrary to OSPI's repeated representations and the several declarations it procured from Betty Lopez for purposes of this litigation, it has not done so.

OSPI's assertion that the "stay-put" order resulting from E.A.'s request for a due process hearing prevented the Selah School District from issuing a diploma that it otherwise would have,

---

[1] OSPI's claim that "E.A. could have submitted a due process hearing request long ago" based on statements in his IEP that he was "on track to graduate," Dkt. No. 54, at 2 n.1, is misinformed. There are many ways to "graduate" from high school that do not end a student's eligibility for special education, such as, for example, receiving a "certificate of attendance" per Kevin's Law, Rev. Code Wash. 28A.155.170. Indeed, 34 C.F.R. § 300.102(a)(3)(ii) expressly states: "The exception [to the obligation to make a FAPE available until age 22] in paragraph (a)(3)(i) of this section does not apply to children who have graduated from high school but have not been awarded a regular high school diploma." The first and only indications that the Selah School District ever intended to change E.A.'s placement based on graduation with a regular high school diploma came in OSPI's submissions in this case in opposition to the instant preliminary injunction motion.

Dkt. No. 54, at 1, is also false. A school district is prohibited from changing only a student's *placement* during the pendency of a due process hearing. *See* 20 U.S.C. § 1415(j); Wash. Admin. Code 392-172A-05125(1); 34 C.F.R § 300.518(a). It is not prevented from issuing a diploma or the procedurally-required prior written notice *proposing* to change a student's placement on that basis while a stay-put is in force.

Indeed, OSPI acknowledges that E.A.'s request for a due process hearing "does not seek to enjoin the diploma's issuance." Dkt. No. 54, at 1. To the contrary, E.A. supposed — incorrectly — based on Ms. Lopez's declarations to the Court, that such a prior written notice and diploma were forthcoming. Dkt. No. 52-1, at 24. In response, he invoked the stay-put provision of 20 U.S.C. § 1415(j) only to prevent any notice to that effect from becoming effective. *See id.* at 25. That neither the prior written notice nor a regular high school diploma ever came was the district's decision, not the result of the stay-put. That it chose not to issue them moots the due process challenge to any change in placement on that basis in any event.

**B. E.A.'s due process request does not affect his standing or typicality.**

OSPI does not explain its continued objection to E.A.'s standing. *See* Dkt. No. 54, at 1. It is undisputed that he will age out of his special education placement on August 31 solely due to the policy he is seeking to enjoin notwithstanding the due process stay-put. Indeed, the Selah School District's own special education attorney has confirmed its "position that stay-put does not operate to extend a student's eligibility for services beyond the age of eligibility, and [that] the District therefore will not be enrolling this student to receive services during the 2023–24 school year." *See* Dkt. No. 56-1 at 2.

Even if OSPI had succeeded in procuring the unilateral issuance of a regular high school diploma to E.A. by a Selah School District administrator without the participation of his IEP team, an initial hearing on the merits of E.A.'s due process request challenging that action, by OSPI's own account, would not occur for 75 days. Dkt. No. 54, at 2. Even if this timeline were right, E.A. would still age out of his placement long before that hearing. But in reality, due process cases mostly take



SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

years.[2] The stay-put would remain in place through the conclusion of administrative proceedings and judicial review, including at the district court and Ninth Circuit. *See Joshua A. v. Rocklin Unified School Dist.*, 559 F.3d 1036 (9th Cir. 2009).

OSPI's insistence that "E.A. has earned a regular high school diploma," Dkt. No. 54 at 1, following, as Ms. Lopez puts it — without any apparent irony — a "separate but equal pathway[]," Dkt. No. 49 at 2, is irrelevant to his typicality as a class representative. OSPI's own guidance acknowledges that "WAC 392-172A-02000 makes the distinction between meeting graduation requirements AND graduating with a diploma," and that "Federal and state regulations do not require a school district to graduate a student with a disability who has met state and local graduation requirements."[3] Only the actual issuance of a valid regular high school diploma with the requisite prior written notice of a change of placement can terminate a student's eligibility for special education on that basis. 34 C.F.R. § 300.102(a)(3). It is undisputed that has not happened, and the Selah School District now expressly states it does not intend to terminate E.A.'s education for that reason.

OSPI likewise fails to explain how E.A. could be "preoccupied," Dkt. No. 54 at 1, by a due process hearing that is now moot regarding the issue that OSPI claims defeats his typicality as a class representative. Even if there were a prior written notice of intent to change his placement based on graduation with a regular high school diploma for him to contest, as Plaintiffs showed in their class certification reply, an issue that is exclusively committed to the Office of Administrative Hearings to decide in a separate proceeding could hardly become the "focus" of this lawsuit. *See* Dkt. No. 55, at 10. Moreover, the willingness of his parents to contest such a determination in a different proceeding if anything underscores his adequacy as a class representative. *See R.P.-K. ex*

---

[2] *See* OPSI, *Special Education Due Process Decisions,* available at https://www.k12.wa.us/student-success/special-education/dispute-resolution/special-education-due-process-hearing-decisions (last accessed August 9, 2023).

[3] OSPI, *Graduation Toolkit, Class of 2023*, at 23, available at https://ospi.k12.wa.us/sites/default/files/public/graduationrequirements/toolkits/2023/2023%20%20GraduationToolkit%20FAQ.pdf (last accessed August 10, 2023).



SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

*rel. C.K. v. Dep't of Educ, Haw.*, 272 F.R.D. 547 (D. Haw. 2011) (finding "named plaintiffs" adequate because they "are represented by their parents who … have all actively protected the rights of their children per the IDEA").

More broadly, OSPI's claim that a putative class representative renders himself atypical just by initiating a due process hearing to contest a proposed change of placement would allow OSPI to pick off potential class representatives at will. "[C]ourts will not turn a blind eye" when a "a defendant 'purposely and strategically' acts to moot plaintiffs' claims as they are added as named plaintiffs in order to insulate [] challenged actions from meaningful judicial review." *H.M. v. United States*, No. CV1700786SJOGJSX, 2017 WL 10562558, at *21 (C.D. Cal. Aug. 21, 2017) (quoting *Wagafe v. Trump*, No. C17-0094, 2017 WL 2671254 at *15 (W.D. Wash. June 21, 2017)); *see Buckeye Tree Lodge and Sequoia Village Inn, LLC v. Expedia, Inc.*, No. 16-CV-04721, 2019 WL 1170489, at *3 (N.D. Cal. Mar. 13, 2019) ("[T]he Supreme Court and Ninth Circuit have consistently denied attempts by defendants to rob a court of jurisdiction by taking strategic unilateral action to moot a plaintiff's claims before the plaintiff has had the opportunity to seek class certification."). This Court should not condone that effort here.

**C. The due process request does not seek the same relief as in this case.**

As also shown in Plaintiffs' class certification reply, Dkt. No. 55 at 10, OSPI is wrong to state that the "relief E.A. seeks in his due process hearing request is nearly identical to the relief Plaintiffs seek in their complaint and in their provisional motion," Dkt. No. 54 at 2. OSPI fails to appreciate that plaintiffs can raise different causes of action corresponding to different injuries suffered in different proceedings. As is readily apparent in the due process complaint, the request for compensatory education is premised entirely on the failure to develop appropriate goals from 2021 to 2023, and the request for the injunction is premised entirely on the failure to include E.A's parents and IEP team in the process of determining whether to graduate E.A. with a regular high school diploma. Neither of those injuries are related to the claims in this case. In fact, the due process request expressly excludes E.A.'s challenge to being aged out of his placement:

> [E.A.'s] parents are not challenging the District's authority to "age-



SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

> out" [E.A.] from special education after the end of the school year in which he turns twenty-one (i.e. the end of this school year) in this forum. There is currently a motion for a preliminary injunction pending . . . on that issue.

Dkt. 52-1 at 15 (original emphasis). That issue and the relief he is seeking on behalf of the proposed provisional class because of it are solely before this Court.

**D. Any hardship from issuing an injunction now is of OSPI's own making.**

OSPI's failed attempt to pick off E.A. as a class representative has needlessly extended the briefing and decision of this motion to the eve of the new school year. A basic familiarity with special education law and procedure should have caused OSPI to understand that this effort was doomed from the start. Procedurally, OSPI should have understood that any attempt to change E.A.'s placement based on graduation with a regular high school diploma would be subject to due process challenge and an automatic stay-put order during which he would age out under the challenged policy anyway. Substantively, the notion that a diploma awarded via a "separate but equal" graduation pathway to a person who functions at E.A.'s level could be "fully aligned with state standards" applicable to "the preponderance of students" in the state for purposes of ending his eligibility based on graduation with a regular high school diploma is absurd. It should never have been a surprise to OSPI that the Selah School District would ultimately balk at doing so. OSPI should not be heard to complain now that time is too short to comply with an injunction delayed by its own dilatory tactics.

**CONCLUSION**

Despite OSPI's repeated claims to this Court, E.A.'s education is not being terminated because he has obtained a regular high school diploma. Instead, E.A.'s education will end on August 31, 2023, due to his age. He thus faces the same injury all provisional class representatives face, the premature termination of a well-established right to a free appropriate public education because of age. He is a typical and adequate class representative.



SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

Dated: August 11, 2023.

Respectfully submitted,

By: */s/ Ian B. Crosby*
Ian B. Crosby, WSBA 28461
icrosby@susmangodfrey.com
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

By: /s/ *Lara Hruska*
Lara Hruska, WSBA 46531
lara@cedarlawpllc.com
Alex Hagel, WSBA 55423
alex@cedarlawpllc.com
Kaitlin Leifur-Masterson, Rule 9 #9874675
kaitlin@cedarlawpllc.com
CEDAR LAW PLLC
113 Cherry Street, PMB 96563
Seattle, WA 98104
Telephone: (206) 607-8277
Facsimile: (206) 237-9101

*Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

I certify that this reply contains 2,004 words, in compliance with the Local Civil Rules.

*/s/ Ian B. Crosby*
Ian B. Crosby, WSBA #28461

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I caused the foregoing document to be served, via electronic mail, per agreement, on the following:

BRIAN ROWE
S. TODD SIPE, WSBA #23203
ELANA S. MATT, WSBA #37719
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744
Brian. Rowe@atg.wa.gov
Todd.Sipe@atg.wa.gov
Elana.Matt@atg.wa.gov
*Counsel for Defendants*

I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

DATED this 11th day of August 2023, at Seattle Washington.

*/s/ Ian B. Crosby*
Ian B. Crosby, WSBA #28461



SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883