UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| N.D., et al.,<br><br>                Plaintiffs,<br><br>   v.<br><br>CHRIS REYKDAL, et al.,<br><br>                Defendants. | CASE NO. 2:22-cv-01621-LK<br><br>ORDER REQUESTING SUPPLEMENTAL BRIEFING AND RESPONSE TO MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiffs' Motion for Reconsideration, Dkt. No. 60, of the Court's Order denying their motion for provisional class certification and a preliminary injunction, Dkt. No. 58 (the "Order"). Before they filed their motion for reconsideration, Plaintiffs filed a Notice of Appeal of the Order. Dkt. No. 59.

Plaintiffs have not provided a basis for this Court's authority to entertain their motion following their Notice of Appeal. A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam); *see also Paige v. State of Cal.*, 102 F.3d 1035, 1039 (9th Cir. 1996) (the Ninth Circuit's jurisdiction

ORDER REQUESTING SUPPLEMENTAL BRIEFING AND RESPONSE TO MOTION FOR RECONSIDERATION - 1

under 28 U.S.C. § 1292(a)(1), which permits appeals from orders regarding preliminary injunctions, "extends only to the matters inextricably bound up with the injunctive order from which the appeal is taken." (cleaned up)). And although Federal Rule of Civil Procedure 62(d) permits a district court to "suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights" pending appeal from an interlocutory order that refuses an injunction, "[i]t does not restore jurisdiction to the district court to adjudicate anew the merits of the case after either party has invoked its right of appeal and jurisdiction has passed to an appellate court." *McClatchy Newspapers v. Cent. Valley Typographical Union No. 46, Int'l Typographical Union*, 686 F.2d 731, 734–35 (9th Cir. 1982), *amended sub nom. McClatchy Newspaper v. Local 46* (9th Cir. Sept. 22, 1982). Rather, the district court's "jurisdiction over the matters appealed . . . is limited to preserving the status quo." *E.E.O.C. v. Townley Eng'g & Mfg. Co.*, 859 F.2d 610, 621 n.18 (9th Cir. 1988); *see also Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (any action taken pursuant to the Rule "may not materially alter the status of the case on appeal" (cleaned up)).

Plaintiffs' Motion for Reconsideration addresses the same issues that are the subject of their appeal, including the merits of the Order and Plaintiffs' entitlement to a preliminary injunction. Dkt. No. 59 (appealing the Order); *see generally* Dkt. No. 60 (seeking reconsideration of the Order). And it does not appear that Plaintiffs are merely seeking to maintain the status quo pending the appeal because they are asking the Court to "enter a preliminary injunction requiring all proposed provisional class members to be reinstated immediately to special education placements from which they were exited on August 31." Dkt. No. 60 at 4; *see also McClatchy Newspaper*, 686 F.2d at 735 (finding that a district court's amended judgment "did not fall within the authority" of Rule 62 because it "required a change from the status quo" by ordering the publisher to reinstate employees who were not working when the appeal was filed); *Marcus I. ex*

ORDER REQUESTING SUPPLEMENTAL BRIEFING AND RESPONSE TO MOTION FOR RECONSIDERATION - 2

*rel. Karen I. v. Dep't of Educ.*, No. 10-00381 SOM/BMK, 2012 WL 3686188, at *4 (D. Haw. Aug. 24, 2012). For these reasons, it appears that Plaintiffs' motion is subject to Federal Rule of Civil Procedure 62.1, which provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending," the district court may "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." *See also Mendia v. Garcia*, 874 F.3d 1118, 1121 (9th Cir. 2017) (explaining that Rule 62.1 "allows a party to ask the district court for an 'indicative ruling' on an issue the court is without jurisdiction to decide because of a pending appeal.").

The Advisory Committee Notes accompanying this Rule state that "[o]ften it will be wise for the district court to determine whether it in fact would grant the motion if the court of appeals remands for that purpose." In order to make such determination, the Court requests that Defendants file a response of no more than 2,100 words to Plaintiffs' motion by September 15, 2023.

To the extent there exists another basis for this Court's authority to entertain Plaintiffs' motion, Plaintiffs must provide supplemental briefing addressing such authority by September 13, 2023. Such brief may not exceed 700 words.

Dated this 8th day of September, 2023.

*Lauren King*
Lauren King
United States District Judge

ORDER REQUESTING SUPPLEMENTAL BRIEFING AND RESPONSE TO MOTION FOR RECONSIDERATION - 3