UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

N.D., et al.,

           Plaintiffs,

  v.

CHRIS REYKDAL, et al.,

           Defendants.

CASE NO. 2:22-cv-01621-LK

ORDER GRANTING MOTION FOR PROVISIONAL CLASS CERTIFICATION, A PRELIMINARY INJUNCTION, AND A DECLARATORY JUDGMENT

      This matter comes before the Court on Plaintiffs' motion for provisional class certification and a preliminary injunction, Dkt. No. 35, a remand from the United States Court of Appeals for the Ninth Circuit, Dkt. Nos. 75, 77, and the parties' joint status report proposing declaratory and injunctive relief in light of that remand, Dkt. No. 81.[1] For the reasons set forth below, the Court grants the motion and the parties' proposed relief.

---

[1] The Court appreciates the parties' thorough and helpful joint status report, as well as their cooperation regarding next steps in light of the Ninth Circuit's order.

ORDER GRANTING MOTION FOR PROVISIONAL CLASS CERTIFICATION, A PRELIMINARY INJUNCTION, AND A DECLARATORY JUDGMENT - 1

I.   BACKGROUND

Plaintiffs filed this putative class action alleging that Washington's law that ends special education services at the end of the school year during which a student turns 21 violates the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* Dkt. No. 31 at 12–13; Wash. Rev. Code § 28A.155.020. The IDEA requires states to provide a "free appropriate public education" ("FAPE") to all individuals with disabilities residing in the state "between the ages of 3 and 21, inclusive[.]" 20 U.S.C. § 1412(a)(1)(A). As a result, students' "eligibility for IDEA services ordinarily ends on [their] twenty-second birthday." *E.R.K. v. State Dep't of Ed.*, 728 F.3d 982, 986 (9th Cir. 2013). However, the statute includes an exception: a state's duty to provide a FAPE to students with disabilities does not extend to individuals aged 3 through 5 or 18 through 21 "to the extent that [the duty's] application to those children would be inconsistent with State law or practice . . . respecting the provision of public education to children in those age ranges[.]" 20 U.S.C. § 1412(a)(1)(B)(i). Washington law does not require provision of public education through a student's twenty-second birthday; instead, each school district is required "to insure an appropriate educational opportunity for all children with disabilities between the ages of three and *twenty-one*," and if "the twenty-first birthday occurs during the school year, the educational program may be continued until the end of that school year." Wash. Rev. Code § 28A.155.020 (emphasis added); *see also* Wash. Admin. Code § 392.172A.02000(2)(c). Under that framework, both disabled and nondisabled students are ineligible for public education at the end of the school year in which they turn 21. *See* Wash Rev. Code § 28A.225.160(1); *id.* § 28A.150.220(5)(a).

Plaintiffs allege that because the State offers adult-education programs to 21-year-olds and waives tuition fees for those who cannot pay, it must also provide free special education services to 21-year-old disabled students. Dkt. No. 31 at 8–11, 13. They filed a motion for provisional

certification of a class comprised of "disabled students at risk of prematurely 'aging out' of their special educational programs," and for "a preliminary injunction that would keep those students in those programs during the pendency of this litigation until they reach the age of twenty-two." Dkt. No. 35 at 6. This Court denied the motion for a preliminary injunction, as well as Plaintiffs' subsequent motion for reconsideration. Dkt. Nos. 58, 72.

Plaintiffs appealed. Dkt. No. 73. The Ninth Circuit first considered mootness, concluding that while the controversy is moot as to Plaintiff N.D.—who is now 22 years old—it is not moot as to Plaintiff E.A. Dkt. No. 75 at 10–12. As to the merits, the Ninth Circuit noted that in *E.R.K.*, the court interpreted IDEA's statutory language to mean that a State "cannot deny special education to disabled students aged 18 through 21 if it in fact provides 'free public education' to nondisabled students in that range of ages." *Id.* at 17 (quoting *E.R.K.*, 728 F.3d at 987). The court found that Washington offers "free public education" to nondisabled students through age 21 by virtue of its waivers of the $25 tuition fee for students who cannot pay, making IDEA's exception inapplicable. *Id.* at 18. The court thus concluded that "the students have a high likelihood of success on the merits of their claim." *Id.* at 19. The court also found that the students met the other *Winter* factors. *Id.* at 20–23. The court therefore vacated this Court's order denying a preliminary injunction and "remand[ed] for further proceedings including the entry of a preliminary injunction." *Id.* at 23. The court did not address the propriety of class certification because this Court had not addressed that issue. *Id.*

