UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| N.D., et al.,<br><br>                    Plaintiffs,<br><br>         v.<br><br>CHRIS REYKDAL, et al.,<br><br>                    Defendants. | CASE NO. 2:22-cv-01621-LK<br><br>ORDER DENYING WITHOUT PREJUDICE SECOND MOTION TO PRELIMINARILY APPROVE SETTLEMENT AGREEMENT |

This matter comes before the Court on Plaintiffs' Second Motion for Preliminary Approval of Class Action Settlement and for Certification of Settlement Class. Dkt. No. 88. Defendants filed a notice stating that they do not oppose the motion. Dkt. No. 90 at 1. Having reviewed and considered the parties' Settlement Agreement, Dkt. No. 89-1 at 2–3, and the balance of the record, the Court denies Plaintiffs' motion without prejudice for the following reasons.

The background facts are set forth in the Court's prior order denying without prejudice plaintiffs' first Motion for Preliminary Approval of Class Action Settlement and for Certification of Settlement Class and will not be repeated here. Dkt. No. 87 at 1–5. After the Court denied that

ORDER DENYING WITHOUT PREJUDICE SECOND MOTION TO PRELIMINARILY APPROVE SETTLEMENT AGREEMENT - 1

1   motion, Plaintiffs filed this motion seeking preliminary approval of the parties' amended class
2   action settlement and certification of a settlement class. Dkt. No. 88 at 1.

3   As the Court explained in its prior order, notice is important in this case even though class
4   members are not bound by the settlement agreement because they need to be aware of the
5   significant compensatory education benefits available under the settlement. Dkt. No. 87 at 11. In
6   addition, the class members' reaction to receiving the notice will be key in determining the value
7   of the settlement to the class. *Id.*

8   However, several problems exist with Plaintiffs' proposed notice plan for putative class
9   members. First, both proposed notices include an incorrect case number for this case. Dkt. No. 89-
10  2 at 2, 4–5 (listing the case number as "2:22-cv-016210-LK" instead of 2:22-cv-01621-LK); Dkt.
11  No. 89-3 at 2, 4–5 (same). An incorrect case number could impede class members' ability to look
12  up the docket and specific documents in this case, and may result in the misdirection and delay of
13  objections sent to the Court.

14  Second, Plaintiffs' motion contains two different time periods for the Office of the
15  Superintendent of Public Instruction ("OSPI") to direct local education agencies ("LEAs") to
16  provide direct notice to class members. The motion first states that "[w]ithin five business days of
17  the granting of preliminary approval by this Court, OSPI will direct LEAs to provide direct notice
18  to all class members[.]" Dkt. No. 88 at 7. But later, the same paragraph states that "[w]ithin two
19  weeks of the Court's order, OSPI will direct LEAs to send the notices to the student's last known
20  address[.]" *Id.* at 7–8. Neither the motion nor the settlement agreement explains this discrepancy,
21  and the settlement agreement does not include any deadline by which direct notice must occur.

22  Third, the settlement agreement states that in addition to direct notice to class members,
23  OSPI "shall publish notice of this settlement, including a link to the Court's *judgment*, on its
24  website and in its regular bulletins for a period of at least 30 days following the Court's *judgment*."

ORDER DENYING WITHOUT PREJUDICE SECOND MOTION TO PRELIMINARILY APPROVE SETTLEMENT AGREEMENT - 2

Dkt. No. 89-1 at 2 (emphases added). The Court will enter judgment in this case only after proceedings have concluded, including a final fairness hearing and final approval of the class action settlement, attorney's fees, and costs. Notice provided after judgment will not be useful to alert class members of their rights to review the Court's preliminary approval order and to provide objections before final approval. This error in the settlement agreement appears to have been an oversight; Plaintiffs' motion states that "notice will be provided through OSPI's website and its regular bulletins for a period of at least 30 days, starting within five business days of the Court's *order*" on the motion for preliminary approval. Dkt. No. 88 at 8 (emphasis added). Furthermore, to the extent that Plaintiffs' motion implies that OSPI's website will only provide information about the settlement for 30 days following a preliminary approval order, such a limited time period would be inconsistent with the direct notice, which states that "[t]he full settlement agreement is available at the following website: [OSPI website]," suggesting—appropriately—that the amended Settlement Agreement will be available on OSPI's website through at least the conclusion of this matter. Dkt. No. 89-2 at 4.

Finally, the amended Settlement Agreement continues to require the Court to exercise jurisdiction over a broad swath of appeals of "any proposal" to offer compensatory education and the failure of LEAs to reconvene IEP teams. Dkt. No. 89-1 at 2–3. As the Court previously stated, Plaintiffs cite no authority in support of the Court retaining such broad jurisdiction to adjudicate what could be scores of individual appeals and challenges. Dkt. No. 87 at 10–11. Any such cases would turn on individualized facts with which this Court would have no student-specific background or expertise. Absent any such ties justifying continuing jurisdiction, the Court will not depart from the default rule of case assignment "by random selection." LCR 3(d); *see also Reardon v. Wenski*, No. 11-24606-CIV-ZLOCH, 2012 WL 718719, at *1 (S.D. Fla. Mar. 6, 2012) ("[R]andom assignment protects the integrity of the judicial system by leaving the pairing of cases

ORDER DENYING WITHOUT PREJUDICE SECOND MOTION TO PRELIMINARILY APPROVE SETTLEMENT AGREEMENT - 3

and judges to chance." (cleaned up)). And as the Court previously noted, there appears to be no reason to retain jurisdiction to adjudicate any individual students' appeals when Washington law provides that an aggrieved student may file a civil action. Wash. Admin. Code § 392-172A-05115(1); *see Beltran v. Olam Spices & Vegetables, Inc.*, Case No. 1:18-cv-01676-NONE-SAB, 2020 WL 2850211, at *14 (E.D. Cal. June 2, 2020) (recommending that the court deny the parties' request for continuing jurisdiction as unnecessary), *report and recommendation adopted*, 2021 WL 4318141 (E.D. Cal. Sept. 23, 2021).

For the foregoing reasons, the Court DENIES without prejudice Plaintiffs' Second Motion for Preliminary Approval of Class Action Settlement and for Certification of Settlement Class. Dkt. No. 88. The Court reminds Plaintiffs that they may not seek attorney's fees for their work correcting counsel's mistakes in any forthcoming third motion for preliminary approval. *See, e.g.*, *Bd. of Trs. of Locs. 302 & 612 of the Int'l Union of Operating Eng'rs Constr. Indus. Health & Sec. Fund v. RG Constr., Inc.*, No. 2:21-CV-01313-LK, 2023 WL 2741928, at *5 (W.D. Wash. Mar. 31, 2023).

Dated this 15th day of October, 2024.

Lauren King
United States District Judge