The Honorable Lauren King

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| N.D. et al., on behalf of a class of those similarly situated, | No. 2:22-cv-01621-LK |
| Plaintiffs, | |
| v. | |
| CHRIS REYKDAL, in his capacity as the SUPERINTENDENT OF PUBLIC INSTRUCTION and OFFICE OF THE SUPERINTENDENT OF PUBLIC INSTRUCTION, a Washington State agency, | **PLAINTIFFS' UNOPPOSED THIRD MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FOR CERTIFICATION OF SETTLEMENT CLASS** |
| Defendants. | |
| | **Note on Motion Calendar:** |
| | **October 22, 2024** |

Plaintiffs respectfully submit this Third Motion for Preliminary Approval of a Class Action Settlement, following this Court's Denial without Prejudice of their second motion (Dkt.91). This renewed motion addresses the issues raised in the Court's denial, including changed language in the Settlement Agreement to reflect the proposed notification scheme and clarification of the requested jurisdictional retention. This motion is unopposed.

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND FOR
CERTIFICATION OF SETTLEMENT CLASS
1
No. 2:22-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

## I.    INTRODUCTION

Following more than a year of litigation, including an appeal to the Ninth Circuit, the parties have reached a resolution that ensures all Washington students who were previously exited from Special Education based on their age prior to turning twenty-two, within the last three years, will be provided the compensatory education they are entitled to, and ensures future students will not be unlawfully exited prior to their twenty-second birthday moving forward. The agreement includes certification of a class of students who, within the two years prior to the filing of this lawsuit and up to the present, were exited from special education services due to age before their twenty-second birthday, and would require the Office of Superintendent of Public Instruction (OSPI) to use its regulatory and supervisory powers to (1) ensure that, for students still under the age of twenty-two, Local Educational Agencies (LEAs) allow those students to access a Free Appropriate Public Education (FAPE) until their twenty-second birthday, and (2) ensure that, for students who have been exited from special education, LEAs convene Individualized Education Program (IEP) teams to award "compensatory education" "to students in the class according to the recommendations of their IEP teams." Students who disagree with recommendations of their IEP teams regarding the award of compensatory education retain the right to pursue Due Process or a Community Complaint with OSPI to challenge those recommendations. The proposed settlement agreement also provides specific monetary relief to the guardians of proposed class representatives N.D. and E.A. in amounts consistent with what an award of compensatory education would be for those students, and provides for an award of attorneys' fees incurred, pursuant to 20 U.S.C. § 1415(i)(3).

For the following reasons, Plaintiffs respectfully request that the Court: (1) certify the proposed settlement class, (2) appoint as class counsel the law firms of Susman Godfrey

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND FOR
CERTIFICATION OF SETTLEMENT CLASS
2
No. 2:22-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

LLP and Cedar Law PLLC, (3) appoint N.D. and E.A., by and through their respective guardians, as class representatives, (4) grant preliminary approval of the settlement, (5) approve the proposed notice plan, and (6) schedule any final fairness hearing and related deadlines.

## II.    FACTUAL BACKGROUND

Plaintiffs filed this putative class action in November of 2022, seeking declaratory and injunctive relief against Defendants Superintendent Chris Reykdal and the Office of Superintendent of Public Instruction ("OSPI," collectively "Defendant"), alleging that they violated the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 et seq., by failing to ensure school districts in Washington provide FAPE to "all children with disabilities … between the ages of 3 and 21, inclusive." 20 U.S.C. § 1412(a). Washington law, as currently written, only requires LEAs to provide a FAPE until the end of the school year in which a student turns twenty-one. Wash. Rev. Code § 28A.155.020 and Wash. Admin. Code § 392.172A.02000(2)(c). In defense of this law, Defendants relied on 20 U.S.C. § 1412(a)(1)(B)(i), which provides an exception to the age twenty-two requirement if "application to [students age 18 to 21] would be inconsistent with State law or practice…," alleging that Washington does not provide free public education to students older than twenty-one and therefore could exit students once they turned twenty-one. Plaintiffs sought provisional class certification and a preliminary injunction (Dkt. No. 35) preventing enforcement of Wash. Rev. Code § 28A.155.020 and Wash. Admin. Code § 392.172A.0200(2)(c). The Court denied the preliminary injunction (Dkts. No. 58 and 72) and Plaintiffs appealed.

