1. The Court shall certify a settlement class of "all students in Washington who were exited from special education services due to age before their 22nd birthday between November 11, 2020 and the present."

2. The Court shall enter a declaration that the state's policy of aging students out of special education at the end of the school year in which they turn 21 pursuant to Wash. Rev. Code § 28A.155.020 and Wash. Admin. Code § 392.172A.02000(2)(c) presently violates the IDEA, has violated the IDEA at all times during the two years preceding the filing of this lawsuit, and will continue to violate the IDEA absent a substantial change in the state's policies for charging and waiving tuition for its adult secondary education programs.

3. OSPI shall direct local education agencies (LEAs) to extend age eligibility for special education services until the student's 22nd birthday.

4. OSPI shall direct LEAs to offer to immediately resume services under the last implemented IEP for each student who has not yet turned 22 who aged out during the pendency of the lawsuit.

5. Within five business days of the Court granting preliminary approval of this agreement, OSPI shall direct LEAs to provide individualized notice of this settlement to all students who were assigned an exit code of "RMA" or "D2" at any time in the two years preceding the filing of this lawsuit and up to the present. The template notice is attached as Exhibit A.

6. Within five business days of the Court granting preliminary approval of this agreement, OSPI shall publish notice of this settlement, including a link to the Court's order, on its website and in its regular bulletins. Such notice shall continue to be published for a period of at least 30 days following the Court's granting of final approval and judgment. The content of that notice is attached as Exhibit B.

7. OSPI shall send the same publication notice to The Arc of Washington State, the Washington Autism Alliance, and Disability Rights Washington, and shall agree to those organizations' re-publication of the notice.

8. The notice shall in all cases state that the students who exited their special education programs due to their age before their 22nd birthday in the two years preceding the filing of this lawsuit may be eligible for an award of compensatory education (and reinstatement if not yet 22 years old) under this settlement, subject to the recommendation of their IEP team or as may be ordered by the Court.

9. OSPI shall direct LEAs to reconvene IEP teams for all students in the class who wish to receive an award of compensatory education. Compensatory education shall be awarded to students in the class according to the recommendations of their IEP teams. If a student, IEP team, and LEA agree, a student may receive monetary compensation in lieu of compensatory education. Any class members who have paid privately for special education services after having been exited due to age from LEA-provided special education programs may seek reimbursement of such documented expenses, and OSPI shall direct LEAs to offer reimbursement of reasonable expenses in line with the prior recommendations of the class member's IEP team. OSPI shall direct LEAs that they may not decline to provide compensatory education on grounds of age for IEP services not provided to class members as a result of their exit prior to turning age 22. OSPI shall ensure through the exercise of its supervisory powers, to the extent authorized by law, that LEAs comply with these directions.

10. OSPI's direction to LEAs shall be without prejudice to the right or ability of LEAs to deny compensatory education via appropriate procedures either on the basis of having

received a regular high school diploma or lack of continuing need for services as of the time that services were withdrawn.

11. OSPI will further direct LEAs to report the number of students who have scheduled or attempted to schedule an IEP meeting by a specific date – at least thirty days prior to the planned fairness hearing.

12. Class members shall retain all rights to initiate a due process hearing or community complaint to challenge (a) any proposal or refusal to offer compensatory education by an LEA that has reconvened a class member's IEP team at OSPI's direction pursuant to this settlement and (b) any failure by an LEA to follow OSPI's direction to reconvene their IEP teams.

13. OSPI shall reimburse the guardians of E.A. for up to $60,000 in documented expenses incurred to provide him with private educational and related support services since he was exited from the Selah School District on August 31, 2023, and, in lieu of reinstatement in the Selah School District and to avoid further disruption, shall continue to fund those services through the end of the current school year on August 31, 2024.

