The Honorable Lauren King

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| N.D. et al., on behalf of a class of those similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>CHRIS REYKDAL, in his capacity as the SUPERINTENDENT OF PUBLIC INSTRUCTION and OFFICE OF THE SUPERINTENDENT OF PUBLIC INSTRUCTION, a Washington State agency,<br><br>                Defendants. | No. 2:22-cv-01621-LK<br><br>**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ISSUE OF JUDGMENT AGAINST THE DEFENDANT**<br><br>**Note on Motion Calendar:**<br><br>**February 26, 2025** |

      Plaintiffs respectfully submit this Motion for Final Approval of a Class Action Settlement and approval pursuant to Federal Rule of Civil Procedure 17 and LCR 17. Consistent with the Amended Order Granting Plaintiffs' Motion for Preliminary Approval, Counsel is filing this motion contemporaneously with their Motion for Attorneys Fees. Because the Class will receive appropriate notice through the plan developed by Plaintiffs,

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
1
No. 2:22-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

and because the Settlement Agreement is "fair, adequate, and reasonable," this Court should grant final approval and issue judgment against the Defendants.

To date, no class members have filed objections to the settlement and class counsel will respond to any objections as appropriate.

## I. FACTUAL BACKGROUND

Plaintiffs filed this putative class action in November of 2022, seeking declaratory and injunctive relief against Defendants Superintendent Chris Reykdal and the Office of Superintendent of Public Instruction ("OSPI," collectively "Defendant"), alleging that they violated the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 et seq., by failing to ensure school districts in Washington provide FAPE to "all children with disabilities … between the ages of 3 and 21, inclusive." 20 U.S.C. § 1412(a). Washington law, as currently written, only requires LEAs to provide a FAPE until the end of the school year in which a student turns twenty-one. Wash. Rev. Code § 28A.155.020 and Wash. Admin. Code § 392.172A.02000(2)(c). In defense of this law, Defendants relied on 20 U.S.C. § 1412(a)(1)(B)(i), which provides an exception to the age twenty-two requirement if "application to [students age 18 to 21] would be inconsistent with State law or practice…," alleging that Washington does not provide free public education to students older than twenty-one and therefore could exit students once they turned twenty-one. Plaintiffs sought provisional class certification and a preliminary injunction (Dkt. No. 35) preventing enforcement of Wash. Rev. Code § 28A.155.020 and Wash. Admin. Code § 392.172A.0200(2)(c). The Court denied the preliminary injunction (Dkts. No. 58 and 72) and Plaintiffs appealed.

The Ninth Circuit reversed, holding that "Washington in fact provides free public education to nondisabled students of age 21 and older" and therefore, "[u]nder *E.R.K,* that

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
2
No. 2:22-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

makes section 1412(a)(1)(B)(i) inapplicable to Washington." *N.D. v. Reykdal,* 102 F.4th 982, 994 (9th Circ. 2024) (cleaned up).

Following remand from the Ninth Circuit, the Court granted provisional certification to a class of students yet to be exited from special education and issued a preliminary injunction (Dkts. No. 75 and 83). The Court also issued the following declaratory judgment:

(a) OSPI's Refusal to ensure the provision of FAPE to Plaintiff E.A. and the members of the provisional class on account of their ages violates the IDEA;

(b) By this conduct, OSPI has violated 20 U.S.C. § 1407 and 20 U.S.C. § 1412(11);

(c) Section 28A.155.020 of the Revised Code of Washington and Section 392.172A.02000 of the Washington Administrative Code are invalid as contrary to the IDEA to the extent they do not ensure eligible students receive a FAPE until they turn 22.

On July 3, 2024, Defendants provided to Plaintiffs an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68. Following further negotiations, the parties reached a settlement agreement. On November 22, 2024 this Court granted preliminary approval of the settlement agreement. OSPI then proceeded consistent with the settlement agreement, requiring LEAs to notify students of the agreement and the opportunity to both seek compensatory education and submit objections. *See Declaration of Alex Hagel,* ¶ 5

According to OSPI, as of the date of the filing of this Motion, it has received the following reports from LEAs:

- 4 individuals responded to decline any offer of compensatory education.

