The Honorable Lauren King

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| N.D. et al., on behalf of a class of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHRIS REYKDAL, in his capacity as the SUPERINTENDENT OF PUBLIC INSTRUCTION and OFFICE OF THE SUPERINTENDENT OF PUBLIC INSTRUCTION, a Washington State agency,<br><br>Defendants. | No. 2:22-cv-01621-LK<br><br>**Joint Status Report** |

Pursuant to the Minute Order issued on February 18, 2025 (Dkt. No. 107), the Parties submit this Joint Status Report. The Parties agree that continuing the final fairness hearing, as well as an updated notice scheme, would best serve the members of the class. As such, the Parties submit the below proposed schedule and the attached template notice.

**1. A Continuance Best Serves the Interest of the Class**

Although continuing the final fairness hearing based on late notice to some class members may not be strictly necessary, *see Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993) (approving class action settlement even though approximately one-



CEDAR LAW PLLC
600 1st Ave., Ste 330
PMB 96563
Seattle, WA 98104-2246
Tel: (206) 607-8277; Fax: (206) 237-9101

third of shareholders received notice after the deadline for filing objections or opting-out) and *Frank v. United Airlines, Inc.*, 216 F.3d 845 (9th Cir. 2000) (in a 23(b)(2) class action "there is no requirement for individualized notice beyond that required by due process, and class members are not allowed to opt out"), given this Court's prior orders and the interests of justice, a continuance would best serve the class.

First, Counsel acknowledges that some LEAs did not comply with the requirements of this Court's Order granting Preliminary Approval. Dkt. No. 95. Because all Parties are committed to providing the most complete notice available, continued time to allow that to occur is appropriate. The Superintendent avers that some of that delay is attributable to the need of LEAs to translate the notices into at least ten different languages to ensure those class members fully understood the notice. The proposed schedule below takes that anticipated delay into account by providing an initial "heads up" to LEAs that a new notice will be forthcoming but also gives OSPI sufficient time to translate the notice for the LEAs, rather than relying on the LEAs to do it themselves. Once that notice is provided to the LEAs, the deadlines track the prior timeline established by this Court.

Second, additional time would increase the opportunity for class members to object to the settlement or to seek compensatory education prior to this Court granting final approval. As this Court has stated, "even if class members are not bound, they need to be aware of the significant compensatory education benefits available under the settlement—as well as the potential for significant monetary relief in lieu of compensatory education when appropriate." Dkt. No. 95. Given the relatively low numbers of both (i.e. no objections filed and 14 students seeking compensatory education compared to 218 individuals who have yet to respond), updated information from a longer period of time would better help this Court determine whether the agreement is "fair, reasonable, and adequate." Dkt. No.



CEDAR LAW PLLC
600 1st Ave., Ste 330
PMB 96563
Seattle, WA 98104-2246
Tel: (206) 607-8277; Fax: (206) 237-9101

95 at 15 and *Lowery v. Rhapsody Int'l Inc.*, 75 F.4th 985, 992 (9th Cir. 2023) ("when evaluating reasonableness, a district court must mainly consider the benefit that class counsel obtained for the class"), *but see id.* at 994 ("true, we have held that attorneys' fees awarded in civil rights cases need not be strictly proportional to monetary damages.").

The sole detriment in continuing the final fairness hearing is to the named class members, N.D. and E.A., and their guardians, who under the terms of the agreement, are waiting for final approval. Not until such approval can E.A.'s guardians receive reimbursement from OSPI and not until final court approval can the clock start running on the five-year period for N.D. to obtain compensatory education. While some class members have already scheduled IEP team meetings and have begun receiving compensatory education, N.D. and E.A. remain waiting for those services. However, given the overall benefit to the class and to better ensure finality of any judgment, the Parties agree that a continuance is appropriate.

### 2. Proposed Updated Schedule

| **Event** | **Deadline** |
|---|---|
| Deadline for OSPI to provide initial notice to LEAs that a new notice must be sent. | 1 business day from the issuance of the order of continuance. |
| Deadline for OSPI to provide the template notice and translations to the LEAs, to direct LEAs to provide to provide notice to class members, and to publish new notice on OSPI's website and in its regular bulletins. | 15 business days[1] from issuance of the order of continuance. |
| Deadline for LEAs to mail new notice to class members. ("Mailing date") | 10 days after receiving template and direction from OSPI. |

[1] OSPI will provide centralized translation services to the LEAs, translating the notice into the ten most common languages in Washington.



CEDAR LAW PLLC
600 1st Ave., Ste 330
PMB 96563
Seattle, WA 98104-2246
Tel: (206) 607-8277; Fax: (206) 237-9101

| | |
|---|---|
| Deadline for class members to file/mail any objections to the settlement. ("Notice Deadline") | 60 days after Mailing Date. |
| Deadline for parties to file responses to Class Member objections, updated settlement numbers, and confirmation of compliance with the notice scheme. | 7 days after Notice Deadline. |
| Final Fairness Hearing | As determined by the Court's availability. |

### 3. Proposed Updated Notice Template

A proposed updated notice template is attached. Aside from the amended date of the final fairness hearing and corrections of minor typographical errors, the updated template reflects these additional changes:

- For accuracy, the word "child" is replaced with "family member" on page 1.
- To avoid confusion among graduates and their families, this paragraph is inserted on page 1: "Please note that you were selected to receive this notice because at some point since November 11, 2020, you were assigned an exit code of RMA or D2, which does not mean you are entitled or eligible to receive compensatory education. In particular, recipients of regular high school diplomas are not eligible to receive compensatory education, even if at some point they were assigned an exit code of RMA or D2."
- To avoid confusion among individuals who have already responded, this sentence is inserted on page 1: "If you received an earlier version of this notice, you do not need to respond again."
- To encourage more responses, this paragraph is inserted on page 4: "If you choose to respond, your response is requested by [date of final approval



CEDAR LAW PLLC
600 1st Ave., Ste 330
PMB 96563
Seattle, WA 98104-2246
Tel: (206) 607-8277; Fax: (206) 237-9101

hearing]. You may still respond at a later date, but your response will not be counted for purposes of the Final Approval Hearing described below."

Dated: February 20, 2025.

Respectfully submitted,

/s/Alex Hagel
Alex Hagel, WSBA 55423
alex@cedarlawpllc.com
Lara Hruska, WSBA 46531
lara@cedarlawpllc.com
CEDAR LAW PLLC
113 Cherry Street, PMB 96563
Seattle, WA 98104
Telephone: (206) 607-8277
Facsimile: (206) 237-9101

/s/ Ian B. Crosby
Ian B. Crosby, WSBA 28461
icrosby@susmangodfrey.com
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

*Attorneys for Plaintiffs*

NICHOLAS W. BROWN
Attorney General

/s/Brian H. Rowe
BRIAN H. ROWE, WSBA #56817
S. TODD SIPE, WSBA #23203
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744
Brian.Rowe@atg.wa.gov
Todd.Sipe@atg.wa.gov

*Attorneys for Defendants Chris Reykdal and Office of Superintendent of Public Instruction*

**CERTIFICATE OF COMPLIANCE**

I certify that this status report contains 1005 words, in compliance with the Local Civil Rules.

*/s/ Alex Hagel*
Alex Hagel WSBA# 55423



CEDAR LAW PLLC
600 1st Ave., Ste 330
PMB 96563
Seattle, WA 98104-2246
Tel: (206) 607-8277; Fax: (206) 237-9101