FILED
LODGED
RECEIVED
MAIL

MAY 27 2025

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| N.D., et al.,<br>Plaintiffs,<br>v.<br>CHRIS REYKDAL, et al.,<br>Defendants. | Case No. 2:22-cv-01621-LK<br><br>PARENTS' OBJECTION TO CLASS ACTION SETTLEMENT AGREEMENT |

COMES NOW, Mehdi Beygi and Zohreh Alavitalab, on behalf of their son, an adult with disabilities, by and through Nicole E. Rudnicki of Brothers Henderson Durkin, P.S., and submit the following objection:

## I. INTRODUCTION AND BACKGROUND

The Student is a young adult with documented disabilities including autism spectrum disorder (level 2, requiring substantial supports) with expressive language impairment and intellectual disability. These neurodevelopmental conditions are due to an underlying genetic syndrome (22q11.2 deletion syndrome). The Student has also been treated for co-occurring diagnoses of ADHD, anxiety, obsessive-compulsive disorder, and a thought disorder which includes a form of hyperactive catatonia. He attended public school in the Bellevue School District ("District") and received special education and



BROTHERS HENDERSON DURKIN, P.S.
936 N 34th Street
Suite 200
Seattle, WA 98103
P: 206-324-4300
F: 206-324-3106

transition services under the Individuals with Disabilities Education Act ("IDEA") until June 2023.

The Court has defined the class in this matter as: "All students who were exited from special education services due to age before their 22nd birthday between November 11, 2020 and the present." *N.D. v. Reykdal*, No. 2:22-cv-01621-LK, 2024 U.S. Dist. LEXIS 211397, at *8-9 (W.D. Wash. Nov. 20, 2024). On or around **June 9, 2023**, a few weeks after the Student's 21st birthday, his Parents, received notice that the District was discontinuing services since the Student was aging out. Specifically:

> Description of the proposed or refused action:
> The Bellevue School District is proposing to discontinue [redacted]s Special Ed. services and IEP
>
> The reason we are proposing or refusing to take action is:
> [redacted] will age out of K-12 services on June 16th, 2023. Once a student ages out of K-12 services in BSD, the student no longer qualifies for Special Education services. The student may be eligible for 504 considerations in future post-secondary educational or employment settings
>
> Description of any other options considered and rejected:
> No other options were considered
>
> The reasons we rejected those options were:
> No other options were considered
>
> A description of each procedure, test, record, or report we used or plan to use as the basis for taking this action is as follows:
> Bellevue School District graduation based upon review of student transcript and diploma

While the Student was subsequently issued a regular high school diploma, this was not deemed the basis by the District for discontinuing special education services, but rather, was a procedure "used . . . as the basis" for ending services after the Student aged out. Nonetheless, the District has continually refused to convene an IEP meeting or otherwise engage in discussions with the Family in light of *N.D. v. Reykdal,* solely because the Student received a diploma.

However, the diploma does not reflect the Student's actual academic proficiency or meaningful progress. Realistically, his academic functioning remains significantly below



BROTHERS HENDERSON DURKIN, P.S.
936 N 34th Street
Suite 200
Seattle, WA 98103
P: 206-324-4300
F: 206-324-3106

grade level, particularly in mathematics, reading, and written expression. Despite ongoing efforts, the Student continues to struggle with fundamental operations such as addition and money counting, and lacks the capacity to write essays or comprehend grade-level texts.

Ultimately, as proposed, the Settlement Agreement harms the Student in two ways—first by wrongfully exiting him from IDEA services prior to age 22, and again by excluding him from the class action remedy due to a diploma explicitly issued on the basis of his aging out.

## II. OBJECTION

**Paragraph 9.** The Parents respectfully object to Paragraph 9 of the Settlement Agreement, which states:

> OSPI's direction to LEAs shall be without prejudice to the right or ability of LEAs to deny compensatory education via appropriate procedures either on the basis of having received a regular high school diploma or lack of continuing need for services as of the time that services were withdrawn.

This carve out allows LEAs to deny compensatory education fails to certain class members, including the Student without first requiring them to undergo any protocol to determine whether there was in fact a "lack of continuing need" or, as the case here, whether a diploma was conferred on the basis that the Student "aged out." To allow LEAs broad authority to deny Student relief based on these grounds is not only inconsistent with the class action's remedial purpose, but established authority. While FAPE may be terminated upon receipt of a "regular high school diploma," 34 C.F.R. § 300.102(a)(3), this may only occur in Washington when the Student has also "met high school graduation requirements."



bhd BROTHERS HENDERSON DURKIN, P.S.
936 N 34th Street
Suite 200
Seattle, WA 98103
P: 206-324-4300
F: 206-324-3106

34 C.F.R. § 300.102(a)(3)(iv); WAC 392-172A-02000(2)(b).[1] Likewise, the "lack of continuing need" is not the correct standard, rather, to discontinue services due to lack of need, a "group of qualified professionals and the parent of the student, based on a reevaluation, [must] determine[ ] the student is no longer eligible for special education services." WAC 392-172A-02000(2)(a).

