The Honorable Lauren King

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

N.D. et al., on behalf of a class of those similarly situated,

Plaintiffs,

v.

CHRIS REYKDAL, in his capacity as the SUPERINTENDENT OF PUBLIC INSTRUCTION and OFFICE OF THE SUPERINTENDENT OF PUBLIC INSTRUCTION, a Washington State agency,

Defendants.

No. 2:22-cv-01621-LK

**PLAINTIFFS' RESPONSE TO PARENTS' OBJECTION TO CLASS ACTION SETTLEMENT AGREEMENT**

N.D., E.A., and the rest of the Settlement Class (collectively "the Class") respectfully respond to the Objection filed by Mr. Beygi and Ms. Alavitalab (the "Objectors").[1] Although the Class is sympathetic to the issues raised in their objection regarding the issuance of a "regular high school diploma[2]," litigation over whether any one particular class member received a "regular high school diploma" as alleged in the

[1] The Class appreciates the Court's sua sponte extension of the deadline to respond (Dkt. No 114).

[2] As the Court likely recalls, whether E.A. received a "regular high school diploma" was one of the very first controversies in this matter. *See* Dkt. No. 50.



SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

Objection is beyond the scope of this class action, and better addressed to one of the dispute resolution processes available to the Class (and in fact to all students with disabilities) – filing of a due process complaint or community complaint. Because "the Student" may still file for due process (or bring his own suit), he is not without a remedy to challenge the Bellevue School District's decision to refuse to hold an IEP meeting. Contrary to the Objection, paragraph 11 of Settlement Agreement contemplates this very case. Because the Settlement Agreement remains a fair, reasonable, and adequate resolution to this litigation, the Court should approve the settlement.

## I. PARAGRAPH 9 CORRECTLY REFLECTS THE IDEA'S LIMITATIONS ON WHO IS ELIGIBLE FOR SPECIAL EDUCATION AND THUS WHO IS ENTITLED TO COMPENSATORY EDUCATION.

Paragraph 9 of the settlement agreement exists as part of the negotiated settlement to ensure that school districts are not required to provide compensatory education to students who would not have otherwise been eligible to receive services beyond the end of the school year in which a student turned twenty-one. The reason for that is clear – if a school could have exited (or did exit) the student from special education prior to their twenty second birthday based on something other than their age, the district is free to do that, provided they do so "via appropriate procedures."

The settlement agreement provides scenarios of when that would occur – the student received a regular high school diploma or lacks a continued need for services. Both of those scenarios are contemplated by the IDEA and contain extensive safeguards. First, 34 C.F.R. § 300.102(a)(3) provides that "the obligation to make FAPE available to all children with disabilities does not apply with respect to the following: … (3)(i) Children with disabilities who have graduated from high school with a regular high school diploma." Federally, in order to comply with the "appropriate procedure" for exiting a student based on a "regular high school diploma," schools are required to provide "written prior notice in accordance with § 300.503." 34 C.F.R. § 300.102(a)(3)(iii). The Objectors



SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

are correct that Washington has implemented regulations requiring more. Specifically, Washington has two distinct requirements: "the student has met high school graduation requirements…, and the student has graduated from high school with a regular high school diploma." Wash. Admin. Code § 392-172A-02000(2)(b). As Defendant OSPI's "Class of 2025 Graduation Toolkit[3]" explains, "WAC 392-172A-02000 makes the distinction between meeting graduation requirements **and** graduating with a diploma precisely because the IEP team is responsible for determining a student's graduation plan, including any needed transition services, and determining the anticipated graduation date." *Class of 2025 Graduation Toolkit* at 26 (emphasis in original). Schools must also "provide the student with a summary of the student's academic achievement and functional performance, which shall include recommendations on how to assist the student in meeting the student's postsecondary goals." Wash. Admin. Code § 392-172A-03030(3).

Similarly, the IDEA imposes strict requirements on the appropriate procedures a district can use before determining whether a student is no longer in need of services. Under 34 C.F.R. § 300.305(e)(1), "except [when a student graduates with a regular diploma or ages out], a public agency must evaluate a child with a disability in accordance with §§300.304 through 300.311 before determining that the child is no longer a child with a disability." Sections 300.304 through 300.311 contain the evaluation procedures required of every evaluation. Washington has implemented a near identical regulation. *See* Wash. Admin. Code § 392-172A-03030(1) (replacing "no longer a child with a disability" to "no longer eligible for special education services."). Finally, the phrase "lack of continuing need for services" is a direct reference to the third criterion for determining eligibility – whether the student "needs special education and related services" under 34 C.F.R. § 300.8. *See also* Wash Admin. Code § 392-172A-01035(1)(a).

