The Honorable Lauren King

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| N.D., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CHRIS REYKDAL, et al.,<br><br>Defendants. | NO. 2:22-cv-01621-LK<br><br>DEFENDANTS' RESPONSE TO PARENTS' OBJECTION TO CLASS ACTION SETTLEMENT AGREEMENT |

## I. INTRODUCTION

The sole objection to the settlement of this case, Dkt. 113, comes from the parents of a student (the Student) who contend that his diploma—the basis for his exit from special education—was improperly issued because his school district did not want to exit him due to his age. The relief the Student seeks—overturning the issuance of his diploma—falls outside the scope of this case and must be pursued through an individual due process hearing. Though he asks the Court to extend the statute of limitations for challenging diplomas, he has no need for an extension; his two-year limitations period does not run out until June 16, 2025. Neither this case nor the law prevents him from pursuing the invalidation of his diploma in a due process challenge. His dispute goes beyond the bounds of Plaintiffs' claims and does not weigh against the fairness, adequacy, and reasonableness of the settlement of this case.



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

## II. RESPONSE TO OBJECTION

In deciding whether to approve a settlement of a class action, courts must consider, in light of any objections from class members, whether the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). This consideration includes the adequacy of the relief provided for the class and the equitable treatment of class members relative to each other. Fed. R. Civ. P. 23(e)(2)(C), (D).

To issue a diploma, a local education agency (LEA) must meet strict, statewide standards that have nothing to do with a student's age. In Washington, there is only one diploma—no lesser credential. *See* Defs.' Supp. Br. on E.A.'s Graduation Date and the Nature of His Diploma, Dkt. 48 at 2–3; Decl. of Betty Lopez, Dkt. 49 at 2. Washington law provides multiple pathways to graduation, each one "equally valid for earning a Washington state high school diploma." Wash. Rev. Code § 28A.230.710; Wash. Admin. Code § 180-51-230(1) and (5). If an LEA were to disregard those standards and issue a diploma, a student could challenge the issuance of the diploma in a due process challenge. *See* 34 C.F.R. § 300.507(a); Wash. Admin. Code § 392-172A-05080. Once a student has been awarded a diploma, the LEA has no legal obligation to continue providing special education services. *See* 34 C.F.R. § 300.102(a)(3)(i); Wash. Admin. Code § 392-172A-02000(2)(b).

The Student was issued a diploma by Bellevue School District on June 16, 2023. The Bellevue School District exited the Student from special education on the basis of his diploma, though the Student contends his diploma was improperly issued and that he was actually exited due to age. The Student has not brought a due process challenge against his diploma, though OSPI has reminded him that he has the right to do so before June 16, 2025. *See* Fifth May Decl. ¶ 7.

The Student objects that the class definition does not include students like him, who have received a diploma. The Student asks the Court to revise the terms of the settlement by (1) omitting any mention of the "right or ability" of LEAs to "deny compensatory education via



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

appropriate procedures either on the basis of having received a regular high school diploma or lack of continuing need for services as of the time that services were withdrawn," and (2) tolling the statute of limitations for initiating a due process hearing to allow students to challenge diplomas issued more than two years ago.

Neither of the Student's requested revisions are justified.[1] First, the right or ability of LEAs to stop providing special education services is established by federal regulation. The settlement's recognition of federal law does not harm the Student and cannot weigh against approval of the settlement. Moreover, omitting this recognition would have no practical effect on the Student's legal position and would serve only to obscure the legal framework that governs LEAs' obligations.

Second, the tolling effect on claims for compensatory education is rightly tied to the scope of the Plaintiffs' claims, which concern the aging-out of students at the end of their age-21 school year. Because Plaintiffs' claims do not challenge the validity of diplomas, it would be inappropriate for the settlement agreement to extend the statute of limitations to allow challenges to diplomas issued before this lawsuit was filed. Yet none of this matters for the Student, who—as OSPI has reminded him, *see* Fifth May Decl. ¶ 7—is still within the two-year limitations period to challenge the issuance of his diploma.

The Student's objection does not weigh against final approval of the settlement because, at most, his objection is based on a dispute that belongs in an individual due process hearing, not this class action. The Student can bring a due process challenge against his diploma before June 16, 2025, unimpeded by the two-year bar of the statute of limitations for such challenges. Should the Student successfully invalidate his diploma through a due process hearing, he could potentially gain eligibility for compensatory education under the terms of the settlement

---

[1] Rule 23(e)(2) only authorizes courts to approve or disapprove a class action settlement, not to revise it. OSPI addresses the Student's requested revisions as arguments for disapproval without conceding that revision of the settlement agreement would be possible.

agreement. Until he pursues that available channel for relief, his diploma challenge is irrelevant to the resolution of this matter.

## III. CONCLUSION

Nothing in the Student's objection suggests that the relief provided to the class is unfair or inadequate or that class members are being subject to inequitable treatment. All potential class members are equally subject to federal law on ineligibility for special education upon receipt of a diploma, and all potential class members have the right to challenge any diploma within the period established by law. Accordingly, the Student's objection raises individual concerns that are appropriately addressed outside this proceeding and provides no basis for rejecting or modifying the settlement.

DATED this 4th day of June 2025.

NICHOLAS W. BROWN
Attorney General

*/s/ Brian H. Rowe*
BRIAN H. ROWE, WSBA #56817
S. TODD SIPE, WSBA #23203
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744
Brian.Rowe@atg.wa.gov
Todd.Sipe@atg.wa.gov

*Attorneys for Defendants Chris Reykdal and Office of Superintendent of Public Instruction*

# CERTIFICATE OF SERVICE

I hereby declare that on this day I caused the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will serve a copy of this document upon all counsel of record.

Ian Crosby
Susman Godfrey L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
icrosby@susmangodfrey.com
COxley@susmangodfrey.com
*Counsel for Plaintiffs*

Lara Hruska
Alex Hagel
Kaitlin Leifeur-Masterson
Cedar Law PLLC
113 Cherry Street, PMB 96563
Seattle, WA 98104
lara@cedarlawpllc.com
alex@cedarlawpllc.com
kaitlin@cedarlawpllc.com
*Counsel for Plaintiffs*

I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

DATED this 4th day of June 2025 at Seattle, Washington.

*/s/ Brian H. Rowe*
BRIAN H. ROWE, WSBA #56817
Assistant Attorney General