**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

N.D., et al.,
Plaintiffs,
v.

CHRIS REYKDAL, et al.,
Defendants.

Case No. 2:22-cv-01621-LK

PETITION FOR ORDER APPOINTING LITIGATION GUARDIAN AD LITEM FOR CLASS MEMBER

## I. RELIEF REQUESTED

Counsel for Mehdi Beygi and Zohreh Alavitalab ("Parents" herein), pursuant to Federal Rule of Civil Procedure 17(c)(2), request the appointment of a litigation guardian ad litem ("LGAL") for their adult son ("Class Member"), an individual with disabilities and without a guardian or conservator, who is a Class Member in this matter. The appointment of an LGAL would be in the best interest of the case.

The undersigned counsel nominates Mehdi Beygi ("Mehdi") and Zohreh Alavitalab ("Zohreh") to serve as Co-LGAL. As his Parents', these individuals are willing and able to serve and are familiar with their son as they continue to act as his primary caregivers. They both agree to serve in this role in this case. As Co-LGAL, Mehdi and Zohreh should



bhd | BROTHERS HENDERSON DURKIN, P.S.
936 N 34th Street
Suite 200
Seattle, WA 98103
P: 206-324-4300
F: 206-324-3106

be afforded the same protections for attorney-client privileged communications under Federal Rule of Evidence 502.

## II. STATEMENT OF FACTS

The Class Member is twenty-three (23) years old and resides with Parents in Bellevue, Washington. He has been diagnosed with an underlying genetic syndrome (22q11.2 deletion syndrome) which has resulted in several diagnoses, including autism spectrum disorder (level 2, requiring substantial supports), expressive language impairment, intellectual disability, ADHD, anxiety, obsessive-compulsive disorder, and a thought disorder which includes a form of hyperactive catatonia.

The Class Member previously attended Bellevue School District ("District"), where he received special education and transition services under the Individuals with Disabilities Education Act ("IDEA") until June 2023. On or around June 9, 2023, a few weeks after his 21st birthday, Parents received notice that the District was discontinuing services due to this individual aging out.

In December 2024, Parents received the Notice of Proposed Class Action Settlement. Ex. A. The matter defines "class" as "[a]ll students who were exited from special education services due to age before their 22nd birthday between November 11, 2020 and the present." *N.D. v. Reykdal,* No. 2:22-cv-01621-LK, 2024 U.S. Dist. LEXIS 211397, at *8-9 (W.D. Wash. Nov. 20, 2024); *see also, Id.,* pg. 2. Thus, Parents' subsequently contacted the District to request an IEP meeting. However, the District has



BROTHERS HENDERSON DURKIN, P.S.
936 N 34th Street
Suite 200
Seattle, WA 98103
P: 206-324-4300
F: 206-324-3106

continually refused to convene an IEP meeting or otherwise engage in discussions with the Family in light of *N.D. v. Reykdal*.

On May 15, 2025, the individual executed a Durable Power of Attorney (DPOA) naming the Parents as his attorneys-in-fact for the purposes of healthcare and legal decisions. *See* Ex. B. Therein, the individual granted his attorneys-in-fact the following authority:

- **Special Education:** To represent me in all matters related to my special education, including attending Individualized Education Program (IEP) meetings, making educational decisions, and advocating for my rights under state and federal law.
- **Legal Representation:** To hire, retain, and consult with legal counsel on my behalf for any legal matter, including but not limited to special education issues.
- **Legal Communication:** To communicate with any court, judge, government agency, or other legal entity on my behalf.
- **Legal Documents:** To execute any and all legal documents on my behalf that are necessary or appropriate in the exercise of the powers granted herein, including contracts with attorneys and settlement agreements.
- **Communication with Courts:** To write and submit letters or other communications to any court or judge on my behalf in any legal proceeding in which I am involved.

*Id. See also,* WAC 392-172A-05135(6) (allowing a student, who has reached the age of majority, to "authoriz[e] another adult to make educational decisions on that student's behalf using a power of attorney consistent with the requirements in chapter 11.125 RCW.").



