FILED
LODGED
RECEIVED
MAIL
JAN 20 2026
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

**UNITED STATES DISTRICT COURT**
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

**N.D., et al.,**

**Plaintiffs,**

**v.**

**CHRIS REYKDAL, et al.,**

**Defendants.**

**CASE NO. 2:22-cv-01621-LK** (W.D. Wash.)

**MOTION TO ALLOW CLASS MEMBER DENIED COMPENSATION TO ENTER PLEADINGS AND TO FILE INTO PACER** CM/*ECF*
**(LCR 7)**

## I. INTRODUCTION

Movant Mehdi.Beygi the legal guardian of C.B. for the purposes of pursuing FAPE a class member in this action, respectfully moves the Court for leave to enter pleadings on behalf of the class member.

Movant brings this motion solely to protect and enforce the Class Member's rights under the Court's orders and does not seek to alter the class definition or reopen the merits.

## II. RELIEF REQUESTED

**Movant respectfully requests that the Court:**

1. **Grant Movant, as legal guardian of C.B. a class member, leave to file pleadings in this action for the limited purpose of enforcing the Class Member's right to compensation;**
2. **Alternatively, appoint Movant as guardian ad litem for C.B. pursuant to Fed. R. Civ. P. 17(c) for purposes of enforcing class relief; and**

3. **Grant Movant the right to file into**
4. **Grant such other and further relief as the Court deems just and proper.**

## III. FACTUAL BACKGROUND

1. C.B. is a Class Member of this certified Class

2. C.B. requested compensation per Notice of Proposed Class Action Settlement that was mailed to C.B.

3. He was denied Compensation

4. Movant is the legal Guardian for the purposes of FAPE for C.B. (see Attachment Guardianship_Approved_Court_Order ) as established by the Guardianship Order

## IV. LEGAL STANDARD

Movant requests leave to file pleadings on behalf of the Class Member C.B. pursuant to **Fed. R. Civ. P. 17(c), Fed. R. Civ. P. 23** or, in the alternative, for appointment as guardian ad litem for purposes of enforcing the Class Member's rights.

## V. ARGUMENT

1. **Leave to file pleadings under Rule 17(c).**
   Pursuant to **Fed. R. Civ. P. 17(c)**, a minor or protected person may sue or act through a **guardian or next friend**. Movant, as legal guardian of [Initials], has standing to seek relief on behalf of the Class Member and to file pleadings necessary to protect the Class Member's rights.

2. **Class member rights under Rule 23.**
   As a member of the certified class under **Fed. R. Civ. P. 23**, the Class Member is entitled to participate in proceedings affecting their compensation. Granting Movant leave to file ensures the Class Member's rights are protected.
3. **Limited purpose of this motion.**
   This motion seeks only procedural leave for Movant to enter pleadings on behalf of the Class Member, or, in the alternative, appointment as guardian ad litem for that purpose. No substantive claims or arguments regarding compensation are being raised at this time.

## VI. CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant leave to file pleadings on behalf of the Class Member, C.B. in this action, or, **in the alternative**, appoint Movant as guardian ad litem for C.B. for the same limited purpose. Movant further requests any other relief the Court deems just and proper.

Respectfully submitted,

DATED this 13th day of January, 2026.

_____________Mehdi J Beygi_____________

Mehdi Beygi

Mehdi Beygi
5455 Highland Dr.
Bellevue, WA 98006
425-272-5219
mehdi.beygi@gmail.com

Pro Se Movant / Class Member

**DECLARATION OF Mehdi Beygi**

I, Medi Beygi declare as follows:

1. I am the the Guardian of C.B. a Class Member in this case.
2. C.B was denied compensation despite eligibility.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this _13___ day of _Jan_____, 2026__ at_Bellevue WA___.

