The Honorable Lauren King

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| N.D., et al.,<br>Plaintiffs,<br>v.<br>CHRIS REYKDAL, et al.,<br>Defendants. | NO. 2:22-cv-01621-LK<br>DEFENDANTS' RESPONSE TO MOTION TO ALLOW CLASS MEMBER DENIED COMPENSATION TO ENTER PLEADINGS AND TO FILE INTO PACER<br>NOTE ON MOTION CALENDAR: FEBRUARY 10, 2026 |

## I. INTRODUCTION

Defendants Chris Reykdal, in his capacity as Superintendent of Public Instruction, and the Office of the Superintendent of Public Instruction (Defendants) do not challenge Movant Mehdi Beygi's (Movant) status as limited legal guardian of C.B., nor Movant's general authority to file pleadings on C.B.'s behalf. Defendants nevertheless respond because Movant's contemplated motion would be inappropriately predicated on a disputed issue outside the scope of this case—his claim that the Bellevue School District issued C.B. an improper diploma and therefore erroneously exited C.B. from special education services on that basis. While the Washington Office of Administrative Hearings (OAH) recently rejected Movant's due process challenge to the validity of C.B.'s diploma, Movant still can appeal that decision by filing his own case in



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

accordance with 20 U.S.C. § 1415(i)(2) and WAC 392-172A-05115. Defendants raise these procedural issues now because Movant has limited time to pursue such an appeal.

## II. BACKGROUND AND ARGUMENT

This case resulted in an approved class action settlement for a class consisting of "[a]ll students who were exited from special education services due to age before their 22nd birthday between November 11, 2020 and the present." Dkt. # 130 at p. 7. Among the terms of the class settlement, the Office of the Superintendent of Public Instruction (OSPI) is required to direct Local Education Agencies (LEAs) to reconvene Individualized Education Program (IEP) teams for all students in the class who wish to receive an award of compensatory education. *Id.* at pp. 7-8. Consistent with federal and state law, the settlement provides OSPI's direction to the LEAs "shall be without prejudice to the right or ability of LEAs to deny compensation via appropriate procedures either on the basis of having received a regular high school diploma or lack of continuing need for services as of the time that services were withdrawn." *Id.* at pp. 8, 18-19 (citing Dkt. # 92-1). Importantly, however, the class settlement does not include a release of claims and expressly provides that class members retain all rights to initiate a due process hearing or community complaint to challenge LEA's failure to follow OSPI's direction. *Id.* at p. 20.

Movant previously filed an objection to the class settlement on behalf of C.B. Dkt. # 113. In his objection, Movant claimed the Bellevue School District had improperly issued C.B. a high school diploma in June 2023 when he was 21 years old. *Id.* Based on this allegation, Movant contended that C.B. was improperly exited from special education before his 22nd birthday and should also be entitled to compensation as a member of the class. *Id.* Both Plaintiffs and the Defendants responded to the objection stating that Movant's challenge to the Bellevue School District diploma was beyond the scope of this litigation which does not include school districts as defendants, but that he was free to bring his own legal challenge. Dkt. # 115; Dkt. # 116.



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

This Court addressed Movant's objection in its order granting final approval to the class settlement.[1] Dkt. # 130 at pp. 18-21. In denying the objection, this Court emphasized that the class settlement does not impact C.B. or any other students' ability to bring their own challenges to school districts' diplomas they believe fall short of federal or state requirements. *Id.* In particular, this Court stated that the settlement "does [not] displace the federal and state procedural requirements imposed on districts before determining that a student is no longer in needs of services . . . if a district fails to comply with federal or state law by exiting a student who has not met graduation requirements, or who has a continued need for services, the class member may file for due process . . . ." *Id.* at pp. 19-20. To further emphasize the point, this Court reiterated that students "remain free to file their own class actions or individual lawsuits to remedy any violation of law that is not addressed by th[e] Settlement Agreement." *Id.* at p. 20.

