UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

**N.D., et al.,**

**Plaintiffs,**

**v.**

**CHRIS REYKDAL, et al.,**

**Defendants.**

**CASE NO. 2:22-cv-01621-LK** (W.D. Wash.)

**Exhibit A**
MOTION FOR CLARIFICATION AND ENFORCEMENT OF FINAL JUDGMENT AND SETTLEMENT AGREEMENT

**MOTION FOR CLARIFICATION AND ENFORCEMENT OF FINAL JUDGMENT AND SETTLEMENT AGREEMENT**

**NOTE ON MOTION CALENDAR: February 27, 2026**

**I. INTRODUCTION** Mehdi Beygi, appearing as Guardian and Next Friend for C.B., a member of the certified class, respectfully moves this Court to clarify and enforce the Final Judgment entered on June 23, 2025. Movant argues that the Court should clarify its order to indicate that receipt of a WA-AIM Diploma does not satisfy Regular High School Diploma (RHSD) status under federal law. Movant asks the Court to clarify that students who received a diploma based on alternate assessments have not graduated with an RHSD and remain eligible for services under the Settlement until their 22nd birthday.

## II. STATEMENT OF FACTS

1. This Court approved a class Settlement Agreement intended to ensure that eligible class members receive a FAPE until their 22nd birthday.
2. Under the Settlement, class members who have graduated with an RHSD are excluded from further services, consistent with 34 C.F.R. § 300.102(a)(3)(i).

3. Washington Access to Instruction and Measurement (WA-AIM) is an alternate assessment based on alternate achievement standards for students with significant cognitive disabilities.
4. Bellevue School District used WA-AIM as the sole Graduation Pathway Option (GPO) for C.B. to satisfy graduation requirements.
5. Defendants continue to deny class members services based on these diplomas, asserting they constitute an RHSD that terminates the State's obligation to provide FAPE.

**III. ARGUMENT**

**A. Federal Law Governs the Meaning of "Regular High School Diploma" Under the Settlement** The Final Judgment in this matter incorporates the federal definition of a "Regular High School Diploma" ("RHSD") for purposes of determining when IDEA eligibility terminates. Federal law, not state labeling controls that definition. Under 20 U.S.C. § 7801(43), a "regular high school diploma" means:

"the standard high school diploma awarded to the preponderance of students in the State that is fully aligned with the State's academic content standards and achievement standards and does not include a diploma based on alternate academic achievement standards."

Similarly, 34 C.F.R. § 300.102(a)(3)(iv) provides that a regular high school diploma "does not include an alternative degree that is not fully aligned with the State's academic content and achievement standards."

**B. WA-AIM Is an Alternate Assessment Based on Alternate Academic Achievement Standards** The WA-AIM assessment is an alternate assessment designed for students with the most significant cognitive disabilities. It is aligned to alternate academic achievement standards as permitted under 20 U.S.C. § 6311(b)(1)(E). Congress expressly distinguished such alternate standards from the standards applicable to the regular high school diploma. Under 20 U.S.C. § 7801(43), a diploma "based on alternate academic achievement standards" cannot qualify as an RHSD.

**C. The Court Should Clarify That Diplomas Based Solely on WA-AIM Do Not Constitute RHSDs Under Federal Law** Movant does not seek to alter the class definition or expand the Settlement. Rather, Movant requests clarification of how the federally defined term "Regular High School Diploma" applies within the existing Settlement framework. If a student's diploma is based exclusively on an alternate academic achievement standard pathway such as WA-AIM, that diploma does not meet the federal definition of an RHSD. Because the Settlement's exclusion provision turns on the federal RHSD definition, the Court should clarify that a diploma based solely on WA-AIM does not terminate eligibility

**IV. RELIEF REQUESTED** Movant respectfully requests that the Court:

1. Clarify that an RHSD has the same meaning as in 20 U.S.C. § 7801(43) and receiving a WA-AIM diploma does not constitute receiving an RHSD;

2. Declare that any student, including C.B., who received a WA-AIM diploma remains eligible for services under the Settlement until their 22nd birthday;
3. Order Defendants to cease treating WA-AIM diplomas as RHSDs for purposes of terminating Settlement-based services.

DATED this 11th day of February, 2026.

/s/ Mehdi Beygi

Movant, as Legal Guardian for [C.B]
DATED this _11_ day of _ February ______, 2026__.

____________Mehdi J Beygi________________

Mehdi Beygi

This is Exhibit A. will be completed once request file to Pacer is approved.

**DECLARATION OF Mehdi Beygi**

I, Medi Beygi declare as follows:

1. I am the the Guardian of C.B. a Class Member in this actio
2. C.B was denied compensation despite eligibility.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this _11___ day of _Feb_____, 2026__ at _Bellevue WA___.

Medi Beygi

This is exhibit A, will be completed once request file to Pacer is approved.

[redacted]

Retail

U.S. POSTAGE PAID
FCM LG ENV
BELLEVUE, WA 98006
FEB 11, 2026

98101

$0.38

RDC 99

S2322S501170-01








From : Mehdi Beygi
5455 Highland Dr.
Bellevue WA 98006

To:
The Clerk, U.S. District Court for the Western District of Washington,
Attention: *N.D., et al., v. Reykdal*, Case No. 2:22-cv-01621-LK (W.D. Wash.),
700 Stewart Street, Suite 2310,
Seattle, WA 98101

LODGED
RECEIVED
MAIL

FEB 13 2026

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY