UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| N.D., et al., | CASE NO. 2:22-cv-01621-LK |
| Plaintiffs, | ORDER DENYING MOTION FOR |
| v. | LEAVE TO FILE DOCUMENTS |
| CHRIS REYKDAL, et al., | |
| Defendants. | |

This matter comes before the Court on a motion filed by pro se Mehdi Beygi for leave to file documents in this case. Dkt. No. 134. Specifically, Mr. Beygi seeks an order allowing him to file documents "for the limited purpose of enforcing" purported class member C.B.'s "right to compensation," and alternatively, appointing Mr. Beygi as guardian ad litem for C.B. "for purposes of enforcing class relief[.]" *Id.* at 1. For the reasons set forth below, the Court denies the motion.

## I.   BACKGROUND

Plaintiffs filed this class action alleging that Washington's law that ended special education services at the end of the school year during which a student turns 21 violated the Individuals with

ORDER DENYING MOTION FOR LEAVE TO FILE DOCUMENTS - 1

Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* Dkt. No. 31 at 12–13; Wash. Rev. Code § 28A.155.020. On July 10, 2024, the Court certified a provisional class and granted preliminary injunctive relief. *See* Dkt. No. 83. The parties subsequently filed a notice of settlement. Dkt. No. 85, and Plaintiffs filed motions for final approval of the settlement and for attorney's fees and costs, Dkt. Nos. 96, 99.

On May 27, 2025, the Court received an objection from Mr. Beygi and C.B.'s other parent, who stated that a few weeks after their son's 21st birthday, they received notice that the Bellevue School District was discontinuing C.B.'s special education services because he was aging out. Dkt. No. 113 at 2. According to the objectors, the school district issued C.B. a regular high school diploma and then "refused to convene an IEP meeting or otherwise engage in discussions with the Family." *Id.* Mr. Beygi objected to the proposed class settlement because it contained what he referred to as a "carve out" for students who had received a regular high school diploma. *Id.* at 3. Plaintiffs and Defendants filed timely responses to the objection. Dkt. Nos. 115, 116.

The Court held a final fairness hearing on June 17, 2025. Dkt. No. 126. Counsel for the parties, the mother of class representative E.A., and Mr. Beygi and his counsel attended. *See* Dkt. No. 130 at 6. The Court rejected Mr. Beygi's carve out argument because the proposed settlement agreement was consistent with state and federal law, including 34 C.F.R. § 300.102(a)(3), which provides that IDEA's requirement to provide a free appropriate public education ("FAPE") does not apply to students with disabilities who have graduated with "a regular high school diploma." *Id.* at 19. The Court also noted that the class settlement did not contain a release of claims or preclude C.B. or any other student from bringing their own challenge to remedy a perceived violation of the law, including individual claims that a district violated the law "by exiting a student who has not met graduation requirements[.]" *Id.* at 19–20. After considering the parties' filings, the objections, and the arguments presented at the final fairness hearing, the Court granted

ORDER DENYING MOTION FOR LEAVE TO FILE DOCUMENTS - 2

Plaintiffs' motion for final approval of the class action settlement. *Id.* at 35. The Court found that the settlement agreement provided adequate relief, including requiring local education agencies ("LEAs") to "extend age eligibility for special education services until the student's 22nd birthday," "reconvene IEP teams for all students in the class who wish to receive an award of compensatory education," "award such education according to the recommendations of the IEP teams," and "offer reimbursement for expenses incurred for special education services and allow students to receive monetary compensation in lieu of compensatory education if the student, the IEP team, and the LEA agree." *Id.* at 16 (citation modified).

In June 2025, Mr. Beygi filed two administrative due process hearing requests alleging, among other things, that the Bellevue School District had improperly issued C.B. a high school diploma and exited him from special education services in June 2023 when he was 21 years old. *See* Dkt. No. 135-1 at 2–3. The Washington State Office of Administrative Hearings ("OAH") issued an order granting the District's motion for summary judgment and dismissing the parents' due process requests. *Id.* at 27. The decision notified the parents of their right to bring a civil action under the IDEA within 90 days after the decision was mailed to them. *Id.* at 28.

