**UNITED STATES DISTRICT COURT**
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

**N.D., et al.**

**Plaintiffs,**

**v.**

**CHRIS REYKDAL, et al.,**

**Defendants.**

CASE NO. 2:22-cv-01621-LK (W.D. Wash.)

FILED LODGED RECEIVED MAIL
MAR 23 2026
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

# Movant's Motion to Enforce Settlement Agreement and Require Defendants to State the Basis for C.B.'s Claim Determination

NOTE ON MOTION CALENDAR: April 3, 2026

ORAL ARGUMENT REQUESTED

# I. INTRODUCTION

Now comes Mehdi Beygi, parent and duly appointed Guardian and Next Friend for C.B. , an incapacitated person, and respectfully submits this motion pro se.

Movant requests that Defendants identify whether the claim for C.B. under the settlement approved in this matter was approved or denied, and state the specific basis for the determination so that the Court may meaningfully review the administration of the settlement.

Movant does not seek to relitigate the Administrative Law Judge decision, does not ask this Court to invalidate any diploma. Movant only seeks a written explanation identifying the basis for the denial so that Movant may determine what procedural or appeals remedy must be pursued.

Without a written explanation, Movant cannot determine what issue must be challenged or whether the denial was consistent with the settlement approved by this Court.

This is a live controversy because the Court retained jurisdiction to supervise and enforce the Settlement Agreement, and the requested order is necessary to ensure the fair administration of the settlement.

## II. STATEMENT OF FACTS

The following facts are true and correct to the best of my knowledge and are supported by the accompanying Declaration of Mehdi Beygi

1. Movant is Guardian of C.B. previously averred in previous court filings
2. C.B. was a student attending the Bellevue School District (BSD) and was eligible for special education services.
3. C.B. was exited before his 22nd Birthday from BSD in June 2023.
4. C.B. received notice on December 5, 2024 that he was a member of the class in N.D. v. Reykdal (Exhibit A-Settlement Letter)
5. The settlement approved by this Court required that eligible class members be considered for compensatory education and related relief.
6. After receiving the notice of Class Settlement, Movant contacted the Bellevue School District requesting that an IEP meeting be scheduled for

C.B. consistent with the settlement.

7. The District initially scheduled an IEP meeting but later cancelled the meeting.

8. On April 9, 2025 Sally Sue McDonald (Director of Special Education Secondary BSD), sent Movant an email stating C.B. was not eligible for the compensatory offer under the Settlement .(Exhibit B-BSD denial)

9. This email stated that Movant must contact OSPI for the exact reasons he was not eligible for compensation.

10. On March 4, 2026, Movant sent an email (Exhibit-C Email to Alyssa Fairbanks) to Alyssa Fairbanks, Program Supervisor, Dispute Resolution of OSPI requesting a specific written explanation identifying the basis for denying compensatory education for C.B.

11. In that email, Movant requested individualized findings and cited the requirement for written explanation under federal law.

12. On March 10th, 2026, Movant sent an email (Exhibit D - email to Stephen) to Stephen Todd Sipe, attorney for Defendants requesting the reason for denial.

13. Movant called Stephen Todd Sipe on March 10, 2026, and left a voicemail requesting him to contact Movant.

14. Movant again called Sipe's office on March 13, 2026 but the office said there was no way to reach him.

15. Neither Stephen Todd Sipe nor Alyssa Fairbanks nor anybody else from OSPI has responded to Movant's request.

16. As of the date of this filing, Defendants have not provided any written explanation identifying the exact basis for denying C.B. relief under the settlement.

## III. ARGUMENT

Federal courts retain continuing authority to supervise the implementation and administration of class action settlements to ensure that class members are treated fairly and that the settlement is administered consistent with the Court's order. See Hanlon v. Chrysler Corp., 150 F.3d 1011 (9th Cir. 1998); Lane v. Facebook, Inc., 696 F.3d 811 (9th Cir. 2012).

Where the administering agency refuses to identify the basis for a claim determination, the Court cannot determine whether the settlement is being applied consistently, and the class member cannot meaningfully exercise his right to challenge any denial.

After ¶4 (notice receipt): C.B. met the class definition for eligibility consideration (aged-out special ed student before age 22), giving every reason to believe he qualified for compensatory education review under the settlement." (Ex. A at 1.)

Receipt of the settlement notice created a reasonable expectation of eligibility review, yet defendants provided no reasons for denial—violating due process."

Without a written explanation, Movant cannot determine whether the denial was based on diploma status, age-out status, exit codes, or another ground, and cannot determine what appeal or procedural remedy must be pursued.