After the Ninth Circuit issued its mandate, the Court ordered the parties to file a joint status report proposing how the Court should proceed in light of the Ninth Circuit's opinion. Dkt. No. 78 at 1–2. The parties' joint status report stated that they "agree that the Ninth Circuit's opinion effectively resolves the merits of the case in favor of Plaintiffs." Dkt. No. 81 at 2. They reported that Defendant Office of the Superintendent of Public Instruction ("OSPI") "has begun acting as

ORDER GRANTING MOTION FOR PROVISIONAL CLASS CERTIFICATION, A PRELIMINARY INJUNCTION, AND A DECLARATORY JUDGMENT - 3

if a final order on the merits has been entered[.]" *Id.* The parties proposed that "the Court enter a Final Order on the Merits, consistent with Plaintiffs' Requests for Relief (a)-(c) of their Amended Complaint" and include the following findings and declaratory relief:

> (a) Find and declare that OSPI's refusal to ensure the provision of FAPE to Plaintiff N.D., Plaintiff E.A., and the members of the Plaintiff Class on account of their age violates the IDEA;
>
> (b) Find and declare that, by this conduct, OSPI has violated 20 U.S.C. § 1407 and 20 U.S.C. § 1412(11);
>
> (c) Find and declare that Wash. Rev. Code § 28A.155.020 and Wash. Admin. Code § 392.172A.02000 are invalid as contrary to the IDEA to the extent they do not ensure eligible students receive a FAPE until they turn 22[.]

*Id.* The parties further agreed that "the case is ripe for final determination of class certification and entry of judgment providing relief for class members affected by the unlawful age-out policy" but they "do not agree . . . on how that class should be defined, or the manner in which any compensatory education owed to them should be provided." *Id.* They have filed a stipulation to engage in mediation on these topics, Dkt. No. 82.[2] In the meantime, they agreed that the Court "should issue a preliminary injunction against OSPI, preventing it from 'enforcing the age-out provisions in Wash. Rev. Code § 28A.155.020 and Wash. Admin. Code § 392.172A.0200[0](2)(c),' and directing OSPI 'to take all actions necessary to ensure those students are able to continue attending their programs pending this litigation or until reaching the age of twenty-two.'" Dkt. No. 81 at 3 (quoting Dkt. No. 35 at 7).

---

[2] The parties "intend to engage in mediation regarding the class definition, notice, and remedies." *Id.* at 1. Accordingly, the Court does not address Plaintiffs' Motion for Class Certification at this time, Dkt. No. 45, and limits this Order to their request for provisional class certification, Dkt. No. 35. The parties also note that the issue of attorney's fees on appeal and before the district court remains unresolved. Dkt. No. 81 at 5; *see* Dkt. No. 80. The Court encourages them to discuss that issue in mediation as well.

ORDER GRANTING MOTION FOR PROVISIONAL CLASS CERTIFICATION, A PRELIMINARY INJUNCTION, AND A DECLARATORY JUDGMENT - 4

## II. DISCUSSION

**A.  The Court Certifies a Provisional Class**

Plaintiffs ask the Court to provisionally certify a class of "students who have not yet reached the age of twenty-two pending final judgment in this suit." Dkt. No. 35 at 8.

  1. <u>Mootness and Standing</u>

Before addressing the merits of Plaintiffs' motion, the Court addresses mootness and standing because a moot claim "must be dismissed for lack of jurisdiction," *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (quoting *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 521 (9th Cir. 1999)), and standing "is a jurisdictional element that must be satisfied prior to class certification," *LaDuke v. Nelson*, 762 F.2d 1318, 1325 (9th Cir. 1985). As set forth above, the Ninth Circuit held that this case is not moot as to Plaintiff E.A. Dkt. No. 75 at 10–12. In the intervening weeks since the Ninth Circuit issued its opinion, nothing has occurred to alter that finding; E.A. still has not turned 22 years old. Dkt. No. 81 at 4. Thus, he is still within the scope of the IDEA. 20 U.S.C. § 1412(a)(1)(A); *see Honig v. Doe*, 484 U.S. 305, 318 (1988).[3]