The Ninth Circuit reversed, holding that "Washington in fact provides free public education to nondisabled students of age 21 and older" and therefore, "[u]nder *E.R.K,* that

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND FOR
CERTIFICATION OF SETTLEMENT CLASS
3
No. 2:22-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

makes section 1412(a)(1)(B)(i) inapplicable to Washington." *N.D. v. Reykdal,* 102 F.4th 982, 994 (9th Circ. 2024) (cleaned up).

Following remand from the Ninth Circuit, the Court granted provisional certification to a class of students yet to be exited from special education and issued a preliminary injunction (Dkts. No. 75 and 83). The Court also issued the following declaratory judgment:

(a) OSPI's Refusal to ensure the provision of FAPE to Plaintiff E.A. and the members of the provisional class on account of their ages violates the IDEA;

(b) By this conduct, OSPI has violated 20 U.S.C. § 1407 and 20 U.S.C. § 1412(11);

(c) Section 28A.155.020 of the Revised Code of Washington and Section 392.172A.02000 of the Washington Administrative Code are invalid as contrary to the IDEA to the extent they do not ensure eligible students receive a FAPE until they turn 22.

On July 3, 2024, Defendants provided to Plaintiffs an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68. Following further negotiations, the parties reached a settlement agreement.

### III.    SETTLEMENT AGREEMENT TERMS

The full text of the settlement agreement is attached to the Third Declaration of Alex Hagel, Ex. 1. The following generally summarizes the Agreement's terms.

#### 1. Settlement Class

The proposed Settlement Class is comprised of:

> All students in Washington who were exited from special education services due to age before their 22nd birthday between November 11, 2020 and the present.

The proposed class is the result of extended negotiations between the parties about which students may be eligible, including the Court's ruling regarding the provisional class. Dkt. No. 83 at 11. ("the Court agrees with Plaintiffs that the carve-out [for students exited

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FOR CERTIFICATION OF SETTLEMENT CLASS
4
No. 2:22-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

based on receiving a high school diploma] is unnecessary"). The class definition also accounts for the IDEA's two-year statute of limitations. *See* 20 U.S.C. § 1415(6)(B).

### 2. Further Declaratory Relief

Parties agree to the following declaratory relief, which specifically identifies that the state's policy of exiting students prior to their twenty-second birthday presently violates the IDEA, violated the IDEA during the prior two years, and will continue to violate the IDEA absent substantial changes to the adult secondary education programs;

> the state's policy of aging students out of special education at the end of the school year in which they turn 21 pursuant to Wash. Rev. Code § 28A.155.020 and Wash. Admin. Code § 392.172A.02000(2)(c) presently violates the IDEA, has violated the IDEA at all times during the two years preceding the filing of this lawsuit, and will continue to violate the IDEA absent a substantial change in the state's policies for charging and waiving tuition for its adult secondary education programs.

This declaratory relief is in addition to the relief already ordered by the Court. Dkt. No. 83. The agreement contains no release language and is instead framed as a judgment against the Defendant.

### 3. Actions to be taken by OSPI

OSPI will take the following actions to ensure that LEAs comply with the Court's ruling that Wash. Rev. Code § 28A.155.020 and Wash. Admin. Code § 392.172A.02000(2)(c) violate the IDEA;

> a. Direct LEAs to extend age eligibility for special education services until the student's 22nd birthday.
>
> b. Direct LEAs to offer to immediately resume services under the last implemented IEP for each student who has not yet turned 22 who aged out during the pendency of the lawsuit.
>
> c. Direct LEAs to reconvene IEP teams for all students in the class who wish to receive an award of compensatory education.

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND FOR
CERTIFICATION OF SETTLEMENT CLASS
5
No. 2:22-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

d. Direct LEAs that they may not decline to provide compensatory education on grounds of age for IEP services not provided to class members as a result of their exit prior to turning age 22.

### 4. Provision of Compensatory Education to Settlement Class Members

Under this agreement, the provision of compensatory education to eligible students will be handled by LEAs based on the recommendation of each class member's properly constituted IEP team. As mentioned above, OSPI will utilize its supervisory powers, to the extent authorized by law, to ensure that LEAs provide the necessary compensatory education. Additionally, should the LEA and class member agree, they may receive monetary compensation in lieu of compensatory education. Also, any class member who has privately paid for educational programs may seek reimbursement of those expenses from their LEA.