14. OSPI shall directly pay for or reimburse the guardians of N.D. for up to $150,000 in documented expenses for educational services, including without limitation occupational therapy, vocational instruction/counseling, speech therapy, applied behavior analysis, tutoring, social activities, day programming, or any other services that could be available to special education students under the IDEA, including related services such as transportation; Plaintiffs will have up to five years from the entry of judgment to seek such services and will submit all claims for reimbursement within 90 days of the five-year period ending.

15. OSPI shall pay all Plaintiffs' reasonable attorney's fees and costs incurred in this action through the entry of the settlement decree by the Court, as well as for any guardian ad litem whose appointment the Court may require pursuant to LCR 17(c) or otherwise, and without prejudice to future applications for attorneys' fees incurred in connection with the administration or enforcement of the settlement.

16. The Court shall retain jurisdiction over the administration, consummation, enforcement, and interpretation of any approved settlement agreement, and any Court orders approving the settlement agreement for five years.

# Exhibit A

Date

Student
Address
Address

Re: Class Action Settlement in *N.D., et al. v. Reykdal*

Dear ________ [fill in Student/Family name],

You are receiving this notice because our records indicate you or your child were eligible for special education in the State of Washington any may have been exited from special education due to your age anytime between November 11, 2020, and the present day, prior to turning twenty-two years old. If so, you may be affected by a proposed class action settlement.

A proposed settlement has been reached in a class action lawsuit called *N.D., et al., v. Reykdal*, Case No. 2:22-cv-01621-LK. This lawsuit challenges the State of Washington's and the Office of Superintendent of Public Instruction's ("OSPI") policy of exiting students from special education prior to turning twenty-two years old. The parties in the lawsuit have proposed to settle the case, and the U.S. District Court for the Western District of Washington, the Honorable Lauren King, must decide whether to approve the Settlement.

This notice will tell you about your rights under the settlement. You are not being sued, and this is not an advertisement. Please read this notice, and if you have questions about anything in the notice see the contact information on page 3.

Please do not telephone the Court or the Court Clerk's Office to inquire about this settlement.

**What is the lawsuit about?**

*N.D., et al., v. Reykdal* is a federal court case brought on behalf of a group (a "class") of students eligible for special education, who were exited from their special education class on based on their age ("aged out") prior to turning twenty-two years old. A case like this is brought on behalf of a group of people who have similar legal claims, leading the court to treat them as a "class" of people who all might benefit from a single resolution. The people who stand to benefit from the resolution of the case and fall into the class bringing the case referred to as "class members." In this case, there are two named individuals proposing to represent the class, N.D. and E.A. (collectively "the Plaintiffs").

The case was filed in November 2022 and claimed that OSPI and Washington's Local Educational Agencies ("school districts") violated the Individuals with Disabilities Education Act ("IDEA") and denied students a Free Appropriate Public Education ("FAPE") by prematurely aging out students prior to their twenty-second birthday. Prior to this lawsuit, when Washington's school districts exited students from special education based on age, they did so at the end of the school year in which the student turns twenty-one. The Plaintiffs alleged that OSPI and school districts had an obligation to serve eligible students until their twenty-second birthday.

In July of 2024, the Court granted the Plaintiffs a preliminary injunction—in other words, a court order that prohibited OSPI from allowing school districts to age-out students prior to their twenty-second birthday. Plaintiffs and OSPI have now agreed to settle this case and have asked the Court to approve the proposed settlement that would prohibit prematurely aging out students and provide a mechanism for class members to seek compensatory education from the school district they last attended. The Court has appointed lawyers to represent the Class as it considers finalizing the settlement. They are called "Class Counsel," and their contact information is listed at the end of this document.

**Are you a member of the class?**

As part of the settlement agreement in this case, you are a member of the class if you were eligible for special education and were exited from special education based on your age (often called "aging out") prior to turning twenty-two years old at any time between November 11, 2020, and the present.

**Compensatory Education**

As part of the settlement agreement, you may be entitled to compensatory education to make up for the special education and transition services you otherwise would have received had you remained in school until your 22nd birthday.