- 42 individuals continue to be served in school, with no break in services (they did not require a notification letter, as their exit codes were changed back to enrolled).

- 3 individuals requested an IEP meeting to discuss compensatory education.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
3
No. 2:22-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

- 38 individuals had not responded to the notification as of the end of December 2024.

*Hagel Decl.* ¶ 9. OSPI has yet to receive reports from many LEAs, accounting for approximately 250 other individuals who received RMA or D2 exits. OSPI suspects that with many Districts closed for Winter Break until the date of this filing – January 6 – there is a delay in reporting. OSPI will be following up with Districts this week. *Id.* Additionally, Plaintiffs' counsel has fielded four calls from class members seeking clarification and responded to one email from the parent of a class member. *Hagel Decl.* ¶ 10 Plaintiffs plan to submit additional information once it is received and both parties will be prepared to provide updated information at the Final Approval Hearing scheduled for February 26, 2025.

## II. SETTLEMENT AGREEMENT TERMS

The following generally summarizes the Agreement's terms. The complete agreement is available at Dkt. 92.1 and on OSPI's website - 

https://ospi.k12.wa.us/student-success/special-education

### 1. Settlement Class

The proposed Settlement Class is comprised of:

> All students in Washington who were exited from special education services due to age before their 22nd birthday between November 11, 2020 and the present.

The proposed class is the result of extended negotiations between the parties about which students may be eligible, including the Court's ruling regarding the provisional class. Dkt. No. 83 at 11. ("the Court agrees with Plaintiffs that the carve-out [for students exited based on receiving a high school diploma] is unnecessary"). The class definition also accounts for the IDEA's two-year statute of limitations. *See* 20 U.S.C. § 1415(6)(B). The

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
4
No. 2:22-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

Court certified the above class its Amended Order Granting Preliminary Approval (Dkt. #95).

### 2. Further Declaratory Relief

As part of the Preliminary Approval Order, the Court also issued the following declaratory relief, consistent with the Settlement Agreement:

> the state's policy of aging students out of special education at the end of the school year in which they turn 21 pursuant to Wash. Rev. Code § 28A.155.020 and Wash. Admin. Code § 392.172A.02000(2)(c) presently violates the IDEA, has violated the IDEA at all times during the two years preceding the filing of this lawsuit, and will continue to violate the IDEA absent a substantial change in the state's policies for charging and waiving tuition for its adult secondary education programs.

### 3. Actions to be taken by OSPI

The Settlement Agreement and Order Granting Preliminary Approval required that OSPI take the following actions to ensure that LEAs comply with the Court's ruling that Wash. Rev. Code § 28A.155.020 and Wash. Admin. Code § 392.172A.02000(2)(c) violate the IDEA;

a. Direct LEAs to extend age eligibility for special education services until the student's 22nd birthday.

b. Direct LEAs to offer to immediately resume services under the last implemented IEP for each student who has not yet turned 22 who aged out during the pendency of the lawsuit.

c. Direct LEAs to reconvene IEP teams for all students in the class who wish to receive an award of compensatory education.

d. Direct LEAs that they may not decline to provide compensatory education on grounds of age for IEP services not provided to class members as a result of their exit prior to turning age 22.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 5
No. 2:22-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

To Plaintiffs knowledge, OSPI has complied with those requirements. *See Hagel Decl.* Specifically, its Assistant Superintendent of Special Education Dr. Tania May sent an email to all LEA superintendents on or about November 26, 2024 directing them to take the above actions. OSPI contemporaneously posted information about the settlement on their website (supra at 4). *See Hagel Decl.* ¶ 8.