Essentially, allowing LEAs to invoke post hoc diploma issuance as a defense not only incentivizes and awards bad faith but grants unlawful authority to LEAs.

**Paragraph 11.** The Parents also respectfully object to Paragraph 11 of the Settlement Agreement, which states:

> Class members shall retain all rights to initiate a due process hearing or community complaint to challenge (a) any proposal or refusal to offer compensatory education by an LEA that has reconvened a class member's IEP team at OSPI's direction pursuant to this settlement and (b) any failure by an LEA to follow OSPI's direction to reconvene their IEP teams

Although Paragraph 11 purports to preserve class members' procedural rights under the IDEA, it fails to remedy the substantive harm caused by Paragraph 9. In practice, Districts, including the Bellevue School District, have refused to reconvene IEP teams for students who received diplomas solely because they aged out, or for those whom the LEA unilaterally deemed to lack a "continuing need for services."

---

[1] It is also worth noting that other courts have held that a diploma may only be issued where the Student received a meaningful educational benefit. *See, K.L. v. R.I. Bd. of Educ.*, 907 F.3d 639, 647 (1st Cir. 2018); *Tindell v. Evansville-Vanderburgh Sch. Corp.*, 805 F. Supp. 2d 630, 652 (S.D. Ind. 2011); *Chuhran v. Walled Lake Consol. Sch.*, 839 F. Supp. 465, 474 (E.D. Mich. 1993), *aff'd*, 51 F.3d 271 (6th Cir. 1995).



BROTHERS HENDERSON DURKIN, P.S.
936 N 34th Street
Suite 200
Seattle, WA 98103
P: 206-324-4300
F: 206-324-3106

If students are precluded from receiving compensatory education under Paragraph 9 they may be similarly barred from invoking the procedural avenues described in Paragraph 11. Specifically, since the class period begins in November 2020, most affected students are now well beyond the statute of limitations for filing due process hearings or community complaints to dispute the diploma issuance. *See* 34 C.F.R. § 300.507(a)(2). As a result, the protections offered in Paragraph 11 are not guaranteed for the entire class.

## III. CONCLUSION

Parent respectfully requests that the Court:

1. Reject Paragraph 9 in its entirety to prevent perpetuation of the very harm this settlement seeks to remedy; and
2. Revise or modify Paragraph 11 as follows:

> Class members shall retain all rights to initiate a due process hearing or community complaint to challenge (a) any proposal or refusal to offer compensatory education by an LEA that has reconvened a class member's IEP team at OSPI's direction pursuant to this settlement and (b) any failure by an LEA to follow OSPI's direction to reconvene their IEP teams. For any class member who was issued a regular high school diploma at age 21 on or after November 11, 2020, and whose eligibility for compensatory education may be denied on the basis of that diploma or a purported lack of continuing need, the statute of limitations for initiating a due process hearing or community complaint under the IDEA shall be tolled from the date of diploma issuance or LEA service termination—whichever is later—through the effective date of this Agreement.



bhd BROTHERS HENDERSON DURKIN, P.S.
936 N 34th Street
Suite 200
Seattle, WA 98103
P: 206-324-4300
F: 206-324-3106

DATED this 23rd day of May, 2025.

BROTHERS HENDERSON DURKIN, P.S.

Nicole E. Rudnicki, WSBA No. 62525
NicoleR@bhdlaw.com
Attorney for Parent



bhd BROTHERS HENDERSON DURKIN, P.S.
936 N 34th Street
Suite 200
Seattle, WA 98103
P: 206-324-4300
F: 206-324-3106

BROTHERS HENDERSON DURKIN, P.S.

Olivia Jewell
*File Clerk*

May 23, 2025

***Via U.S. Mail to:***
Clerk
U.S. District Court for the Western District of Washington
700 Stewart St, Suite 2310
Seattle, WA 98101

FILED
LODGED
RECEIVED
MAIL
MAY 27 2025
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

*Attention: N.D., et al., v. Reykdal, Case No. 2:22-cv-01621-LK (W.D. Wash.)*

Greetings,

Enclosed please find Parents' Objection to Class Action Settlement Agreement, Attention: *N.D., et al., v. Reykdal*, Case No. 2:22-cv-01621-LK (W.D. Wash.).

Yours Very Truly,
BROTHERS HENDERSON DURKIN, P.S.

*Olivia Jewell*
Olivia Jewell

/oj
Enclosures

Brothers Henderson Durkin, P.S.
936 North 34th Street
Suite 200
Seattle, WA 98103

$1.50 0
US POSTAGE IMI
FIRST-CLASS
063S0014950410
FROM 98102

SEATTLE WA 98103
MAY 23 2025
USPS

FILED
LODGED
RECEIVED
MAIL
MAY 27 2025
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

Clerk, U.S. District Court for the
Western District of Washington
700 Stewart Street, Suite 2310
Seattle, WA 98101

*Attention: N.D., et al., v. Reykdal,*
Case No. 2:22-cv-01621-LK
(W.D. Wash.)