[3] Publicly available at https://ospi.k12.wa.us/sites/default/files/2025-02/class-2025-graduation-toolkit.pdf



SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

Thus, contrary to the Objectors' assertions, the Settlement Agreement does not grant LEAs "unlawful authority," but instead, based on the inclusion of the phrase "via appropriate procedures" appropriately cabins that authority within the extensive safeguards established by Congress, the Department of Education, and OSPI. If a district has failed to comply with any of those procedures, by either improperly providing a diploma to a student who has not "met graduation requirements" or exiting a student from special education despite a continued need for those services, that Class member is explicitly able to file for due process under paragraph 11 to challenge that decision. In fact, it would appear from the face of the Objectors' filing that the Student is still within the two-year statute of limitations as of the date of this filing. *See* Objection, Dkt. No. 113 at 2 (documenting the Student's exit from special education on June 16, 2023).

## II. PARAGRAPH 11 ALLOWS CLASS MEMBERS TO CHALLENGE "ANY FAILURE BY AN LEA TO FOLLOW OSPI'S DIRECTION TO RECONVENE THEIR IEP TEAMS."

As noted above, paragraph 11 provides a remedy for the issues Objector raises. The family is free to file a due process complaint against the Bellevue School District alleging it failed "to follow OSPI's direction to reconvene their IEP team." At hearing, Bellevue School District, rather than the family, would then have the burden to show that the process it used – i.e. issuing a regular high school diploma – was consistent with the "appropriate procedures." *See* Wash. Rev. Code § 28A.155.260(1) ("… the school district has the burden of proof, including the burden of persuasion and production, whenever it is a party to a due process hearing…"). Should the student be successful in challenging that diploma, they would be entitled to the compensatory education contemplated by the Settlement Agreement.

The Objectors also raise the issue of the statute of limitations for other hypothetical class members. Unfortunately, there is no basis in law for either the Settlement Agreement or this Court to toll that statute of limitations against individual school



SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

districts regarding the provision of a regular high school diploma because the school districts are not defendants in this case. The Class does not read *American Pipe & Const. Co. v. Utah,* 414 U.S. 538 (1974) and its progeny as authorizing equitable tolling against non-party future defendants. As the Ninth Circuit explained in *Defries v. Union Pacific Railroad Company,* 104 F.4th 1091, 1087 (9th Cir. 2024), equitable tolling in the class action context does not conflict with the fair-notice purpose of statutes of limitations because "alerted by the complaint, a class-action defendant has the essential information necessary to determine both the subject matter and size of the prospective litigation." Here, where the school districts were not made defendants, tolling the limitations period against the districts would not be consistent with the purposes of equitable tolling, as the districts were not necessarily notified of potential claims against them. At its root, the objection is not about the settlement agreement, but who the Class chose to include as defendants in the first place.

Again, the Class is sympathetic to the claim that some districts are improperly exiting students based on the improper receipt of a purported "regular high school diplomas." And of course, a resolution that removed all statutes of limitations would be preferable. But those issues are beyond the scope of this litigation and Objector's proposal to toll the statute of limitation against school districts (although not worded as such) is not a reasonable resolution that OSPI could agree to or that this Court should require because it would impact the rights of non-party school districts.

Nothing in this class action precludes any member affected by the regular high school diploma issue from bringing their own action either against OSPI or the school districts.

***

The Objection challenged two portions of the Settlement Agreement – paragraph 9, which provides legally sufficient reasons to deny compensatory education to students who would otherwise not qualify for compensatory education, and paragraph 11, which



SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

reaffirms that students have the right to challenge district decisions through preestablished channels. Those terms were negotiated at arm's length after extensive back and forth between the parties and reflect a fair compromise of the issues raised in the Complaint. Because the issues raised by the Objectors are either unsupported by the very terms of the settlement agreement or unreasonable considering the posture of this case, the Court should proceed with approving the proposed settlement as agreed to by the parties.[4]

Dated: June 4, 2025.

Respectfully submitted,

/s/Alex Hagel
Alex Hagel, WSBA 55423
alex@cedarlawpllc.com
Lara Hruska, WSBA 46531
lara@cedarlawpllc.com
CEDAR LAW PLLC
113 Cherry Street, PMB 96563
Seattle, WA 98104
Telephone: (206) 607-8277
Facsimile: (206) 237-9101

/s/ Ian B. Crosby
Ian B. Crosby, WSBA 28461
icrosby@susmangodfrey.com
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

*Attorneys for Plaintiffs*

[4] Notably, no other objections have been filed as to either the remainder of the settlement agreement nor Plaintiffs' motion for attorneys' fees and costs.

**CERTIFICATE OF COMPLIANCE**

I certify that this reply contains 1455 words, in compliance with the Local Civil Rules.

*/s/ Alex Hagel*
Alex Hagel WSBA# 55423



SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I caused the foregoing document to be served, via electronic mail, per agreement, on the following:

BRIAN ROWE, WSBA #56817
S. TODD SIPE, WSBA #23203
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744
Brian.Rowe@atg.wa.gov
Todd.Sipe@atg.wa.gov

*Counsel for Defendants*

I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

DATED this 4th day of June, 2025, at Seattle Washington.

*/s/ Ian B. Crosby*
Ian B. Crosby, WSBA #28461



SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-2668
Tel: (206) 516-3880; Fax: (206) 516-3883