BROTHERS HENDERSON DURKIN, P.S.
936 N 34th Street
Suite 200
Seattle, WA 98103
P: 206-324-4300
F: 206-324-3106

On May 23, 2025, pursuant to their authority under the DPOA, Parents obtained counsel, Brothers Henderson Durkin, P.S.[1] to file an objection to the terms of the proposed Settlement Agreement in *N.D., et al., v. Reykdal,* on behalf of the individual.

Parents' counsel has identified the Parents as potential candidates to be appointed as LGALs. The Parents are familiar with the individual and the factual circumstances of his education, and they have experience assisting in matters related to his educational interests.

## III. EVIDENCE RELIED UPON

Counsel for Parents relies on the following evidence in bringing this petition:

A. Notice of Proposed Class Action Settlement received by Petitioners in November 2024 (Exhibit A); and

B. General Durable Power of Attorney dated May 15, 2025 (Exhibit B).

## IV. AUTHORITY

An LGAL serves to aid litigation-related issues for an individual, including for court appearances and other litigation circumstances. Federal Rule of Civil Procedure 17(c)(2) provides:

> [A]n incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

[1] Specifically, attorney Nicole E. Rudnicki who is applying to appear pro hac vice in this matter, and attorney Christopher M. Henderson, who is admitted to appear in the Western District of Washington as local counsel.



BROTHERS HENDERSON DURKIN, P.S.
936 N 34th Street
Suite 200
Seattle, WA 98103
P: 206-324-4300
F: 206-324-3106

Parents, their counsel, and the Class Member have discussed the appointment of an LGAL, and all agree the appointment of Parents to serve in this capacity would be in the Class Member's best interest. As Co-LGAL, Parents will stand in the shoes of this specific class member and should be afforded the same common law and statutory protections for attorney-client privileged communications. The Co-LGAL must exercise their authority jointly.

## V. CONCLUSION

WHEREFORE, having fully set forth the Petition herein, Mehdi Beygi and Zohreh Alavitalab request that the Court enter an Order on this Petition as follows:

A. Appointing Mehdi Beygi and Zoreh Alavitalab Co-Litigation Guardian ad Litem, exercising their authority jointly, for Class Member in this proceeding pursuant to Fed. R. Civ. Pro. 17(c)(2); and

B. Granting such other and further relief as the Court deems just and equitable.

DATED this 10th day of June, 2025.

BROTHERS HENDERSON DURKIN, P.S.

Christopher M. Henderson, WSBA No. 41314
Attorneys for Mehdi Beygi and Zoreh Alavitalab



BROTHERS HENDERSON DURKIN, P.S.
936 N 34th Street
Suite 200
Seattle, WA 98103
P: 206-324-4300
F: 206-324-3106

# EXHIBIT A

## Durable Power of Attorney

My name is Cyrus Jamshid Beygi Cyrus Beygi. My date of birth is 05/03/2002
I, Cyrus J Beygi residing at 5455 Highland Dr. Bellevue WA 98006, hereby appoint my parents,
Father's Full Legal Name: Mehdi J Beygi residing at 5455 Highland Dr. Bellevue WA 98006, and
Mother's Full Legal Name: Zohreh Alavitalab residing at 5455 Highland Dr. Bellevue WA 98006
individually or jointly as my true and lawful attorneys-in-fact to act for me and in my name, place, and stead for the following purposes:

- **Healthcare Decisions:** To make any and all decisions concerning my medical care, including but not limited to consenting to or refusing medical treatment, surgical procedures, medication, and healthcare services; to access my medical records; and to communicate with healthcare providers.
- **Legal Matters:**
  - **Special Education:** To represent me in all matters related to my special education, including attending Individualized Education Program (IEP) meetings, making educational decisions, and advocating for my rights under state and federal law.
  - **Legal Representation:** To hire, retain, and consult with legal counsel on my behalf for any legal matter, including but not limited to special education issues.
  - **Legal Communication:** To communicate with any court, judge, government agency, or other legal entity on my behalf.
  - **Legal Documents:** To execute any and all legal documents on my behalf that are necessary or appropriate in the exercise of the powers granted herein, including contracts with attorneys and settlement agreements.
  - **Communication with Courts:** To write and submit letters or other communications to any court or judge on my behalf in any legal proceeding in which I am involved.