____________Mehdi J Beygi__________________

Medi Beygi

**CERTIFICATE OF SERVICE**

I declare under penalty of perjury under the laws of the state of Washington that I served a true and correct copy of the foregoing Motion for Leave to File Pleadings on Behalf of Class Member and all attachments as indicated, to the following parties via First Class Mail

:

*/s/ Ian Crosby*
Ian Crosby, WSBA 28461
icrosby@susmangodfrey.com
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

*/s/ Lara Hruska*
*/s/ Alex Hagel*
*/s/ Kaitlin Leifur-Masterson*
Lara Hruska, WSBA 46531
lara@cedarlawpllc.com
Alex Hagel, WSBA 55423
alex@cedarlawpllc.com
Kaitlin Leifur-Masterson, Rule 9 #9874675
kaitlin@cedarlawpllc.com
CEDAR LAW PLLC
113 Cherry Street, PMB 96563
Seattle, WA 98104
Telephone: (206) 607-8277
Facsimile: (206) 237-9101

/s/ Brian Hunt Rowe
ATTORNEY GENERAL'S OFFICE (800 SEATTLE)
800 FIFTH AVENUE
STE 2000
SEATTLE, WA 98104
206-389-3888
brian.rowe@atg.wa.gov

/s/ Elana Sabovic Matt
ATTORNEY GENERAL'S OFFICE (800 SEATTLE)
800 FIFTH AVENUE
STE 2000
SEATTLE, WA 98104
206-342-6435
elana.matt@eddiebauer.com

/s/ Stephen Todd Sipe
ATTORNEY GENERAL'S OFFICE (COMPLEX LIT-SEA)
800 5TH AVE STE 2000
SEATTLE, WA 98104
206-382-0512
Todd.Sipe@atg.wa.gov
via E-mail Todd.Sipe@atg.wa.gov

/s/ Nicole Elizabeth Rudnicki
BROTHERS HENDERSON DURKIN PS
936 N 34TH ST STE 200
SEATTLE, WA 98103
206-324-4300
nicoler@bhdlaw.com

/s/ Christopher M Henderson
BROTHERS HENDERSON DURKIN PS
936 N 34TH ST STE 200
SEATTLE, WA 98103
206-324-4300
chrish@brothershenderson.com

DATED this _13_ day of _January______, 2026__.

__________Douglas Rosenberg [signature: Douglas Rosenberg]

Douglas Rosenberg
12606 SE 42nd St, Bellevue, WA 98006

EXP01

FILED
KING COUNTY WASHINGTON
NOV 12 2025
SUPERIOR COURT CLERK
BY Debbie Chin
DEPUTY

## Superior Court of Washington, County of King

| | |
|---|---|
| In the Guardianship/Conservatorship of:<br><br>Cyrus Beygi<br>Respondent | No. 25-4-06210-1 SEA<br>**Order Appointing**<br>☒ **Limited Guardian** (ORAPLGP)<br>☐ **Full Guardian** (ORAPGDP)<br>☐ **Limited Conservator** (ORAPLC)<br>☐ **Full Conservator** (ORAPCC)<br>☐ **Full Guardian/Conservator** (ORAPFGC)<br>☐ **Limited Guardian/Conservator** (ORAPLGC)<br>☒ Clerk's Action Required: 1, 23, 40 |

# Order Appointing Full or Limited Guardian and/or Conservator

**1. Summary**

| | | |
|---|---|---|
| Date guardian appointed: | | 11/12/2025 |
| Deadline for report and accounting: | | 2/9/2027 |
| Reporting Period: ☒ 12 ☐ 24 ☐ 36 | | |
| Start: | 11/12/2025 | |
| End: | 11/11/2026 | |
| Date of next review: | | 3/11/2027 |
| Letters expire on: | | 5/10/2027 |
| Bond amount: | | $0.00 |
| Restricted account agreements required: | | ☐ Yes ☒ No |
| Due date for inventory: | | N/A |
| Due date for guardian's plan: | | 2/10/2026 |
| The clerk shall notify the auditor of loss of voting rights: | | ☐ Yes ☒ No |
| Right to vote removed – ________, and last 4 SSN # N/A | | |
| ☐ Certified professional guardian (CPG) ☐ Public professional guardian (PUG) | | |
| ☒ Lay (family) guardian (LGD) ☒ Training completed ☐ Training required | | |