In June 2025, Movant filed due process hearing requests alleging, among other things, that the Bellevue School District had improperly issued C.B. a high school diploma and exited him from special education services in June 2023 when he was 21 years old. Ex. A at 1-2. On December 15, 2025, the OAH entered summary judgment in favor of the Bellevue School District and dismissed Movant's due process hearing requests. Ex. A. In its decision, the OAH concluded that the Bellevue School District had appropriately awarded C.B. a regular high school diploma.[2] Ex. A at 15-19. Specifically, the OAH determined:

> [b]ased on the admissible evidence in the record, there appears to be no genuine issue of material fact that the Adult Student completed all Washington State and District graduation requirements for a regular diploma on June 8, 2023, and received the diploma on June 16, 2023. Given that there is no genuine issue of material fact, the District is entitled to judgment as a matter of law that as of

[1] This Court ruled that Movant's objection was not properly before the court but determined that the objection would not alter the Court's conclusion if it had been properly presented. Dkt. # 130 at p. 18.

[2] The OAH also determined that the Bellevue School District to not be the proper defendant for a claim that special education services should have been extended past the age mandated by state law at the time. Ex. A at 10-15. In support of this conclusion, the OAH cited a decision by the United States District Court of the Western District of Washington in *S.P. v. Seattle Public Schools*, 2:2-cv-00286-BJR (September 22, 2025) that affirmed the same conclusion reached by the OAH in a different case. *Id.* at 14.



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

> June 16, 2023, the Adult Student had met all graduation requirements and was no longer eligible for special education services as per WAC 392-172A-02000(1)(a).

Ex. A at 18-19.

Under the Individuals with Disability Education Act (IDEA), the Movant has a right to appeal the OAH's final decision by filing a civil action in state superior court or in federal court. 20 U.S.C. § 1415(i)(2); *see also* WAC 392-172A-05115. However, such civil action must be brought within ninety days of OAH's decision. *Id.* As a result, if Movant intends to continue to litigate his complaint that the Bellevue School District issued C.B. a high school diploma that does not comply with state and federal requirements, he needs to timely bring his own civil action in accordance with 20 U.S.C. § 1415(i)(2) and WAC 392-172A-05115. As was the case when Movant filed his objection to the class settlement last year, his claim that C.B. was prematurely exited from special education services because he was not issued a proper high school diploma is beyond the scope of this case. Movant's contemplated motion in this case would be inappropriate because it would again be predicated on that precise claim. However, having timely filed for a due process hearing on the diploma issue and received a final decision by the OAH, Movant can still (for a limited time) file his own lawsuit appealing the OAH's decision. For these reasons, Movant's motion should be denied.

## III. CONCLUSION

Because Movant's contemplated motion would be predicated on a claim that is beyond the scope of this case and would be procedurally improper, Movant's request for leave to file such motion should be denied.

DATED this 4th day of February 2026.

NICHOLAS W. BROWN
Attorney General

*s/ S. Todd Sipe*
S. TODD SIPE, WSBA #23203
Assistant Attorney General



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744
Todd.Sipe@atg.wa.gov
Attorneys for Defendants Chris Reykdal and Office of the Superintendent of Public Instruction

I certify that this memorandum contains 1,234 words, in compliance with the Local Civil Rules.

**CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Alexander F. Hagel
Lara R. Hruska
CEDAR LAW LLP
alex@cedarlawpllc.com
lara@cedarlawpllc.com

Ian B. Crosby
SUSMAN GODFREY
icrosby@susmangodfrey.com

Counsel for Plaintiffs

And I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Mehdi J. Beygi
5455 Highland Dr.
Bellevue, WA 98006
Pro Se

DATED this 4th day of February 2026, at Kirkland, Washington.

*s/ S. Todd Sipe*
S. TODD SIPE, WSBA #23203
Assistant Attorney General