On January 20, 2026, Mr. Beygi filed this motion stating that C.B. is a member of the class who requested, but was denied, the benefits of the settlement. Dkt. No. 134 at 2. Defendants filed a response, Dkt. No. 135, and Mr. Beygi filed a reply, Dkt. No. 136.[1]

## II.    DISCUSSION

Mr. Beygi, as C.B.'s legal guardian "for the purposes of pursuing FAPE," avers that his motion seeks only limited relief: permission to "enter pleadings on behalf of [C.B.], or, in the alternative, appointment as guardian ad litem for that purpose." Dkt. No. 134 at 2–3. In response,

---

[1] The Court has fully considered Mr. Beygi's reply regardless of whether it was timely filed.

ORDER DENYING MOTION FOR LEAVE TO FILE DOCUMENTS - 3

Defendants Chris Reykdal, in his official capacity as Superintendent of Public Instruction, and the Office of the Superintendent of Public Instruction "do not challenge [Mr. Beygi's] status as limited legal guardian of C.B., nor [his] general authority to file pleadings on C.B.'s behalf." Dkt. No. 135 at 1. Still, they argue that Mr. Beygi's "contemplated motion would be inappropriately predicated on a disputed issue outside the scope of this case—his claim that the Bellevue School District issued C.B. an improper diploma and therefore erroneously exited C.B. from special education services on that basis." *Id.* According to Defendants, "[a]s was the case when [Mr. Beygi] filed his objection to the class settlement last year, his claim that C.B. was prematurely exited from special education services because he was not issued a proper high school diploma is beyond the scope of this case." *Id.* at 4. Defendants also contend that "having timely filed for a due process hearing on the diploma issue and received a final decision by the OAH, [Mr. Beygi] can still (for a limited time) file his own lawsuit appealing the OAH's decision." *Id.*

With his reply brief, Mr. Beygi attaches the underlying motion he seeks to file, Dkt. No. 136-1, which he says addresses a classwide issue: "whether Non-Regular or substantively insufficient diplomas are being reclassified as Regular High School Diplomas to deny compensatory education and evade the Court's Settlement Agreement," Dkt. No. 136 at 4. In his proposed motion for clarification, Mr. Beygi argues that his son received a diploma under an alternate assessment called Washington Access to Instruction and Measurement ("WA-AIM"), and asks the Court to "[c]larify" that "receiving a WA-AIM diploma does not constitute receiving" a regular high school diploma. Dkt. No. 136-1 at 2. The proposed motion seeks an order (1) declaring that "any student, including C.B., who received a WA-AIM diploma remains eligible for services under the Settlement until their 22nd birthday," and (2) ordering Defendants "to cease treating WA-AIM diplomas as [regular high school diplomas] for purposes of terminating Settlement-based services." *Id.* at 3.

ORDER DENYING MOTION FOR LEAVE TO FILE DOCUMENTS - 4

For the reasons set forth in the Court's prior ruling, Dkt. No. 130 at 18–20, Mr. Beygi's contention that C.B. was prematurely exited from his special education services because he was improperly issued a regular high school diploma is beyond the scope of this case. So too is the issue of whether a WA-AIM diploma is a regular high school diploma, which was never litigated in this now-closed case. Mr. Beygi cannot pursue a de facto appeal of OAH's decision in this case. Again, the class settlement did not release any individual claims, and C.B. is free to challenge OAH's decision in the appropriate way. *See, e.g.*, Dkt. No. 135-1 at 28 ("Right to Bring a Civil Action Under The IDEA"). Because the relief Mr. Beygi seeks is outside the scope of this case, the Court denies his request to file his proposed motion.

### III.   CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Beygi's motion for leave to file his proposed motion. Dkt. No. 134.

Dated this 10th day of March, 2026.

Lauren King
United States District Judge

ORDER DENYING MOTION FOR LEAVE TO FILE DOCUMENTS - 5