BSD Director of Special Education Secondary, Sally Sue McDonald confirmed the denial without reasons:

> OSPI is clear on who qualifies and our input did not change their decision. Under their guidance, C.B. does not qualify for compensatory... I suggest connecting with OSPI if you have any further questions. (Beygi Decl., Ex. B at 1)

Movant followed Sally Sue McDonald's advice by contacting both the OSPI's attorney of record in this matter, Stephen Todd Sipe (Beygi Decl., Ex. D at 1)

and Alyssa Fairbanks, Program Supervisor, (Beygi Decl., Ex. C at 1). Neither responded

The settlement preserves procedural and appeal rights of class members, but those rights cannot be exercised if the basis for denial is not disclosed.

Movant only asks the Court to require Defendants to state the basis for the denial

so that Movant may determine what procedural and appeals remedy must be pursued.

"Procedural due process requires... informed of the reasons... so that the decision may be challenged. *See Goldberg v. Kelly*, 397 U.S. 254, 264 (1970) (pre-termination notice and opportunity to be heard essential for entitlements).". Providing a written explanation does not expand the scope of this case and does not require the Court to resolve any disputed factual issue.

> In the present context these principles require that a recipient have timely and adequate notice **detailing the reasons** for a proposed termination, and an effective opportunity to defend..." *Goldberg v. Kelly*, 397 U.S. 254, 267–68 (1970).

It merely ensures that the settlement is administered in a fair and transparent manner consistent with the Court's order approving the settlement.

## IV. RELIEF REQUESTED

Movant respectfully requests that the Court order Defendants to:

1. State whether C.B.'s claim under the settlement approved in this matter was approved or denied;

2. If denied, identify the specific eligibility criterion or factual basis relied upon in making that determination; and

3. Provide this explanation in writing within a time period set by the Court.

## V. PROPOSED ORDER

A proposed order is submitted herewith for the Court's convenience.

Respectfully submitted,

Mehdi Beygi 03,19,2026

DATED this 17th day of March, 2026.

## CERTIFICATION

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that the attached exhibits are true and correct copies.

**Executed on March 19th, 2026**
Bellevue WA

I Mehdi Beygi., Pro Se Movant / Class Member,

03/19/2026

Mehdi Beygi
5455 Highland Dr.
Bellevue, WA 98006
425-272-5219
mehdi.beygi@gmail.com

[i] Drafting and research assistance provided on a volunteer basis by Douglas W. Rosenberg

i

# Declaration of Mehdi Beygi in Support of Motion to Enforce Settlement Agreement

I, Mehdi Beygi, declare as follows:

1. I am the parent and court-appointed Guardian of C.B., a Class Member in this case.

2. On December 5, 2024, I received notice that C.B. was a member of the class in N.D. v. Reykdal.

3. On April 9, 2025, I received an email from Sally Sue McDonald stating C.B. was not eligible for compensatory education under the settlement and that I should contact OSPI for the reason.

4. On March 4, 2026, I emailed Alyssa Fairbanks at OSPI requesting a written explanation for the denial.

5. On March 10 and 13, 2026, I contacted Defendants' counsel Stephen Todd Sipe requesting the same information.

6. As of the date of this declaration, I have not received any written explanation or verbal explanation

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**Executed on March 19th, 2026**
Bellevue WA

Mehdi B., Guardian for C.B.

03/19/2026

5455 Highland Dr.
Bellevue, WA 98006
425-272-5219

**UNITED STATES DISTRICT COURT**
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

**N.D., et al.** CASE NO. 2:22-cv-01621-LK (W.D. Wash.)

**Plaintiffs,**

**v.**

**CHRIS REYKDAL, et al.,**

**Defendants.**

## **ORDER GRANTING MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Having reviewed Movant Mehdi Beygi's Motion to Enforce Settlement Agreement and Require Defendants to State the Basis for C.B.'s Claim Determination (Dkt. [•]), Declaration, and exhibits, IT IS ORDERED:

1. Defendants SHALL state in writing whether C.B.'s claim was approved or denied.

2. If denied, Defendants SHALL identify the specific eligibility criterion or factual basis.

3. Response due within **14 days** of this Order.

DATED this [•] day of [•], 2026.