The parties further agree that E.A. has standing because he continues to be eligible for reinstatement of his special education services until his birthday in August 2024. Dkt. No. 81 at 4. Because he requested an IDEA due process hearing and invoked a statutory "stay-put" order, the school district cannot change his placement based on his receipt of a high school diploma. *Id.* at 5; *see also* Dkt. No. 81-2 (stay-put scheduling order); Dkt. No. 75 at 11 (explaining that a "stay-put" order "ensures the continuation of current educational placements during the pendency of any

---

[3] In addition, neither party argues that OSPI's voluntary change of its policy to allow 21-year-old students to remain in their special education placements moots this action. Dkt. No. 81 at 2; Dkt. No. 81-1 at 4–5; *see also Health Freedom Defense Fund, Inc. v. Carvalho*, 104 F.4th 715, 722, (9th Cir. 2024) (noting that "generally, a party's decision to stop the challenged conduct does not take away [a court's] power to hear and determine the case." (quotation marks and citation omitted)).

ORDER GRANTING MOTION FOR PROVISIONAL CLASS CERTIFICATION, A PRELIMINARY INJUNCTION, AND A DECLARATORY JUDGMENT - 5

proceedings to enforce IDEA rights" (quotation marks and citations omitted)). Thus, receipt of a high school diploma does not divest him of standing and this matter is not moot.

2. <u>Class Requirements Are Met</u>

Having determined that the Court continues to have jurisdiction over the matter, the Court turns to the requirements for class certification. Before certifying a class, a court "must ensure that the plaintiffs have made two showings, one under Rule 23(a) and one under Rule 23(b)." *DZ Rsrv. v. Meta Platforms, Inc.*, 96 F.4th 1223, 1232 (9th Cir. 2024); *accord Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 663 (9th Cir. 2022) (en banc).

First, the proposed class action must satisfy four prerequisites under Rule 23(a):

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

"Second, the class must fit into at least one of three categories outlined in Rule 23(b)." *DZ Rsrv.*, 96 F.4th at 1232. Here, Plaintiffs request that the Court certify a class under Rule 23(b)(2). Dkt. No. 35 at 12. That rule requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole[.]" Fed. R. Civ. P. 23(b)(2).

Defendants have withdrawn their argument that numerosity is unmet, and the parties "agree that the Rule 23(a) factors are satisfied for certification of a provisional class of students who are still eligible to receive special education under federal law." Dkt. No. 81 at 4. Even with that agreement, Plaintiffs have a duty to "affirmatively demonstrate" that a purported class complies with Rule 23's requirements. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

ORDER GRANTING MOTION FOR PROVISIONAL CLASS CERTIFICATION, A PRELIMINARY INJUNCTION, AND A DECLARATORY JUDGMENT - 6

As for the first Rule 23(a) factor, the Court finds that the proposed class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "[C]ourts need not determine the exact size of a class in order to find numerosity satisfied," and "[g]enerally, . . . a class that is likely to exceed forty members satisfies numerosity." *R.P.-K. v. Dep't of Educ.*, 272 F.R.D. 541, 547 (D. Haw. 2011). Here, Plaintiffs argue, and Defendants do not dispute, that "at least sixty and probably many more students who [were] receiving a FAPE in Washington public schools [turned] twenty-one on August 31, 2023, and [were] therefore subject to having their special education services terminated on September 1" of that year. Dkt. No. 35 at 10. Although some of those students may have turned 22 while this case was pending or are otherwise ineligible to receive special education services, the record does not illuminate how many students might fall into that category. In addition, the Court assumes a roughly equal number of students are in danger of aging out of their special education services with the impending end of the current school year. Accordingly, the numerosity requirement is satisfied.

To satisfy the second element, there must be a common contention "of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 350. That is the case here. Whether Washington's age-out law violates the IDEA is a dispositive question that applies to all members of the proposed provisional class. Thus, the commonality element is satisfied. *R.P.-K.*, 272 F.R.D. at 548 (finding that the "common question of law at issue before the Court is whether [Hawaii's law] is sufficient to override the IDEA's default age limitations in 20 U.S.C. § 1412(a)"); *accord A.R. v. Conn. State Bd. of Educ.*, No. 3:16-CV-01197 (CSH), 2020 WL 2092650, at *6 (D. Conn. May 1, 2020) ("It is evident that A.R.'s contention is common to all members of the purported class, which encompasses individuals in the state of Connecticut who—but for turning 21—would have qualified for a free appropriate

ORDER GRANTING MOTION FOR PROVISIONAL CLASS CERTIFICATION, A PRELIMINARY INJUNCTION, AND A DECLARATORY JUDGMENT - 7

public education under the IDEA until reaching the age of 22.").