The agreement preserves the right of class members to use of either Due Process Hearing procedures (Wash. Admin. Code § 392-172A-05090) or OSPI's Community Complaint process (Wash. Admin. Code § 392-172A-05025) to challenge any proposed offers of compensatory education by an LEA, or the failure of an LEA to reconvene an IEP team.

### 5. Reimbursement to guardians of N.D. and E.A.

The agreement further provides direct reimbursement by OSPI to the guardians of N.D. and E.A. for documented educational expenses. For E.A. this totals up to $60,000 that his family has incurred to provide private educational services since his exit on August 31, 2023, in lieu of his return to the Selah School District. For N.D., OSPI will either directly pay for or reimburse his guardians up to $150,000 in documented educational expenses,

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND FOR
CERTIFICATION OF SETTLEMENT CLASS
6
No. 2:22-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

the specifics of which are identified in the agreement. That fund will be available to use for five years from the entry of judgment.

### 6. Reasonable Attorney's Fees and Costs

OSPI has agreed to pay all of Plaintiffs' reasonable attorney's fees and costs incurred in this action, through the entry of the final approval by this court as the prevailing party under 20 U.S.C. § 1415(i)(3). This includes fees incurred as part of the preliminary injunction appeal, consistent with Dkt. No. 80. As of filing, Plaintiffs' total attorneys' fees equal approximately $440,000 between Susman Godfrey and Cedar Law. A final motion will be filed contemporaneously with any motion for final approval.[1]

### 7. Notice

Notice will be provided to class members in multiple ways using one of two notice forms. Within five business days of the granting of preliminary approval by this Court, OSPI will direct LEAs to provide direct notice to all class members who were assigned an "exit code" of "RMA" (Reached Maximum Age) or "D2" since November 11, 2020. *See* Dkt. No. 35-3 at 36 for OSPI's explanation of exit codes. The full text of that notice template is attached to the Settlement Agreement at Exhibit A. That notice will inform potential class members of the nature of the suit, the settlement terms, how to obtain more information about settlement, how the class member may object if they disagree with the Agreement, and specify who class members should contact at the LEA to schedule the required IEP

---

[1] The settlement agreement also provides for attorney's fees during any guardian ad litem process the Court may require pursuant to LCR 17(c). However, it is Plaintiffs' position that because the Court already must approve the agreement and because N.D. and E.A. are both represented by their parents, who are court appointed guardians, the use of a guardian ad litem is unnecessary ("the court may dispense with the appointment of the guardian ad litem if a general guardian has been previously appointed for such minor or incompetent.) LCR 17(c).

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND FOR
CERTIFICATION OF SETTLEMENT CLASS
7
No. 2:22-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

meeting. LEAs will be directed to send the notices to the student's last known address, or if an address for the student is unknown, the last known address of the students' parents and/or legal guardians.

Further notice will be provided through OSPI's website and its regular bulletins starting within five business days of the Court's order granting preliminary approval. OSPI will maintain the notice on their website for at least 30 days after the Court grants final approval of the Settlement Agreement. OSPI will, at the same time, send the same publication information to various disability advocacy organizations in Washington, including The Arc of Washington State, the Washington Autism Alliance, and Disability Rights Washington, with permission to republish the notice. That notice, attached to the Settlement Agreement as Exhibit B, will contain the same information above, except without reference to a specific individual, instead recommending that students contact their district's director of special education or Plaintiffs' counsel to schedule the required IEP meeting.

OSPI will further direct LEAs to report the number of students who have scheduled or attempted to schedule an IEP meeting by a specific date – at least thirty days prior to the planned fairness hearing.

### 8. Retaining Jurisdiction

Finally, the parties request that this Court retain jurisdiction over "the administration, consummation, enforcement, and interpretation of any approved settlement agreement and any Court orders approving the settlement agreement for five years." Prior versions of the agreement requested that this Court retain jurisdiction over appeals and refusals to hold IEP meetings pursuant to Wash. Admin. Code § 392-172A-05090 and Wash. Admin. Code § 392-172A-05025, but that has been removed.

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND FOR
CERTIFICATION OF SETTLEMENT CLASS
8
No. 2:22-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

## IV.    ARGUMENT

As a matter of "express public policy," federal courts strongly favor and encourage settlements, particularly in class actions and other complex matters, where the inherent costs, delays, and risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain. *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (noting the "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned"). Fed. R. Civ. P. 23(e) provides that a class action may be settled "only with the court's approval." Rule 23(e)(2) requires that a proposed settlement be evaluated to be "fair, reasonable, and adequate." Here, the proposed settlement is the best vehicle for the settlement class members to receive the relief to which they may be entitled in a prompt and efficient manner.