___________[fill in Student name] may be eligible for compensatory education as determined by ___________[Student's/your] IEP team. The determination of the amount and type of compensatory education, and how the compensatory education will be provided will be determined based on ___________[fill in Student name/your]'s individualized needs. The IEP team will look at the special education and transition services received prior to leaving school, current needs, and whether compensatory education is required.

Compensatory education could be provided via:

- Direct services provided by the District
- Monetary compensation in lieu of compensatory education
- Reimbursement for private services obtained

**If you would like to schedule an IEP meeting to discuss compensatory education, please contact the following individual to schedule an IEP meeting:**

Name
Title
Phone Number
Email Address

If the school district refuses to convene an IEP team meeting on your behalf, or you disagree with the amount or type of compensatory education, you have the right to appeal that decision

under either OSPI's Due Process Procedures or through a Community Complaint. Information about those processes is available on OSPI's website - https://ospi.k12.wa.us/student-success/special-education/dispute-resolution.

**Other Elements of the Settlement**

The settlement requires OSPI, among other things, to do the following:

1. Direct districts to extend age eligibility for special education services until the student's 22nd birthday.

2. Direct districts to offer to immediately resume services under the last implemented IEP for each student who has not yet turned 22 who aged out during the lawsuit.

3. Direct districts to reconvene IEP teams to consider whether compensatory education is needed for all students in the class who wish to receive an award of compensatory education.

The settlement also provides individual compensatory education awards to the two class representatives, N.D. and E.A., in amounts up to $150,000 and $60,000 respectively, and reimbursement of Plaintiffs' reasonable attorneys' fees.

**Questions?**

Please note, this notice only summarizes the settlement. The full settlement agreement is available at the following website: [OSPI Website]

You can contact Class Counsel at these mail or email addresses:

ATTN: N.D. v. Reykdal Class Counsel
Cedar Law PLLC
113 Cherry Street PMB 96563
Seattle, WA 98104
info@cedarlawpllc.com
206-607-8277

You can also access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://pacer.uscourts.gov/, using Case No. 2:22-cv-01621-LK.

**Options for Disagreement**

You have the right to say what you think about the settlement before the Court decides whether to approve it. You can do this by submitting something in writing to the Court, attending a Court hearing about the settlement, or both.

If you like the settlement's terms, or you do not have an opinion on the terms, you do not need to do anything related to this lawsuit.

If you are not satisfied with the settlement, you have the right to ask the Court to deny approval for the settlement. If the Court denies approval, the settlement will not happen, and the lawsuit will continue. If that is what you want, you must object to the proposed settlement in writing. If you object in writing, you may, if you choose, also appear at the Final Approval Hearing, but are not required to. If you choose to appear at the Final Approval Hearing, you can appear either on your own behalf or through your own attorney. If you choose to appear through your own attorney, you are responsible for hiring and paying for that attorney. If the Court approves the settlement despite any objections, it will apply to you even if you do not agree with it.

All written objections and supporting papers must:

- Clearly identify the following case name and number: *N.D., et al., v. Reykdal*, Case No. 2:22-cv-01621-LK (W.D. Wash.);
- Be submitted to the Court either:
  - By mailing them to: the Clerk, U.S. District Court for the Western District of Washington, 700 Stewart Street, Suite 2310, Seattle, WA 98101, and both the envelope and letter shall state: "Attention: *N.D., et al., v. Reykdal*, Case No. 2:22-cv-01621-LK (W.D. Wash.), or
  - By filing them in person at any location of the United States District Court for the Western District of Washington; and
- Be filed or postmarked on or before XXXXX, 2024.