### 4. Provision of Compensatory Education to Settlement Class Members

Under this agreement, the provision of compensatory education to eligible students will be handled by LEAs based on the recommendation of each class member's properly constituted IEP team. As mentioned above, OSPI will utilize its supervisory powers, to the extent authorized by law, to ensure that LEAs provide the necessary compensatory education. Additionally, should the LEA and class member agree, they may receive monetary compensation in lieu of compensatory education. Also, any class member who has privately paid for educational programs may seek reimbursement of those expenses from their LEA.

The agreement preserves the right of class members to use of either Due Process Hearing procedures (Wash. Admin. Code § 392-172A-05090) or OSPI's Community Complaint process (Wash. Admin. Code § 392-172A-05025) to challenge any proposed offers of compensatory education by an LEA, or the failure of an LEA to reconvene an IEP team.

As noted above, at the time of filing, 3 students have already sought compensatory education. Plaintiffs will supplement this information as schools return from Winter Break.

### 5. Reimbursement to guardians of N.D. and E.A.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
6
No. 2:22-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

The agreement further provides direct reimbursement by OSPI to the guardians of N.D. and E.A. for documented educational expenses. For E.A. this totals up to $60,000 that his family has incurred to provide private educational services since his exit on August 31, 2023, in lieu of his return to the Selah School District. For N.D., OSPI will either directly pay for or reimburse his guardians up to $150,000 in documented educational expenses, the specifics of which are identified in the agreement. That fund will be available to use for five years from the entry of judgment.

### 6. Reasonable Attorneys' Fees and Costs

OSPI has agreed to pay all of Plaintiffs' reasonable attorney's fees and costs incurred in this action, through the entry of the final approval by this court as the prevailing party under 20 U.S.C. § 1415(i)(3). This includes fees incurred as part of the preliminary injunction appeal, consistent with Dkt. No. 80. As promised, a Motion for Attorneys Fees is being filed contemporaneously with this motion – seeking $448,478 in fees and costs.

### 7. Notice

Notice is in the process of being provided to class members in multiple ways using one of two notice forms. Within five business days of the granting of preliminary approval by this Court, OSPI directed LEAs to provide direct notice to all class members who were assigned an "exit code" of "RMA" (Reached Maximum Age) or "D2" since November 11, 2020. *See* Dkt. No. 35-3 at 36 for OSPI's explanation of exit codes. That was completed on November 26, 2024 via an email to all district superintendents from OSPI's Assistant Superintendent of Special Education. *Hagel Decl.* ¶ 6. The full text of that notice template is attached to the Settlement Agreement at Exhibit A. That notice informs potential class members of the nature of the suit, the settlement terms, how to obtain more information about settlement, how the class member may object if they disagree with the Agreement,

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
7
No. 2:22-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

and specify who class members should contact at the LEA to schedule the required IEP meeting. LEAs were directed to send the notices to the student's last known address – both physical and email, or if an address for the student is unknown, the last known address of the students' parents and/or legal guardians.

Further notice was provided through OSPI's website and its regular bulletins starting within five business days of the Court's order granting preliminary approval. OSPI has maintained the notice on their website since the Court granted preliminary approval. OSPI has also sent the same publication information to various disability advocacy organizations in Washington, including The Arc of Washington State, the Washington Autism Alliance, and Disability Rights Washington, with permission to republish the notice. That notice, attached to the Settlement Agreement as Exhibit B, contained the same information above, except without reference to a specific individual, instead recommending that students contact their district's director of special education or Plaintiffs' counsel to schedule the required IEP meeting.

OSPI will further direct LEAs to report the number of students who have scheduled or attempted to schedule an IEP meeting by a specific date – at least thirty days prior to the planned fairness hearing. Again, once this information is confirmed, it will be promptly shared with the Court.

**8. Retaining Jurisdiction**

Finally, the parties requested that this Court retain jurisdiction over "the administration, consummation, enforcement, and interpretation of any approved settlement agreement and any Court orders approving the settlement agreement for five years."