This Power of Attorney shall be durable and shall not be affected by my subsequent disability or incapacity.I am signing of my own free will for the purposes stated in this document.

Cyrus Beygi
My signature (*in front of a notary or witnesses*)

05/15/2025
Date

**Notarization**

State of Washington
County of King

This document was acknowledged before me on (*date*) 05/15/2025
by (*name*) Cyrus Beygi.

[signature]
Signature of Notary
Notary Public for the State of Washington.
My commission expires 02-01-2027.

RYAN KOPP
NOTARY PUBLIC #23005345
STATE OF WASHINGTON
MY COMMISSION EXPIRES
02-01-27

# EXHIBIT B

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

## ***N.D., et al. v. REYKDAL***

**If you or your family member were eligible for special education in the State of Washington and may have been exited from special education due to age anytime between November 11, 2020, and the present day, prior to turning twenty-two years old, you may be affected by a proposed class action settlement.**

A proposed settlement has been reached in a class action lawsuit called *N.D., et al., v. Reykdal*, Case No. 2:22-cv-01621-LK. This lawsuit challenges the State of Washington's and the Office of Superintendent of Public Instruction's ("OSPI") policy of exiting students from special education prior to turning twenty-two years old. The parties in the lawsuit have proposed to settle the case, and the U.S. District Court for the Western District of Washington, the Honorable Lauren King, must decide whether to approve the settlement.

This notice will tell you about your rights under the settlement. You are not being sued, and this is not an advertisement. Please read this notice, and if you have questions about anything in the notice see the contact information on page 3. If you received an earlier version of this notice, you do not need to respond again.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.**

### What is the lawsuit about?

*N.D., et al., v. Reykdal* is a federal court case brought on behalf of a group (a "class") of students eligible for special education, who were exited from their special education class on based on their age ("aged out") prior to turning twenty-two years old. A case like this is brought on behalf of a group of people who have similar legal claims, leading the court to treat them as a "class" of people who all might benefit from a single resolution. The people who stand to benefit from the resolution of the case and fall into the class bringing the case are referred to as "class members." In this case, there are two named individuals proposing to represent the class, N.D. and E.A. (collectively "the Plaintiffs").

The case was filed in November 2022 and claimed that OSPI and Washington's Local Educational Agencies ("school districts") violated the Individuals with Disabilities Education Act ("IDEA") and denied students a Free Appropriate Public Education ("FAPE") by prematurely aging out students prior to their twenty-second birthday. Prior to this lawsuit, when Washington's school districts exited students from special education based on age, they did so at the end of the school year in which the student turns twenty-one. The Plaintiffs alleged that OSPI and school districts had an obligation to serve eligible students until their twenty-second birthday.

In July of 2024, the Court granted the Plaintiffs a preliminary injunction—in other words, a court order that prohibited OSPI from allowing school districts to age-out students prior to their twenty-second birthday. Plaintiffs and OSPI have now agreed to settle this case and have asked the Court to approve a proposed settlement that would prohibit prematurely aging out students and provide a mechanism for

class members to seek compensatory education from the school district they last attended. The Court has appointed lawyers to represent the Class as it considers finalizing the settlement. They are called "Class Counsel," and their contact information is listed at the end of this document.

## Are you a member of the class?

As part of the settlement agreement in this case, you are a member of the class if you were eligible for special education and were exited from special education based on your age (often called "aging out") prior to turning twenty-two years old at any time between November 11, 2020, and the present.

## Compensatory Education

As part of the settlement agreement, you may be entitled to compensatory education to make up for the special education and transition services you otherwise would have received had you remained in school until your 22nd birthday.

You may be eligible for compensatory education as determined by your IEP team. The determination of the amount and type of compensatory education, and how the compensatory education will be provided will be determined based on your individualized needs. The IEP team will look at the special education and transition services received prior to leaving school, current needs, and whether compensatory education is required.