| | **Individual Subject to Guardianship/Conservatorship** | **Guardian/Conservator** |
|---|---|---|
| **Name** | Cyrus Beygi | Mehdi J Beygi, Zohreh Alavitalab |
| **Address** | 5455 Highland Dr.<br>Bellevue, WA 98006 | 5455 Highland Dr.<br>Bellevue, WA 98006 |
| **Phone** | | (425) 272 5219, |
| **Email** | | mehdi.beygi@gmail.com |
| **Facsimile** | | [illegible]<br>425-301-3573 |

| | **Notice Party** | **Notice Party** |
|---|---|---|
| **Name** | | |
| **Address** | | |
| **Phone** | | |
| **Email** | | |
| **Relationship** | | |

This matter came on for hearing on a petition for appointment of guardian and/or conservator for the Respondent.

The proposed guardian and/or conservator was present.

The court visitor (visitor) was present. The following other persons were also present at the hearing:

John O'Brien, Counsel for Respondent

The court considered the written report of the visitor and the professional evaluation, the testimony of witnesses, remarks of counsel, and the documents filed herein. Based on the above, the court makes the following:

**Findings of Fact**

2. All notices required by law have been given and proof of service as required by statute is on file.

   The court finds by clear and convincing evidence that Respondent was given proper notice of the hearing on the petition. Required proof of service is on file.

3. **Jurisdiction and Venue**

   **Jurisdiction** over the person and/or estate of Respondent is correct because:

   ☒ **Home State Jurisdiction** – The Respondent has lived in Washington for at least 6 months prior to this case being filed.

   **Venue** is correct because *(check all that apply)*:

   ☒ The Respondent resides in the county in which the court is located.

   ☐ The Respondent has been admitted into an institution by court order, the county in which the court is located.

4. **Respondent' Attendance**

[X] Respondent was present in court.

[ ] The hearing was conducted outside of the courtroom at the location of the Respondent.

[ ] Respondent declined to attend the hearing after having been fully informed of the potential consequences.

[ ] There was no practicable way for Respondent to attend and participate even with supportive or technological assistance.

[ ] Findings to support above ______________________________

______________________________

5. **Court Visitor (Visitor)**

The visitor appointed by the court has filed a report with the court. The report is complete and complies with all requirements of RCW 11.130.280 and/or 11.130.380.

6. **Professional Evaluation**

[X] There was a professional evaluation by Gary A. Stobbe, MD Medical Director, UW Medicine Adult Autism Clinic Clinical Professor, Department of Neurology University of Washington.

[ ] There is sufficient information to determine Respondent's needs and abilities without the professional evaluation.

7. **Alternative arrangements made by the Respondent**

[ ] Respondent did not make alternative arrangements for assistance, such as a power of attorney or other protective arrangements.

[X] Respondent made other protective arrangements for assistance, but such arrangements are inadequate in the following respects: Both parents have POA from respondent but ECT health care in WA requires guardianship with consent for ECT and court order.______________________________

______________________________

[ ] *(Name)* ______________________ has been acting in a fiduciary capacity for Respondent and should **not** continue to do so for the following reasons:

______________________________

8. **Basis for guardianship and/or conservatorship**

Respondent by clear and convincing evidence:

[X] lacks the ability to meet essential requirements for physical health, safety, or self-care because the Respondent is unable to receive and evaluate information or make or communicate decisions, even with appropriate supportive services, technological assistance, or supported decision making.

☒ is incapable of managing property or financial affairs due to ☐ a limitation in Respondent's ability to receive and evaluate information or ☐ absence. An appointment of a conservator is necessary to ☐ avoid a significant dissipation of the individual's property or ☐ obtain funds or property to support and care for the individual or their dependents.

☒ is in need of a full ☐ guardianship.

☒ is capable of managing some personal and/or financial affairs but is in need of the protection and assistance of a limited ☒ guardian. These specific powers are granted to the ☐ guardian:

1) access to medical records and decision-making authority for medical and healthcare needs, 2) authority to manage and decide about educational and legal matters 3) authority to contract on Cyrus's behalf.