Lauren King
United States District Judge

# Exhibit A

BELLEVUE SCHOOL DISTRICT

12111 NE 1st Street
Bellevue, WA 98005
PHONE: (425) 456-4109
www.bsd405.org

**Notification of Class Action Settlement**

December 5, 2024

Cyrus Beygi
5455 Highland Dr.,
Bellevue, WA 98006

Re: Class Action Settlement in *N.D., et al. v. Reykdal*

Dear Cyrus Beygi,

You are receiving this notice because our records indicate you (or your child) were eligible for special education in the state of Washington and may have been exited from special education due to your age anytime between November 11, 2020, and the present day, prior to turning twenty-two years old. If so, you may be affected by a proposed class action settlement.

A proposed settlement has been reached in a class action lawsuit called *N.D., et al., v. Reykdal*, Case No. 2:22-cv-01621-LK. This lawsuit challenges the State of Washington's and the Office of Superintendent of Public Instruction's ("OSPI") policy of exiting students from special education prior to turning twenty-two years old. The parties in the lawsuit have proposed to settle the case, and the U.S. District Court for the Western District of Washington, the Honorable Lauren King, must decide whether to approve the Settlement.

This notice will tell you about your rights under the settlement. You are not being sued, and this is not an advertisement. Please read this notice, and if you have questions about anything in the notice see the contact information on page 3.

Please do not telephone the Court or the Court Clerk's Office to inquire about this settlement.

**What is the lawsuit about?**

*N.D., et al., v. Reykdal* is a federal court case brought on behalf of a group (a "class") of students eligible for special education, who were exited from their special education class based on their age ("aged out") prior to turning twenty-two years old. A case like this is brought on behalf of a group of people who have similar legal claims, leading the court to treat them as a "class" of people who all might benefit from a single resolution. The people who stand to benefit from the resolution of the case and fall into the class bringing the case are referred to as "class members." In this case, there are two named individuals proposing to represent the class, N.D. and E.A. (collectively "the Plaintiffs").

The case was filed in November 2022 and claimed that OSPI and Washington's Local Educational Agencies ("school districts") violated the Individuals with Disabilities Education Act ("IDEA") and denied students a Free Appropriate Public Education ("FAPE") by

prematurely aging out students prior to their twenty-second birthday. Prior to this lawsuit, when Washington's school districts exited students from special education based on age, they did so at the end of the school year in which the student turns twenty-one. The Plaintiffs alleged that OSPI and school districts had an obligation to serve eligible students until their twenty-second birthday.

In July of 2024, the Court granted the Plaintiffs a preliminary injunction—in other words, a court order that prohibited OSPI from allowing school districts to age-out students prior to their twenty-second birthday. Plaintiffs and OSPI have now agreed to settle this case and have asked the Court to approve the proposed settlement that would prohibit prematurely aging out students and provide a mechanism for class members to seek compensatory education from the school district they last attended. The Court has appointed lawyers to represent the Class as it considers finalizing the settlement. They are called "Class Counsel," and their contact information is listed at the end of this document.

**Are you a member of the class?**

As part of the settlement agreement in this case, you are a member of the class if you were eligible for special education and were exited from special education based on your age (often called "aging out") prior to turning twenty-two years old at any time between November 11, 2020, and the present.

**Compensatory Education**

As part of the settlement agreement, you may be entitled to compensatory education to make up for the special education and transition services you otherwise would have received had you remained in school until your 22nd birthday.

You may be eligible for compensatory education as determined by your IEP team. The determination of the amount and type of compensatory education, and how the compensatory education will be provided will be determined based on your individualized needs. The IEP team will look at the special education and transition services received prior to leaving school, current needs, and whether compensatory education is required.

Compensatory education could be provided via:

- Direct services provided by the District
- Monetary compensation in lieu of compensatory education
- Reimbursement for private services obtained

**If you would like to schedule an IEP meeting to discuss compensatory education, please contact one of following individuals to schedule an IEP meeting:**

Jennifer Strehle
Special Education Program Coordinator
strehlej@bsd405.org

Sally Sue McDonald
Special Education District
mcdonaldsa@bsd405.org

If the school district refuses to convene an IEP team meeting on your behalf, or you disagree with the amount or type of compensatory education, you have the right to appeal that decision under either OSPI's Due Process Procedures or through a Community Complaint. Information about those processes is available on OSPI's website - https://ospi.k12.wa.us/student-success/special-education/dispute-resolution.

**Other Elements of the Settlement**

The settlement requires OSPI, among other things, to do the following:

1. Direct districts to extend age eligibility for special education services until the student's 22nd birthday.
2. Direct districts to offer to immediately resume services under the last implemented IEP for each student who has not yet turned 22 who aged out during the lawsuit.
3. Direct districts to reconvene IEP teams to consider whether compensatory education is needed for all students in the class who wish to receive an award of compensatory education.