Next, the Court considers whether E.A.'s claims are typical of the claims of the class. Fed. R. Civ. P. 23(a)(3). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *B.K. by next friend Tinsley v. Snyder*, 922 F.3d 957, 970 (9th Cir. 2019) (quotation marks and citation omitted). E.A.'s claims are typical of other putative class members who have suffered or will suffer the same injury—aging out of their special education placements before they turn 22—and the same State law and practice applies to all. Although E.A. is currently subject to a stay-put order and other putative class members may not be, that distinction does not defeat typicality because claims "need not be substantially identical." *Id.* at 969–70 (citation omitted). Thus, E.A.'s claims are typical of the proposed class.

The Court also finds that E.A. and class counsel are adequate class representatives, and they will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998), *overruled on other grounds by Wal-Mart*, 564 U.S. at 338; *see also Mansor v. U.S. Citizenship and Immigr. Servs.*, 345 F.R.D. 193, 206 (W.D. Wash. 2023). As in *R.P.-K.*, the named plaintiff is "represented by [his mother] who, according to [her] declaration[]," has "actively protected the rights of [her] child[] per the IDEA." 272 F.R.D. at 550; Dkt. No. 35-1 at 2. And Plaintiffs' counsel have significant experience in class action, civil rights, and disability law litigation. Dkt. No. 35-4 at 2–3; Dkt. No. 35-5 at 1–5; *see also R.P.-K.*, 272 F.R.D. at 550. Accordingly, the Court finds that E.A. and his counsel meet Rule 23(a)(4)'s

adequacy requirement, and that the requirements of Rule 23(a) are met.

Rule 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole[.]" Certifying a class under Rule 23(b)(2) is appropriate "only where the primary relief sought is declaratory or injunctive." *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1195 (9th Cir. 2001). "When a class seeks an indivisible injunction benefiting all its members at once, there is no reason to undertake a case-specific inquiry into whether class issues predominate or whether class action is a superior method of adjudicating the dispute." *Wal-Mart*, 564 U.S. at 362–63 (explaining that "[p]redominance and superiority are self-evident" in this circumstance); *see also Parsons v. Ryan*, 754 F.3d 657, 688 (9th Cir. 2014) (noting that this inquiry "does not require an examination of the viability or bases of the class members' claims for relief, does not require that the issues common the class satisfy a Rule 23(b)(3)-like predominance test, and does not require a finding that all members of the class have suffered identical injuries").

Here, Plaintiffs primarily seek declaratory and injunctive relief. Dkt. No. 31 at 14. Their amended complaint seeks a declaratory judgment finding that, among other things, Washington's age-out law conflicts with the IDEA, and asks the Court to "[e]njoin OSPI from allowing the termination of FAPE, and enjoin OSPI to ensure the immediate provision of FAPE as to Plaintiff N.D. and the members of the Plaintiff Class who have not yet turned 22[.]" *Id.* Although they also seek compensatory education for some students, that relief is not their primary objective. *Id.* The parties have engaged in settlement discussions regarding "the manner in which any compensatory education owed to [Plaintiffs] should be provided," and they plan to engage in mediation regarding that issue. Dkt. No. 81 at 2. Therefore, injunctive and declaratory relief is Plaintiffs' focus before the Court. In addition, the declaratory and injunctive relief they seek is "indivisible"—that is, "the

ORDER GRANTING MOTION FOR PROVISIONAL CLASS CERTIFICATION, A PRELIMINARY INJUNCTION, AND A DECLARATORY JUDGMENT - 9

conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Wal-Mart*, 564 U.S. at 360 (citation omitted). That is, if the Court declares that Washington's age-out law conflicts with the IDEA and enjoins OSPI from enforcing it, the benefit inures to the class a whole. Accordingly, Plaintiffs have satisfied the requirements of Rule 23(b)(2).

### 3. The Scope of the Provisional Class

The parties' joint status report stated that they intend to engage in mediation regarding the scope of a final class. Dkt. No. 81 at 2. In the meantime, the Court considers the scope of a provisional class to whom the requested preliminary injunction will apply.