### 1.    The Settlement Class should be certified for settlement purposes.

As noted above, the settlement class is defined as:

> All students who were exited from special education services due to age before their 22nd birthday between November 11, 2020 and the present.

The certification of the settlement class is appropriate for all the reasons articulated in Plaintiffs' Motion for Class Certification, Dkt. No. 45, as well as this Court's Order Granting Provisional Class Certification, Dkt. No 83. That is, under Rule 23(a), the settlement class meets the four criteria: (1) numerosity of the class members; (2) commonality of the factual [or] legal issues; (3) typicality of the claims of the named plaintiffs; and (4) adequacy of representation.

A proposed class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "'[I]mpracticability' does not mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the class." *Harris v. Palm*

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND FOR
CERTIFICATION OF SETTLEMENT CLASS
9
No. 2:22-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

*Springs Alpine Ests., Inc.*, 329 F.2d 909, 913–14 (9th Cir. 1964). "When the exact number of class members cannot be ascertained, the court may make common sense assumptions to support a finding of numerosity." R.P.-K., 272 F.R.D. at 547 (quotation omitted). While "[t]here is no specific number of class members required, classes of more than sixty are sufficiently large." Johnson v. City of Grants Pass, 50 F.4th 787, 803 (9th Cir. 2022).

Numerosity may also be satisfied where, even if the number of current class members is relatively small, joinder is "inherently impracticable" because the class also contains future members, or when specific facts of the case make joinder impractical. *See Gen. Tel. Col. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 330 (1980); *R.P.-K.*, 272 F.R.D. at 548. "Further weighing in Plaintiffs' favor are the specific facts of [a] case … [in which a] class is comprised exclusively of learning-disabled youth. It is extremely unlikely that [such] individuals would bring individual actions challenging the validity of [a policy]." *Id.* (cleaned up).

As this Court found regarding the provisional class certification (Dkt. No. 83 at 7), numerosity is already satisfied for one years' worth of students at risk of aging out – "Plaintiffs argue, and Defendants do not dispute, that 'at least sixty and probably many more students who [were] receiving a FAPE in Washington public schools [turned] twenty-one on August 31, 2023, and [were] therefore subject to having their special education services terminated on September 1' of that year." Dkt. No. 83 at 7. Thus, the additional years contained within the settlement class only bolster the number of class members.

Regarding commonality, this Court has already held "whether Washington's age-out law violates the IDEA is a dispositive question that applies to all members of the proposed provisional class. Thus, the commonality element is satisfied." That finding holds true for the settlement class as well.

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND FOR
CERTIFICATION OF SETTLEMENT CLASS
10
No. 2:22-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

Both N.D. and E.A.'s injuries are typical of the class. Both students were unlawfully exited from their special education programming on September 1, 2022 and 2023 respectively. Neither student had turned twenty-two at the time of their exit and thus suffered irreparable harm from the disruption of their special education services. *See N.D.,* 102 F.4th at 995 (agreeing that "[i]t is almost beyond dispute that wrongful discontinuation of a special education program to which a student is entitled subjects that student to actual irreparable harm"), citing *Cosgrove v. Board of Educ. of Niskayuna Cent. Sch. Dist.*, 175 F. Supp. 2d 375, 392 (N.D.N.Y. 2001). This harm is the same injury all class members suffered.

Finally, N.D. and E.A., by and through their guardians, as well as their legal counsel Ian Crosby of Susman Godfrey LLP and Alex Hagel and Lara Hruska of Cedar Law PLLC, are adequate class representatives. Both N.D. and E.A. are represented by their parents who have actively participated in the litigation and previously advocated for the rights of their children. *See* Dkt. Nos. 35-1 and -2. And this Court has likewise found "Plaintiffs' counsel have significant experience in class action, civil rights, and disability law litigation." Dkt. No. 83 at 9.