The Final Approval Hearing is scheduled to take place on XXXXX, 2024, at the U.S. District Court for the Western District of Washington, 700 Stewart Street, Suite 2310, Seattle, WA 98101. The date and time of the Final Approval Hearing may change without notice to you. Information about any changes to the Final Approval Hearing date or time will be available, for a fee, through PACER, at https://pacer.uscourts.gov/, using the Case No. 2:22-cv-01621-LK. *You are not required to attend this hearing. Your lawyer does not need to attend this hearing. You are welcome to attend if you want to object to the settlement or if you are interested in observing the hearing, but you are not required to.*

[insert LEA signature block]

# Exhibit B

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

## ***N.D., et al. v. REYKDAL***

**If you or your child were eligible for special education in the State of Washington and may have been exited from special education due to age anytime between November 11, 2020, and the present day, prior to turning twenty-two years old, you may be affected by a proposed class action settlement.**

A proposed settlement has been reached in a class action lawsuit called *N.D., et al., v. Reykdal*, Case No. 2:22-cv-01621-LK. This lawsuit challenges the State of Washington's and the Office of Superintendent of Public Instruction's ("OSPI") policy of exiting students from special education prior to turning twenty-two years old. The parties in the lawsuit have proposed to settle the case, and the U.S. District Court for the Western District of Washington, the Honorable Lauren King, must decide whether to approve the settlement.

This notice will tell you about your rights under the settlement. You are not being sued, and this is not an advertisement. Please read this notice, and if you have questions about anything in the notice see the contact information on page 3.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.**

### What is the lawsuit about?

*N.D., et al., v. Reykdal* is a federal court case brought on behalf of a group (a "class") of students eligible for special education, who were exited from their special education class on based on their age ("aged out") prior to turning twenty-two years old. A case like this is brought on behalf of a group of people who have similar legal claims, leading the court to treat them as a "class" of people who all might benefit from a single resolution. The people who stand to benefit from the resolution of the case and fall into the class bringing the case referred to as "class members." In this case, there are two named individuals proposing to represent the class, N.D. and E.A. (collectively "the Plaintiffs").

The case was filed in November 2022 and claimed that OSPI and Washington's Local Educational Agencies ("school districts") violated the Individuals with Disabilities Education Act ("IDEA") and denied students a Free Appropriate Public Education ("FAPE") by prematurely aging out students prior to their twenty-second birthday. Prior to this lawsuit, when Washington's school districts exited students from special education based on age, they did so at the end of the school year in which the student turned twenty-one. The Plaintiffs alleged that OSPI and school districts had an obligation to serve eligible students until their twenty-second birthday.

In July of 2024, the Court granted the Plaintiffs a preliminary injunction—in other words, a court order that prohibited OSPI from allowing school districts to age-out students prior to their twenty-second birthday. Plaintiffs and OSPI have now agreed to settle this case and have asked the Court to approve a proposed settlement that would prohibit prematurely aging out students and provide a mechanism for class members to seek compensatory education from the school district they last attended. The Court has

appointed lawyers to represent the Class as it considers finalizing the settlement. They are called "Class Counsel," and their contact information is listed at the end of this document. In July of 2024, the Court granted the Plaintiffs a preliminary injunction—in other words, a court order that prohibited OSPI from aging-out students prior to their twenty-second birthday. Plaintiffs and OSPI have now agreed to settle this case and have asked the Court to approve a proposed settlement that would prohibit prematurely aging out students and provides a mechanism for seeking compensatory education from the school district you last attended. The Court has appointed lawyers to represent the Class as it considers finalizing the settlement. They are called "Class Counsel," and their contact information is listed at the end of this document.

## Are you a member of the class?

As part of the settlement agreement in this case, you are a member of the class if you were eligible for special education and were exited from special education based on your age (often called "aging out") prior to turning twenty-two years old at any time between November 11, 2020, and the present.

## Compensatory Education

As part of the settlement agreement, you may be entitled to compensatory education to make up for the special education and transition services you otherwise would have received had you remained in school until your 22nd birthday.

You may be eligible for compensatory education as determined by your IEP team. The determination of the amount and type of compensatory education, and how the compensatory education will be provided will be determined based on your individualized needs. The IEP team will look at the special education and transition services received prior to leaving school, current needs, and whether compensatory education is required.