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
8
No. 2:22-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

## III. ARGUMENT

As a matter of "express public policy," federal courts strongly favor and encourage settlements, particularly in class actions and other complex matters, where the inherent costs, delays, and risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain. *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (noting the "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned"). Fed. R. Civ. P. 23(e) provides that a class action may be settled "only with the court's approval." Rule 23(e)(2) requires that a proposed settlement be evaluated to be "fair, reasonable, and adequate." As the Court noted, this agreement would not "bind" the class members (Dkt #95 at 15), and thus consideration under Rule 23(e)(2) is not strictly necessary. However, given the nature of the relief being made available, Plaintiffs believe that consideration under Rule 23(e)(2) provides important assurances to the Court of the appropriateness of the relief.

### 1. The Settlement should be approved

The court's role at final approval stage is to conduct the same inquiry done at the preliminary approval stage - ensure that "the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) (citation omitted). Plaintiffs Third Motion for Preliminary Approval (Dkt. #92) addressed at length all but one of the factors articulated in *Hanlon*. The last factor – the reaction of Class Members to the proposed settlement – also supports final approval at this stage.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
9
No. 2:22-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

**a. The Settlement is the Product of Serious, Informed, and Non-Collusive Negotiations.**

The parties negotiated the settlement at arm's length over weeks of back and forth between skilled and competent practitioners, following remand from the Ninth Circuit. Although parties intended to engage in mediation (Dkt. Nos. 82 and 84), mediation was ultimately not necessary to reach an agreement on the disputed issues. Counsel negotiated the settlement with the benefit of many years of prior experience working, both in class actions and within the special education context and with a solid understanding of the facts and law of this case, having conducted significant fact discovery prior to the reaching an agreement. The recommendation of experienced counsel weighs in favor of granting approval and creates a presumption of reasonableness. See *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 257 (N.D. Cal. 2015) ("The trial court is entitled to, and should, rely upon the judgment of experienced counsel for the parties.")

**b. The injunctive nature of the relief and use of IEP teams to determine compensatory education is appropriate.**

Plaintiffs continue to believe that the use of individual IEP teams to determine compensatory education for class members provides an effective means of determining individual compensatory education awards and alleviates the need for the parties to potentially litigate those issues for all class members. In fact, IEP teams are better positioned to provide individualized review of each class members' needs by a team familiar with both the student and the resources available to the specific LEA. It is also aligned with "the core of the IDEA" which is "the cooperative process that it establishes between parents and schools… The central vehicle for this collaboration is the IEP process." *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 53 (2005).

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
10
No. 2:22-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

OSPI's obligation to ensure LEAs convene IEP teams provides a tangible benefit to all class members, whether or not the class member ultimately makes use of those services. Further, class members who do not agree with the proposed compensatory education have available to them two different options for challenging the decision – filing for due process or submitting a Community Complaint to OSPI. With those procedural safeguards in place, Plaintiffs' counsel believes proposed settlement is fair and reasonable.

### c. Individual Reimbursements to N.D. and E.A. are Reasonable

As part of the agreement, OSPI has agreed to reimburse E.A.'s guardians up to $60,000 and N.D.'s guardians up to $150,000 for expenses incurred educating their children after being exited. To access these awards, Plaintiffs are required to submit evidence showing "documented expenses." Under the settlement agreement, this type of reimbursement model is potentially available to any class member working with their individual IEP team;

> If a student, IEP team, and LEA agree, a student may receive monetary compensation in lieu of compensatory education. Any class members who have paid privately for special education services after having been exited due to age from LEA-provided special education programs may seek reimbursement of such documented expenses, and OSPI shall direct LEAs to offer reimbursement of reasonable expenses in line with the prior recommendations of the class member's IEP team.

The sole distinction is that the funds will come directly from OSPI, rather than their LEAs. While not necessarily a "service" or "incentive" award, "[i]ncentive awards that are intended to compensate class representatives for work undertaken on behalf of a class 'are fairly typical in class action cases.'" *In re Online DVD*, 779 F.3d at 943 (quoting *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009)). Because the same type of award is available to all members of the class, and because they are based on documented expenses

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
11
No. 2:22-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

related directly to the lost educational opportunities, the individual awards to N.D. and E.A.'s guardians are appropriate.