Compensatory education could be provided via:

- Direct services provided by the District
- Monetary compensation in lieu of compensatory education
- Reimbursement for private services obtained

**If you would like to schedule an IEP meeting to discuss compensatory education, please contact your school district's Director of Special Education or Plaintiffs' counsel below.**

If you choose to respond, your response is requested by June 17, 2025. You may still respond at a later date, but your response will not be counted for purposes of the Final Approval Hearing described below.

If the school district refuses to convene an IEP team meeting on your behalf, or you disagree with the amount or type of compensatory education, you have the right to appeal that decision under either OSPI's Due Process Procedures or through a Community Complaint. Information about those processes is available on OSPI's website - https://ospi.k12.wa.us/student-success/special-education/dispute-resolution.

## Other Elements of the Settlement

The settlement requires OSPI, among other things, to do the following:

1. Direct districts to extend age eligibility for special education services until the student's 22nd birthday.
2. Direct districts to offer to immediately resume services under the last implemented IEP for

each student who has not yet turned 22 who aged out during the lawsuit.

3. Direct districts to reconvene IEP teams to consider whether compensatory education is needed for all students in the class who wish to receive an award of compensatory education.

The settlement also provides individual compensatory education awards to the two class representatives, N.D. and E.A., in amounts up to $150,000 and $60,000 respectively, and reimbursement of Plaintiffs' reasonable attorneys' fees.

## Questions?

Please note, this notice only summarizes the settlement. The full settlement agreement is available at the following website: https://ospi.k12.wa.us/student-success/special-education

You can contact Class Counsel at these mail or email addresses:

ATTN: N.D. v. Reykdal Class Counsel
Cedar Law PLLC
113 Cherry Street PMB 96563
Seattle, WA 98104
info@cedarlawpllc.com
206-607-8277

You can also access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://pacer.uscourts.gov/, using Case No. 2:22-cv-01621-LK.

## Options for Disagreement

You have the right to say what you think about the settlement before the Court decides whether to approve it. You can do this by submitting something in writing to the Court, attending a Court hearing about the settlement, or both.

If you like the settlement's terms, or you do not have an opinion on the terms, you do not need to do anything related to this lawsuit.

If you are not satisfied with the settlement, you have the right to ask the Court to deny approval for the settlement. If the Court denies approval, the settlement will not happen, and the lawsuit will continue. If that is what you want, you must object to the proposed settlement in writing. If you object in writing, you may, if you choose, also appear at the Final Approval Hearing, but are not required to. If you choose to appear at the Final Approval Hearing, you can appear either on your own behalf or through your own attorney. If you choose to appear through your own attorney, you are responsible for hiring and paying for that attorney. If the Court approves the settlement despite any objections, it will apply to you even if you do not agree with it.

All written objections and supporting papers must:

- Clearly identify the following case name and number: *N.D., et al., v. Reykdal*, Case No. 2:22-cv-01621-LK (W.D. Wash.);
- Be submitted to the Court either:

  - By mailing them to: the Clerk, U.S. District Court for the Western District of Washington, 700 Stewart Street, Suite 2310, Seattle, WA 98101, and both the envelope and letter shall state: "Attention: *N.D., et al., v. Reykdal*, Case No. 2:22-cv-01621-LK (W.D. Wash.), or
  - By filing them in person at any location of the United States District Court for the Western District of Washington; and
- Be filed or postmarked on or before May 23, 2025.

The Final Approval Hearing is scheduled to take place on June 17, 2025, at 10:00 a.m., at the U.S. District Court for the Western District of Washington, 700 Stewart Street, Courtroom 15106, Seattle, WA 98101. The date and time of the Final Approval Hearing may change without notice to you. Information about any changes to the Final Approval Hearing date or time will be available, for a fee, through PACER, at https://pacer.uscourts.gov/, using the Case No. 2:22-cv-016210. *You are not required to attend this hearing. Your lawyer does not need to attend this hearing. You are welcome to attend if you want to object to the settlement or if you are interested in observing the hearing, but you are not required to.*