☐ The following less restrictive protective arrangement will meet Respondent's needs: ______

☒ There is clear and convincing evidence that Respondent's needs cannot be met by a protective arrangement instead of guardianship and/or conservatorship or other less restrictive alternative, including the use of appropriate supportive services, technological assistance, or supported decision making.

☐ There is clear and convincing evidence Respondent's needs cannot be met by limited guardianship and/or conservatorship. The guardianship and/or conservatorship is appropriate.

Specific Findings *(about why someone needs a guardianship/conservatorship)*: ______

9. **Guardian**

The proposed guardian is qualified to act as ☒ guardian and conservator for Respondent and they have filed the *Disclosure of Guardian or Conservator*. Their address, phone numbers and email address are as follows:

Address: 5455 Highland Dr., Bellevue, WA 98006; ,

Phone No/s: (425) 272 5219, 425-301-3573

Email: mehdi.beygi@gmail.com , Zohreh Alavitalab

The relationship of the guardian and/or conservator to Respondent is:

Parents

☒ The guardian and/or conservator provides paid services, is a relative, or is employed by a person that provides paid services to the Respondent. The court finds by clear and convincing evidence that the guardian and/or conservator is the best qualified

person for the appointment and the appointment is in the best interest of the Respondent.

10. **Visitor and Appointed Counsel fees and costs**

☒ The visitor and appointed counsel for the respondent counsel were appointed at ☒ county expense ☐ estate expense and shall submit a motion for payment of fees and costs pursuant to the local rules.

11. **Conservator's Bond**

The assets of the Respondent:

☒ Does not apply. Respondent only has a guardianship.

12. **Restrictions on Respondent's right to communicate**

The following facts support restricting Respondent's right to communicate, visit, and interact with others: N/A.

13. **Right to Vote**

Respondent:

☒ is capable of exercising the right to vote.

☐ is not capable of exercising the right to vote because Respondent cannot communicate, with or without support, a specific desire to participate in the voting process.

14. **Right to Marry**

Respondent:

☒ is capable of exercising the right to marry.

☐ is not capable of exercising the right to marry because Respondent lacks the ability to understand the special nature of the contract and the duties it entails.

**Conclusions of Law**

Based upon the above findings and fact, the court makes the following conclusions of law:

15. **Individual Subject to Guardianship/Conservatorship**

Cyrus Beygi is an individual who meets the requirements to be subject to guardianship and/or conservatorship within the meaning of chapter 11.130 RCW, and a:

☐ Full ☒ Limited guardians should be appointed.

16. **Guardian/Conservator**

(*Name*) **Mehdi J Beygi** and **Zohreh Alavitalab** are a fit and proper person(s) as required by RCW 11.130.305 and 11.130.415 to be appointed as guardian(s).

17. **Powers of Guardian**

☒ The powers of the guardian should include, but are not limited, to the following:

☒ Establish the adult's place of dwelling, within the limits of RCW 11.130.330 (5).

☒ Consent to health or other care, treatment, or service for the adult.

- ☒ Receive personally identifiable health care information regarding the adult.
- ☒ To the extent reasonable, delegate to the adult responsibility for a decision affecting the adult's well-being.
- ☒ Commence a proceeding or take other appropriate action to compel another person to support the adult or pay funds for the adult's benefit; and
- ☒ Apply for and receive funds and benefits as a representative payee or an authorized representative or protective payee for the support of the adult.

☒ The powers of the conservator should include, but are not limited, to the following:

- ☒ None, Guardianship only.

☐ Other: ______________________________________________

______________________________________________

Without further court order, the guardian does not have power to consent to sterilization on behalf Respondent.