The settlement also provides individual compensatory education awards to the two class representatives, N.D. and E.A., in amounts up to $150,000 and $60,000 respectively, and reimbursement of Plaintiffs' reasonable attorneys' fees.

**Questions?**

Please note, this notice only summarizes the settlement. The full settlement agreement is available at the following website: https://ospi.k12.wa.us/student-success/special-education

You can contact Class Counsel at these mail or email addresses:

ATTN: *N.D. v. Reykdal* Class Counsel
Cedar Law PLLC
113 Cherry Street PMB 96563
Seattle, WA 98104
info@cedarlawpllc.com
206-607-8277

You can also access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://pacer.uscourts.gov/, using Case No. 2:22-cv-01621-LK.

**Options for Disagreement**

You have the right to say what you think about the settlement before the Court decides whether to approve it. You can do this by submitting something in writing to the Court, attending a Court hearing about the settlement, or both.

If you like the settlement's terms or you do not have an opinion on the terms, you do not need to do anything related to this lawsuit.

If you are not satisfied with the settlement, you have the right to ask the Court to deny approval for the settlement. If the Court denies approval, the settlement will not happen, and the lawsuit will continue. If that is what you want, you must object to the proposed settlement in writing. If you object in writing, you may, if you choose, also appear at the Final Approval Hearing, but are not required to. If you choose to appear at the Final Approval Hearing, you can appear either on your own behalf or through your own attorney. If you choose to appear through your own attorney, you are responsible for hiring and paying for that attorney. If the Court approves the settlement despite any objections, it will apply to you even if you do not agree with it.

All written objections and supporting papers must:

- Clearly identify the following case name and number: *N.D., et al., v. Reykdal*, Case No. 2:22-cv-01621-LK (W.D. Wash.);
- Be submitted to the Court either:
  - By mailing them to the Clerk, U.S. District Court for the Western District of Washington, 700 Stewart Street, Suite 2310, Seattle, WA 98101, and both the envelope and letter shall state: "Attention: *N.D., et al., v. Reykdal*, Case No. 2:22-cv-01621-LK (W.D. Wash.), or
  - By filing them in person at any location of the United States District Court for the Western District of Washington; and
- Be filed or postmarked on or before February 4, 2025.

The Final Approval Hearing is scheduled to take place on February 26, 2025, at the U.S. District Court for the Western District of Washington, 700 Stewart Street, Suite 2310, Seattle, WA 98101. The date and time of the Final Approval Hearing may change without notice to you. Information about any changes to the Final Approval Hearing date or time will be available, for a fee, through PACER, at https://pacer.uscourts.gov/, using the Case No. 2:22-cv-01621-LK. *You are not required to attend this hearing. Your lawyer does not need to attend this hearing. You are welcome to attend if you want to object to the settlement or if you are interested in observing the hearing, but you are not required to.*

CC: Scott Powers, Executive Director of Teaching and Learning
Karen DeJong, Special Education Director
Sally Sue McDonald, Special Education Director
Jennifer Strehle, Special Education Program Coordinator

On Wed, Apr 9, 2025 at 12:41 PM, McDonald, Sally Sue (Sarah Susan)

<mcdonaldsa@bsd405.org> wrote:

Exhibit B

> Hi Mehdi. I cannot get to a phone to call you but wanted to let you know I have been in contact OSPI regarding the compensatory offer for the students who had transitions services but do no qualify for services under the ruling. We asked several clarifying questions based on students v served including Cyrus. OSPI is clear on who qualifies and our input did not change their decisi Under their guidance Cyrus does not qualify for compensatory. I am running late in a meeting a not able to get on a call at 1:00. I apologize. I suggest connecting with OSPI if you have further questions. I will respond to the below questions however when I am out of my meeting this afternoon.
>
> Sally Sue McDonald
>
> Get Outlook for iOS

Exhibit C

# Re: Responding re: N.D. v. Reykdal Case Questions/Concerns

From: Mehdi Beygi (mbeygi@yahoo.com)

To: alyssa.fairbanks@k12.wa.us

Cc: speced@k12.wa.us

Date: Wednesday, March 4, 2026 at 10:06 AM PST

Dear Alyssa,

I am following up on my previous inquiries regarding the denial of compensatory education for my son, Cyr have not received a specific explanation, and because my time to appeal is limited, I am requesting an imm response to the following focused questions:

- **Diploma Status:** Is Cyrus's diploma (WA-AIM-only) being treated by OSPI as a "regular high schoo
- **Basis for Denial:** Was Cyrus denied compensation specifically on the ground that he has a "regulai diploma"?
- **Individualized Findings:** If he was denied for another reason, please provide the specific data or re graduation codes) used for that determination.