Plaintiffs propose that an injunction "should apply to a provisional class that includes all Washington students who aged out of their special education programs at the end of the 2022-2023 school year who have not yet turned 22[.]" *Id.* at 3. They also contend that "given the impending age-out of another class of students and the clear determination by the Ninth Circuit that aging out current students prior to age 22 would be unlawful," the provisional class should include "all subsequent school years pending final injunctive relief." *Id.* Defendants generally agree with Plaintiffs' proposed composition of the provisional class with one clarification: "the provisional class of students who have aged out of their special education programs and who have not yet turned 22 should not include students who have graduated with a 'regular high school diploma' as defined at 34 C.F.R. § 300.102(a)(3)(iv), because federal law does not require the State to provide special education to such graduates[.]" *Id.* at 4 (citing 34 C.F.R. § 300.102(a)(3)(i)). Plaintiffs respond that Defendants' proposed carve-out is (1) inappropriate because it omits the additional procedures that must occur before a student's special education services can be terminated based on receipt of a high school diploma, and (2) unnecessary because Plaintiffs' proposed wording "does not prejudice the right or ability of [local educational agencies] to terminate a student's

ORDER GRANTING MOTION FOR PROVISIONAL CLASS CERTIFICATION, A PRELIMINARY INJUNCTION, AND A DECLARATORY JUDGMENT - 10

special education services via the appropriate procedures either on the basis of their having received a regular high school diploma" or lack of continuing need for services. *Id.* at 3. The Court agrees with Plaintiffs that the carve-out is unnecessary for those reasons.

Accordingly, and pursuant to the order from the Ninth Circuit, the Court certifies the following provisional class pursuant to Rule 23(b)(2):

> All students with disabilities in Washington who aged out of their special education programs at the end of the 2022-2023 school year who have not yet turned 22 and all students with disabilities in Washington at risk of aging out of their special education programs before they turn 22 years old as a result of Section 28A.155.020 of the Revised Code of Washington and Section 392.172A.02000(2)(c) of the Washington Administrative Code.

Dkt. No. 75 at 7; Dkt. No. 81 at 3.

**B.     The Court Issues a Declaratory Judgment**

The parties agree and propose that following the Ninth Circuit's order, the Court enter the following findings and declaratory relief:

> (a) Find and declare that OSPI's refusal to ensure the provision of FAPE to Plaintiff N.D., Plaintiff E.A., and the members of the Plaintiff Class on account of their age violates the IDEA;
>
> (b) Find and declare that, by this conduct, OSPI has violated 20 U.S.C. § 1407 and 20 U.S.C. § 1412(11);
>
> (c) Find and declare that Wash. Rev. Code § 28A.155.020 and Wash. Admin. Code § 392.172A.02000 are invalid as contrary to the IDEA to the extent they do not ensure eligible students receive a FAPE until they turn 22[.]

Dkt. No. 81 at 2. The parties' proposal that the Court enter "a Final Order on the Merits" is akin to a stipulated motion for a declaratory judgment on these issues. *Id.*; *Davidson v. Culver City*, 159 F. App'x 756, 758 (9th Cir. 2005) (noting that a stipulated declaratory judgment "qualifies as a final judgment on the merits").

Under the Declaratory Judgment Act, a court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could

ORDER GRANTING MOTION FOR PROVISIONAL CLASS CERTIFICATION, A PRELIMINARY INJUNCTION, AND A DECLARATORY JUDGMENT - 11

be sought." 28 U.S.C. § 2201(a). The Act gives federal courts discretion in determining whether to declare the rights of litigants or to decline to enter a declaratory judgment. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288–89 (1995). Exercising that discretion, a court should declare the parties' rights and obligations when the judgment will (1) clarify or settle the legal relations at issue, and (2) terminate or afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. *Cent. Mont. Elec. Power Co-op., Inc. v. Adm'r of Bonneville Power Admin.*, 840 F.2d 1472, 1475 n.1 (9th Cir. 1988). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation omitted). Here, the parties continue to have a substantial ongoing controversy regarding the issues set forth above, including whether Washington law is consistent with the IDEA and whether OSPI's actions have violated the IDEA. Dkt. No. 81 at 2. Entering a declaratory judgment as the parties request will settle these ongoing issues. Therefore, the Court issues the following declaratory judgment:

> (a) OSPI's refusal to ensure the provision of FAPE to Plaintiff E.A. and the members of the provisional class on account of their age violates the IDEA;
>
> (b) By this conduct, OSPI has violated 20 U.S.C. § 1407 and 20 U.S.C. § 1412(11);
>
> (c) Section 28A.155.020 of the Revised Code of Washington and Section 392.172A.02000 of the Washington Administrative Code are invalid as contrary to the IDEA to the extent they do not ensure eligible students receive a FAPE until they turn 22.