Certification is appropriate under 23(b)(2). Rule 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole[.]" Certifying a class under Rule 23(b)(2) is appropriate "only where the primary relief sought is declaratory or injunctive." *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1195 (9th Cir. 2001). "When a class seeks an indivisible injunction benefiting all its members at once, there is no reason to undertake a case-specific inquiry into whether class issues predominate or whether class action is a superior method of adjudicating the dispute." *Wal-Mart*, 564 U.S. at 362–63 (explaining that "[p]redominance and superiority

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND FOR
CERTIFICATION OF SETTLEMENT CLASS
11
No. 2:22-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

are self-evident" in this circumstance); see also *Parsons v. Ryan*, 754 F.3d 657, 688 (9th Cir. 2014) (noting that this inquiry "does not require an examination of the viability or bases of the class members' claims for relief, does not require that the issues common the class satisfy a Rule 23(b)(3)-like predominance test, and does not require a finding that all members of the class have suffered identical injuries").

The settlement agreement contains primarily injunctive relief. As discussed above, the agreement requires OSPI to take specific actions (predominately issuing directives to LEAs) to ensure that students can access the special education services they are entitled to until age twenty-two, and to ensure that LEAs convene IEP teams to determine and provide compensatory education for those students who have already turned twenty-two. OSPI is also required to "ensure through the exercise of its supervisory powers, to the extent authorized by law, that LEAs comply with these directions." This type of injunctive relief, designed to "benefit[] all its members at once" makes certification under 23(b)(2) appropriate.

## 2. The proposed settlement should be preliminarily approved

The court's role at the preliminary approval stage is to ensure that "the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) (citation omitted); see also *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015). Under Rule 23(e)(2), a district court considers whether (A) the class representatives and their counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided by the settlement is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND FOR
CERTIFICATION OF SETTLEMENT CLASS
12
No. 2:22-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

relief including the method of processing class-member claims, if required; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; (iv) any agreement required to be identified under Rule 23(e)(3) made in connection with the proposed settlement; and (D) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

### a. The Settlement is the Product of Serious, Informed, and Non-Collusive Negotiations.

The parties negotiated the settlement at arm's length over weeks of back and forth between skilled and competent practitioners, following remand from the Ninth Circuit. Although parties intended to engage in mediation (Dkt. Nos. 82 and 84), mediation was ultimately not necessary to reach an agreement on the disputed issues. Counsel negotiated the settlement with the benefit of many years of prior experience working, both in class actions and within the special education context and with a solid understanding of the facts and law of this case, having conducted significant fact discovery prior to the reaching an agreement. The recommendation of experienced counsel weighs in favor of granting approval and creates a presumption of reasonableness. See *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 257 (N.D. Cal. 2015) ("The trial court is entitled to, and should, rely upon the judgment of experienced counsel for the parties.")

### b. The injunctive nature of the relief and use of IEP teams to determine compensatory education is appropriate.

While Plaintiffs had initially sought compensatory education provided directly by OSPI, as was the case in *E.R.K v. Hawaii,* 728 F.3d 982 (9th Circ. 2013), the use of individual IEP teams to determine compensatory education for class members provides an effective means of determining individual compensatory education awards and

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND FOR
CERTIFICATION OF SETTLEMENT CLASS
13
No. 2:22-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

alleviates the need for the parties to potentially litigate those issues for all class members. In fact, IEP teams are better positioned to provide individualized review of each class members' needs by a team familiar with both the student and the resources available to the specific LEA. It is also aligned with "the core of the IDEA" which is "the cooperative process that it establishes between parents and schools... The central vehicle for this collaboration is the IEP process." *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 53 (2005).

OSPI's obligation to ensure LEAs convene IEP teams provides a tangible benefit to all class members, whether or not the class member ultimately makes use of those services. Further, class members who do not agree with the proposed compensatory education have available to them two different options for challenging the decision – filing for due process or submitting a Community Complaint to OSPI. With those procedural safeguards in place, Plaintiffs' counsel believes proposed settlement is fair and reasonable.

### c. Individual Reimbursements to N.D. and E.A. are Reasonable

As part of the agreement, OSPI has agreed to reimburse E.A.'s guardians up to $60,000 and N.D.'s guardians up to $150,000 for expenses incurred educating their children after being exited. To access these awards, Plaintiffs are required to submit evidence showing "documented expenses." Under the settlement agreement, this type of reimbursement model is potentially available to any class member working with their individual IEP team;

> If a student, IEP team, and LEA agree, a student may receive monetary compensation in lieu of compensatory education. Any class members who have paid privately for special education services after having been exited due to age from LEA-provided special education programs may seek reimbursement of such documented expenses, and OSPI shall direct LEAs to offer reimbursement of reasonable expenses in

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND FOR
CERTIFICATION OF SETTLEMENT CLASS
14
No. 2:22-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

line with the prior recommendations of the class member's
IEP team.