Compensatory education could be provided via:

- Direct services provided by the District
- Monetary compensation in lieu of compensatory education
- Reimbursement for private services obtained

**If you would like to schedule an IEP meeting to discuss compensatory education, please contact your school district's Director of Special Education or Plaintiffs' counsel below.**

If the school district refuses to convene an IEP team meeting on your behalf, or you disagree with the amount or type of compensatory education, you have the right to appeal that decision under either OSPI's Due Process Procedures or through a Community Complaint. Information about those processes is available on OSPI's website - https://ospi.k12.wa.us/student-success/special-education/dispute-resolution.

## Other Elements of the Settlement

The settlement requires OSPI, among other things, to do the following:

1. Direct districts to extend age eligibility for special education services until the student's

22nd birthday.

2. Direct districts to offer to immediately resume services under the last implemented IEP for each student who has not yet turned 22 who aged out during the lawsuit.
3. Direct districts to reconvene IEP teams to consider whether compensatory education is needed for all students in the class who wish to receive an award of compensatory education.

The settlement also provides individual compensatory education awards to the two class representatives, N.D. and E.A., in amounts up to $150,000 and $60,000 respectively, and reimbursement of Plaintiffs' reasonable attorneys' fees.

## Questions?

Please note, this notice only summarizes the settlement. The full settlement agreement is available at the following website: [OSPI Website]

You can contact Class Counsel at these mail or email addresses:

ATTN: N.D. v. Reykdal Class Counsel
Cedar Law PLLC
113 Cherry Street PMB 96563
Seattle, WA 98104
info@cedarlawpllc.com
206-607-8277

You can also access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://pacer.uscourts.gov/, using Case No. 2:22-cv-01621-LK.

## Options for Disagreement

You have the right to say what you think about the settlement before the Court decides whether to approve it. You can do this by submitting something in writing to the Court, attending a Court hearing about the settlement, or both.

If you like the settlement's terms, or you do not have an opinion on the terms, you do not need to do anything related to this lawsuit.

If you are not satisfied with the settlement, you have the right to ask the Court to deny approval for the settlement. If the Court denies approval, the settlement will not happen, and the lawsuit will continue. If that is what you want, you must object to the proposed settlement in writing. If you object in writing, you may, if you choose, also appear at the Final Approval Hearing, but are not required to. If you choose to appear at the Final Approval Hearing, you can appear either on your own behalf or through your own attorney. If you choose to appear through your own attorney, you are responsible for hiring and paying for that attorney. If the Court approves the settlement despite any objections, it will apply to you even if you do not agree with it.

All written objections and supporting papers must:

- Clearly identify the following case name and number: *N.D., et al., v. Reykdal*, Case

No. 2:22-cv-01621-LK (W.D. Wash.);

- Be submitted to the Court either:
  - By mailing them to: The Clerk, U.S. District Court for the Western District of Washington, 700 Stewart Street, Suite 2310, Seattle, WA 98101, and both the envelope and letter shall state: "Attention: *N.D., et al., v. Reykdal*, Case No. 2:22-cv-01621-LK (W.D. Wash.), or
  - By filing them in person at any location of the United States District Court for the Western District of Washington; and
- Be filed or postmarked on or before XXXXX, 2024.

The Final Approval Hearing is scheduled to take place on XXXXX, 2024, at the U.S. District Court for the Western District of Washington, 700 Stewart Street, Suite 2310, Seattle, WA 98101. The date and time of the Final Approval Hearing may change without notice to you. Information about any changes to the Final Approval Hearing date or time will be available, for a fee, through PACER, at https://pacer.uscourts.gov/, using the Case No. 2:22-cv-016210. *You are not required to attend this hearing. Your lawyer does not need to attend this hearing. You are welcome to attend if you want to object to the settlement or if you are interested in observing the hearing, but you are not required to.*