For example, attached to P.A.'s declaration submitted in support of this motion is a spreadsheet of expenses E.A.'s family incurred once continued enrollment in the Selah School District for the 2023-2024 school year appeared impossible. *Exhibit 1*. The primary bulk of expenses includes the hiring of a private 1:1 paraeducator to allow E.A. to attend some classes at Yakima Valley College. Those expenses alone total more than $55,000.

Similarly, N.D.'s family has submitted a declaration outlining the various needs identified in his most recent IEP. N.D. received specially designed instruction in all academic areas (math, reading, and writing) as well as adaptive/life skills, communication, and social/behavioral. *Declaration of T.D.* ¶ 5. Given N.D.'s significant disability related needs, which continue to this day, N.D.'s previous "least restrictive environment" was placement at an "out-of-state residential school" – specifically the New England Center for Children ("NECC"), an OSPI approved non-public agency. *T.D. Decl.* Exhibit 1 at 30. The family intends to recreate as much as possible N.D.'s educational environment at NECC for an additional year – including by providing the following services:

- occupational therapy,
- vocational instruction/counseling,
- speech therapy,
- applied behavior analysis,
- tutoring, social activities,
- day programming

*Id.* at ¶ 7. Consistent with the settlement agreement, N.D.'s family will be submitting reimbursement requests directly to OSPI.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
12
No. 2:22-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

### d. Plaintiffs' Request for Fees Are Reasonable

Defendant has agreed to pay all Plaintiffs' reasonable attorney's fees and costs incurred in this action through the entry of the settlement decree by the Court, which as of the date of filing totals $448,478. A contemporaneously filed motion supports that fee amount.

### e. No class members have voiced disagreement

Plaintiffs acknowledge that the timeline for submitting disagreements is still in the early stages and will submit any response necessary to potential disagreements. However, at this early stage, no disagreements have been voiced by class members either officially or anecdotally. *See Hagel Decl.* ¶ 10

### 2. Plaintiffs seek further approval under FRCP 17(c) and LCR 17.

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren,* F.3d 1177 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (citing to *Dacanay v. Mendoza,* 573 F.2d 1075, 1080 (9th Cir. 1978). "Although *Robidoux* expressly limited its holding to cases involving settlement of a minors federal claims… district courts have applied this rule in the context of an *incompetent litigant's* state law claims" *Private Client Fiduciary Corporation v. Chopra,* 22-CV-00436-LK, 2023 WL 8828842 at 2 (W.D. Wash., December 21, 2023) (citing to *Fletcher v. Fresno Food Concept, Inc., 1*:22-cv-00180-AWI-BAM, 2022 WL 2802282 (E.D. Cal., July 18, 2022) (emphasis added). "The Ninth Circuit in *Robidoux* stated that in cases involving minors, '[s]o long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
13
No. 2:22-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

cases, the district court should approve the settlement as proposed by the parties.'" *Id.*, citing Robidoux, 638 F.3d at 1182.

As previously averred, both N.D. and E.A. are "incompetent" under Washington law, as their parents have been appointed legal guardians. *See Dkt.* #35.2 and #35.1. This Court has previously affirmed that because "a general guardian has been previously appointed for E.A. and N.D., the Court need not appoint guardian ad litem for them." Dkt. #95 at 13. For this same reason, the Court can dispense with appointing a guardian to "investigate the adequacy of the offered settlement and report thereon" under LCR 17(c).