18. **Limitations and restrictions placed on the Respondent**

The limitations and restrictions placed on Respondent are as follows:

- ☐ To vote or hold an elected office.
- ☐ To marry, divorce, or enter into or end a state registered domestic partnership.
- ☒ To consent to or refuse medical treatment.
- ☒ To decide who shall provide care and assistance.
- ☐ To make decisions regarding social aspects of their life.
- ☐ To possess a license to drive.
- ☐ To make or revoke a will.
- ☒ To enter into a contract.
- ☒ To appoint someone to act on their behalf.
- ☒ To sue and be sued, other than through a guardian and/or conservator.
- ☐ To buy, sell, own, mortgage, or lease property.
- ☐ To manage their money.
- ☐ Other limitations and restrictions: ______________________________________________

______________________________________________

19. **Restrictions on Respondent's right to communicate, visit, and interact with others**

The guardian is authorized to restrict Respondent's right to communicate, visit, and interact or otherwise associate with the following persons:

| Name of Person | Nature of Restriction |
| --- | --- |

1. ______________________________
2. ______________________________
3. ______________________________

20. The court finds it would be contrary to Respondent's preferences to provide notice to *(name)* ______________ who is a spouse, domestic partner, or adult child.

*The Court Orders:*

21. **Prior Power of Attorney**

Any power of attorney of any kind previously executed by the Respondent:

☒ is not canceled.

☐ is canceled in its entirety.

☐ is canceled in its entirety except for those provisions pertaining to ________

22. **Appointment of Guardian/Conservator**

Mehdi J Beygi *and* ***Zohreh Alavitalab*** is/are appointed as:

☐ Full ☒ Limited Guardian **of** **Cyrus Beygi**, and the powers and limitations of the guardian/conservator, the restrictions on Respondent's right to communicate, visit, or interact with others, and the limitation and restrictions placed on Respondent shall be as set forth in paragraphs **17, 18** and **19** of the Conclusions of Law.

23. **Letters of Guardianship/Conservatorship**

The clerk of the court shall issue letters of guardianship (*Letters of Office*) valid until **5/10/2027** to **Mehdi J Beygi (father), Zohreh Alavitalab (mother)** and upon the filing of an acceptance of appointment, any bond or verified receipt required in paragraph **25**, and a *Designation of and Consent by In-State (Resident) Agent*, if the guardian/conservator or limited guardian/conservator resides outside the state. **Addendum A** indicates cost of Letters and copies to be provided at King County expense and mailing address.

24. **Lay guardian and conservator training**

☐ Does not apply. The guardian/conservator is a certified professional guardian/conservator or financial institution.

☒ The petitioner submitted evidence that the guardian/conservator successfully completed lay guardian/conservator training.

☐ The guardian/conservator must complete and file proof of completion of lay guardian and conservator training or obtain an order waiving training by (*date*) ________. (no more than 90 days after today's date).

25. **Conservatorship bond and security**

☒ Does not apply. Respondent only has a guardianship.

26. **Required Notices**

Within 14 days of this order, the guardian shall give notice of this Order and Notice of Rights (form GDN C 105) to the Respondent and any notice party.

27. **Report of substantial change in income or assets**

☒ Does not apply. Respondent only has a guardianship.

28. **Inventory**

☒ Does not apply. Respondent only has a guardianship.

29. **Guardian's Plan**

Within 3 months after appointment, the guardian shall complete and file a a plan that shall comply with the requirements of RCW 11.130.340 and 11.130.510 and set a hearing on the plan 30 days after the plan is filed.

30. **Respondent's Status**

Unless otherwise ordered, the guardian/conservator shall file an annual report on Respondent's status that shall comply with the requirements of RCW 11.130.345 and 11.130.530.

31. **Substantial change in condition or residence**

The guardian/conservator shall report to the court within 30 days any substantial change in Respondent's condition, value of Respondent's estate, or any change in Respondent's residence.

32. **Restoration of Rights**

Any guardian or conservator shall immediately notify the court if the condition of the adult has changed so that the adult is capable of exercising rights previously removed.

33. **Authority for investment and expenditure**

A conservator has all the powers granted in law, RCW 11.130 et. seq., except as follows: ____________________

☒ Does not apply. Respondent only has a guardianship.