Under **34 CFR § 300.503 (Prior Written Notice)**, OSPI is required to provide a written explanation whenev to provide a service. General summaries of the *N.D. v. Reykdal* settlement class are insufficient and do not federal mandate for individualized findings

As OSPI attorneys have acknowledged to Judge King that the opportunity for appeal remains open, I requi clarification immediately to proceed with my next legal steps.

Sincerely,

Mehdi Beygi

Parent of Cyrus Beygi [redacted]

Exhibit D

**Mehdi Beygi** <mehdi.beygi@gmail.com> Tue, Mar 10, :
To: Todd.Sipe@atg.wa.gov, brian.rowe@atg.wa.gov
Cc: Cyrus Beygi <cyrus.beygi@gmail.com>

Dear Todd, Brian,

I reached out to OSPI in vain asking the following questions, because my time to appeal is limited, I am req immediate response to the following focused questions:

- **Diploma Status:** Is Cyrus's diploma (WA-AIM-only) being treated by OSPI as a "regular high school
- **Basis for Denial:** Was Cyrus denied compensation specifically on the ground that he has a "regular diploma"?
- **Individualized Findings:** If he was denied for another reason, please provide the specific data or re graduation codes) used for that determination.

As OSPI attorneys you have acknowledged to Judge King that the opportunity for appeal remains open, I re clarification immediately to proceed with my next legal steps.

Sincerely,

Mehdi Beygi

Parent of Cyrus Beygi

[Quoted text hidden]

**UNITED STATES DISTRICT COURT**
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

**N.D., et al.,** **CASE NO. 2:22-cv-01621-LK** (W.D. Wash.)

**Plaintiffs,**

**v.**

**CHRIS REYKDAL, et al.,**

**Defendants.**

# CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2026, I Mehdi Beygi served a true and correct Copy of the foregoing Movant's Motion to Enforce Settlement Agreement and Require Defendants to State the Basis for C.B.'s Claim Determination, Declaration of Mehdi Beygi, Exhibits A-D, Proposed Order by placing it in the United States mail, first-class postage prepaid, addressed to the following:

**Ian B Crosby**
SUSMAN GODFREY (WA)
401 UNION ST
STE 3000
SEATTLE, WA 98101

**Alexander Frank Hagel**
CEDAR LAW LLP
600 1ST AVE STE 330
PMB 96563
SEATTLE, WA 98104-2246

**Lara R Hruska**
CEDAR LAW LLP
600 1ST AVE STE 330
PMB 96563
SEATTLE, WA 98104-2246

**Stephen Todd Sipe**
ATTORNEY GENERAL'S OFFICE
800 5TH AVE STE 2000
SEATTLE, WA 98104

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 03/19/2026 at Bellevue, Washington.

Sign HERE in Ink
Mehdi Beygi, Pro Se
5455 Highland Dr.
Bellevue, WA 98006
425-272-5219
mehdi.beygi@gmail.com

03, 19, 2026

FILED LODGED RECEIVED MAIL

MAR 23 2026

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

Attention: *N.D., et al., v. Reykdal*, Case No. 2:22-cv-01621-LK (W.D. Wash.)
The Clerk, U.S. District Court for the Western District of Washington,
700 Stewart Street, Suite 2310,
Seattle, WA 98101,

FROM:

Mehdi Beygi
5455 Highland Dr.
Bellevue WA 98006

UNITED STATES OF AMERICA FOREVER/USA

TO:

Attention: *N.D., et al., v. Reykdal*, Case No. 2:22-cv-01621-LK (W.D. Wash.)
The Clerk, U.S. District Court for the Western District of Washington,
700 Stewart Street, Suite 2310,
Seattle, WA 98101,

AIL

COURT
WE... WASHINGTON
BY DEPUTY

FILED
LODGED
RECEIVED
MAIL

MAR 23 2026

CLERK ... COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

Utility Mailer
10 1/2" x 16"

ReadyPost

93300007
Utility Mailer
10" x 14" (usable inside dimension)

Please Recycle

Utility Mailer

FILED
LODGED
RECEIVED

MAIL

MAR 2 3 2026

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

UNITED STATES POSTAL SERVICE ®

0 15645 97296 4
AIC-093
Product Code 93300007 - March 2019
www.usps.com
A product of the United States Postal Service ®
MADE IN THE U.S.A.

Visit USPS.com® to Order Supplies Online

PULL TAB TO OPEN