## C. The Court Issues a Preliminary Injunction

To obtain a preliminary injunction, plaintiffs must establish (1) that they are "likely to succeed on the merits," (2) that they are "likely to suffer irreparable harm in the absence of preliminary relief," (3) "that the balance of equities tips in [their] favor," and (4) "that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 24 (2008). The Ninth Circuit held that

ORDER GRANTING MOTION FOR PROVISIONAL CLASS CERTIFICATION, A PRELIMINARY INJUNCTION, AND A DECLARATORY JUDGMENT - 12

1   Plaintiffs "meet all four of the *Winter* requirements" and remanded to this Court for entry of a
2   preliminary injunction. Dkt. No. 75 at 23.

3   In light of that holding, the parties agreed that the Court should issue a preliminary
4   injunction against OSPI, "preventing it from enforcing the age-out provisions in Wash. Rev. Code
5   § 28A.155.020 and Wash. Admin. Code § 392.172A.0200[0](2)(c) and directing OSPI to take all
6   actions necessary to ensure those students are able to continue attending their programs pending
7   this litigation or until reaching the age of twenty-two." Dkt. No. 81 at 3 (quotation marks omitted).
8   Pursuant to their agreement and the Ninth Circuit's order, the Court issues a preliminary injunction
9   preventing OSPI from enforcing the age-out provisions in Section 28A.155.020 of the Revised
10  Code of Washington and Section 392.172A.02000(2)(c) of the Washington Administrative Code
11  and directing OSPI to take all actions necessary to ensure that disabled students are able to continue
12  attending their special education programs through disposition of this matter or until they reach
13  the age of 22. As set forth above, this preliminary injunction does not prejudice the right or ability
14  of local educational agencies to terminate a student's special education services via the appropriate
15  procedures either on the basis of their having received a regular high school diploma or lack of
16  continuing need for services.

17  Finally, the Court does not require Plaintiffs to post a bond or other security. Fed. R. Civ.
18  P. 65(c) (courts "may issue a preliminary injunction or a temporary restraining order only if the
19  movant gives security in an amount that the court considers proper to pay the costs and damages
20  sustained by any party found to have been wrongfully enjoined or restrained"). Despite the
21  seemingly mandatory language of the rule, it "invests the district court with discretion as to the
22  amount of security required, *if any*." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003)
23  (quotation marks and citations omitted). Defendants did not request security in their response to
24  the motion or in the parties' joint status report. Dkt. Nos. 36, 81; *see, e.g. Walsh v. Zazzali*, No.

ORDER GRANTING MOTION FOR PROVISIONAL CLASS CERTIFICATION, A PRELIMINARY INJUNCTION, AND A DECLARATORY JUDGMENT - 13

SACV-15-1970 JVS (JCGx), 2016 WL 7647556, at *6 (C.D. Cal. Feb. 8, 2016) (declining to require a bond when the defendant did not request one). Moreover, as set forth above, Defendants have already changed their policy and have not shown that they will suffer damages from an injunction. Dkt. No. 75 at 22–23; Dkt. No. 81 at 2; *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) ("The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct.") (cleaned up). Accordingly, the Court does not require Plaintiffs to post a bond.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion to certify a provisional class and for a preliminary injunction. Dkt. No. 35. It is ORDERED that Defendant Office of the Superintendent of Public Instruction is enjoined from enforcing the age-out provisions in Section 28A.155.020 of the Revised Code of Washington and Section 392.172A.02000(2)(c) of the Washington Administrative Code, and is directed to take all actions necessary to ensure that disabled students are able to continue attending their special education programs pending disposition of this matter or until they reach the age of 22. This preliminary injunction is effective immediately and will remain in effect through disposition of this matter or further order of this Court.

Plaintiff E.A. is appointed to serve as provisional class representative, and the firms of Cedar Law PLLC and Susman Godfrey L.L.P. are appointed to serve as class counsel for the provisional class. Fed. R. Civ. P. 26(g).

Dated this 10th day of July, 2024.

Lauren King
United States District Judge