The sole distinction is that the funds will come directly from OSPI, rather than their LEAs. While not necessarily a "service" or "incentive" award, "[i]ncentive awards that are intended to compensate class representatives for work undertaken on behalf of a class 'are fairly typical in class action cases.'" *In re Online DVD*, 779 F.3d at 943 (quoting *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009)). Because the same type of award is available to all members of the class, and because they are based on documented expenses related directly to the lost educational opportunities, the individual awards to N.D. and E.A.'s guardians are appropriate.

### d. Plaintiffs' Request for Fees Are Reasonable

Defendant has agreed to pay all Plaintiffs' reasonable attorney's fees and costs incurred in this action through the entry of the settlement decree by the Court, which as of the date of filing totals close to $440,000. The Ninth Circuit has approved two methods for calculating attorneys' fees depending on the circumstances: the lodestar method and the percentage-of-recovery method. Under the lodestar method, the prevailing attorneys are awarded an amount calculated by multiplying the hours they reasonably expended on the litigation by their reasonable hourly rates. *Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003). Prior to final approval, Plaintiffs' Counsel will file a separate motion for an award of attorney's fees and costs, based on the lodestar method, addressing in greater detail the facts and law supporting their fee request in light of all of the relevant facts.

### V.    CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request that the Court: (1) certify the proposed settlement class, (2) appoint as class counsel the law firms of Susman

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND FOR
CERTIFICATION OF SETTLEMENT CLASS
15
No. 2:22-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

1    Godfrey LLP and Cedar Law PLLC, (3) appoint N.D. and E.A., by and through their

2    respective guardians, as class representatives, (4) grant preliminary approval of the

3    settlement, (5) approve the proposed notice plan, and (6) schedule any final fairness

4    hearing and related deadlines. In order to allow time for class members to engage with their

5    LEAs and for OSPI to gather data on the number of class members involved, Plaintiffs

6    request a final fairness hearing be scheduled 90 days from the issuance any preliminary

7    approval.

Dated: October 22, 2024.                    Respectfully submitted,

By:    /s/ Ian B. Crosby
       Ian B. Crosby, WSBA 28461
       icrosby@susmangodfrey.com
       SUSMAN GODFREY L.L.P.
       401 Union Street, Suite 3000
       Seattle, WA 98101
       Telephone: (206) 516-3880
       Facsimile: (206) 516-3883

By:    /s/ Lara Hruska
       Lara Hruska, WSBA 46531
       lara@cedarlawpllc.com
       Alex Hagel, WSBA 55423
       alex@cedarlawpllc.com
       Kaitlin Leifur-Masterson, Rule 9 9874675
       kaitlin@cedarlawpllc.com
       CEDAR LAW PLLC
       113 Cherry Street, PMB 96563
       Seattle, WA 98104
       Telephone: (206) 607-8277
       Facsimile: (206) 237-9101

       *Attorneys for Plaintiffs*

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND FOR
CERTIFICATION OF SETTLEMENT CLASS
16
No. 2:22-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

1

2
## <u>CERTIFICATE OF COMPLIANCE</u>

3
     I certify that this reply contains 4,324 words, in compliance with the Local Civil

4
Rules.

5

6
                        */s/ Ian B. Crosby*
                        Ian B. Crosby, WSBA 28461

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND FOR
CERTIFICATION OF SETTLEMENT CLASS
17
No. 2:22-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

## CERTIFICATE OF SERVICE

I hereby certify that on this day I caused the foregoing document to be served, via electronic mail, per agreement, on the following:

BRIAN ROWE, WSBA #56817
S. TODD SIPE, WSBA #23203
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744
Brian.Rowe@atg.wa.gov
Todd.Sipe@atg.wa.gov

*Counsel for Defendants*

I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

DATED this 22 day October, 2024, at Seattle Washington.

*/s/ Ian B. Crosby*
Ian B. Crosby, WSBA #28461

PLAINTIFFS' SECOND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND FOR
CERTIFICATION OF SETTLEMENT CLASS - 1

No. 2:22-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883