Recovery to E.A. and N.D., as well as the rest of the class is "fair and reasonable in light of their claims." Under the IDEA, a district court is empowered to grant such relief as determined appropriate. 20 U.S.C. § 1415(i)(2)(C)(iii). That includes "the power to order school authorities to reimburse parents for their expenditures on private special education for a child if the court ultimately determines that such placement... is proper under the Act." *School Comm. of Burlington v. Department of Ed. of Mass.,* 471 U.S. 359, 370 (1985) (applying the Education of the Handicapped Act, the predecessor of the IDEA). Here, the services being reimbursed are "proper." The Settlement Agreement limits the type of reimbursement available to E.A. and N.D. – "documented expenses incurred to provide him with private educational and related supports services since he was exited from the Selah School District" and "documented expenses for educational services, including without limitation occupational therapy, vocational instruction/counseling, speech therapy, applied behavior analysis, tutoring, social activities, day programming, or any other services that could be available to special education students under the IDEA, including related services such as transportation" respectively. *See* Dkt. 92-1 at ¶¶ 13, 14. The limitations imposed are directly related to the students' special education needs. *See P.A.*

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
14
No. 2:22-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

*Decl.* and *T.D. Decl.* That type of recovery is squarely within the bounds of the types of recovery available in special education lawsuits. *See e.g. S.H. v. Issaquah School District,* 2:21-cv-00137-DGE, 2023 WL 3011732 (W.D. Wash., March 14, 2023) (discussing reimbursement for an out-of-state private placement totaling $201,462). The amounts provided are also adequate. For E.A., the amounts reflect the actual expenses incurred in educating E.A. during the period before he turned 22. For N.D., in light of his complex and significant needs, and the difficulty of securing compensatory education (he had previously been educated in a residential school on the East coast because no appropriate programming was available in the state), the amount provided reflects an amount reasonably necessary to provide meaningful benefit, and the flexibility to secure and determine educational services over a five-year period, given the difficulty of securing such services in this region.

Similarly, because the recovery by class members (many of which are also likely subject to guardianships) will be guided by both their most recent IEPs, as well as appropriately constituted IEP teams, and subject to review by the Office of Administrative Hearings and/or OSPI, and subject to appeal to federal and state court, there exists sufficient safeguards and due process to ensure the appropriate relief is available.

For the foregoing reasons, the Court should also approve the settlement pursuant to FRCP 17(c) and LCR 17.

## IV.    CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request that the Court grant final approval of the settlement under both FRCP 23 and 17, and issue judgment against the Defendant according to the terms of the settlement agreement.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
15
No. 2:22-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

Dated: January 6, 2025.

Respectfully submitted,

By: */s/ Ian B. Crosby*
Ian B. Crosby, WSBA 28461
icrosby@susmangodfrey.com
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

By: */s/ Lara Hruska*
Lara Hruska, WSBA 46531
lara@cedarlawpllc.com
Alex Hagel, WSBA 55423
alex@cedarlawpllc.com
Kaitlin Leifur-Masterson, Rule 9 9874675
kaitlin@cedarlawpllc.com
CEDAR LAW PLLC
113 Cherry Street, PMB 96563
Seattle, WA 98104
Telephone: (206) 607-8277
Facsimile: (206) 237-9101

*Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

I certify that this reply contains 3978 words, in compliance with the Local Civil Rules.

*/s/ Ian B. Crosby*
Ian B. Crosby, WSBA 28461

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
16
No. 2:22-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

# CERTIFICATE OF SERVICE

I hereby certify that on this day I caused the foregoing document to be served, via electronic mail, per agreement, on the following:

BRIAN ROWE, WSBA #56817
S. TODD SIPE, WSBA #23203
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744
Brian.Rowe@atg.wa.gov
Todd.Sipe@atg.wa.gov
*Counsel for Defendants*

I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

DATED this 6th day of January, 2025, at Seattle Washington.

/s/ Ian B. Crosby
Ian B. Crosby, WSBA #28461

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 17
No. 2:22-01621-LK

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

| PLAINTIFFS' SECOND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FOR CERTIFICATION OF SETTLEMENT CLASS - 1 | SUSMAN GODFREY L.L.P.<br>401 Union Street, Suite 3000<br>Seattle, WA 98101-2668<br>Tel: (206) 516-3880; Fax: (206) 516-3883 |
|---|---|

No. 2:22-01621-LK