34. **Duration of guardianship/conservatorship**

This guardianship and/or conservatorship shall continue to be in effect:

☒ until it is terminated pursuant to RCW 11.130.355 or 11.130.570;

☒ until further order of the court. The necessity for the guardianship/conservatorship to continue shall be periodically reviewed;

35. **Discharge/Retention of Visitor and Appointed Counsel**

☒ The visitor and/or ☒ appointed counsel is discharged; or

____________________

36. **Persons with a right to receive notice and pleadings**

The persons listed below are entitled to certain statutory notices as described in RCW 11.130.310 and 11.130.420:

Name:

Address:

Name:

Address:

37. **Guardian/Conservator Fees**

☒ Family/lay guardians – no fees.

38. **Court Visitor and Appointed Counsel fees**

☒ The visitor and appointed counsel fees and costs shall be submitted for approval pursuant to local rule.

39. **Legal Fees**

☒ Other: No legal fees incurred by Petitioner/Guardian.

40. **Guardian/Conservator's Report**

The guardian's report shall cover the:

☒ **12-month** ☐ **24-month** ☐ **36-month** period following the appointment. The guardian must file their report by *(date, which is within 90 days of the end of the reporting period)* **2/9/2027** and shall comply with the requirements of RCW 11.130.325 and RCW 11.130.505.

The court must review the report.

☒ The guardian must submit via the clerk, or set a review hearing date, on or before ***3/11/2027***.

41. **Other**

Emergency Guardian Report filed 10/31/2025 under this cause number is approved.

Dated 11/12/25

~~Judge~~/*Court Commissioner*

HENRY H. JUDSON

NOV 12 2025

COURT COMMISSIONER

Presented by:

*Mehdi Beygi*
Signature of Petitioner/Attorney

Mehdi J Beygi
Printed Name

Copy received and approved by:

*Mehdi Beygi, Zohreh Alavitalab*
*Signature of Guardian(s)*

Mehdi J Beygi, Zohreh Alavitalab
*Printed Name*

*Signature of Party/Visitor*

Stephen DeVoght #36133
*Printed Name* *WSBA No.*

Approved via email
*Signature of Counsel for Respondent*

John O'Brien #13605
*Printed Name* *WSBA No.*

**To the Respondent:**

Attached is a copy of the *Order Appointing a Guardian and/or Conservator.* Please review it carefully so you know what rights have been given to the guardian and/or conservator and what rights you retain. You have the right to ask the court to end or change the guardianship and/or conservatorship.

«FirstName» «MName» «Surname» «Cause»

# Addendum A

11/3/2025

Pursuant to Emergency Order #2 entered in case 20-0-12050-5 on March 11, 2020, the court has conducted a video or telephonic hearing in this matter. The clerk is now directed to provide the indicated documents below.

**Payment:**

☐ Upon payment of the applicable fee

OR

☒ To be provided at public expense

**Documents:**

☒ One Certified Copy of this order

☒ Two copies of the Letter(s) of Guardianship

☒ Tracking Schedule

**Method to Return:** Mail to:

Name: Mehdi J Beygi, Zohreh Alavitalab

Address: 5455 Highland Dr.

City, State, ZIP: Bellevue, WA 98006

HENRY H. JUDSON

NOV 12 2025

It is hereby ordered.

Date: 11/12/25

COURT COMMISSIONER

~~Judge~~ / Commissioner

Attention: *N.D., et al., v. Reykdal*, Case No. 2:22-cv-01621-LK (W.D. Wash.)
The Clerk, U.S. District Court for the Western District of Washington,
700 Stewart Street, Suite 2310,
Seattle, WA 98101,

FILED
LODGED
RECEIVED
MAIL

JAN 20 2026

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

Retail

U.S. POSTAGE PAID
FCM LG ENV
BELLEVUE, WA 98006
JAN 13, 2026

98101

$4.74

RDC 99

S2324E502745-04

MAIL

JAN 20 2026

FROM:
Mehdi Beygi
5455 Highland Dr
Bellevue WA 98006

TO:

Attention: *N.D., et al., v. Reykdal*, Case No. 2:22-cv-01621-LK (W.D. Wash.)
The Clerk, U.S. District Court for the Western District of Washington,
700 Stewart Street, Suite 2310,
Seattle, WA 98101,

Utility Mailer
10 1/2" x 16"

ReadyPost