The Honorable Lauren King

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| N.D., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CHRIS REYKDAL, et al.,<br><br>Defendants. | NO. 2:22-cv-01621-LK<br><br>DEFENDANTS' RESPONSE TO MOVANT'S MOTION FOR CLARIFICATION REGARDING PROPER PROCEDURE<br><br>NOTE ON MOTION CALENDAR: MAY 4, 2026 |

## I. INTRODUCTION

Movant Mehdi Beygi's (Movant) motion for clarification should be rejected for the same reason as his prior motions in this case: the motion is improperly predicated on Movant's claim that C.B. is a class member in this matter because C.B. received an improper high school diploma. In this latest motion, Movant appears to be seeking clarification for why C.B. did not receive compensation "as a class member." But C.B.'s purported class member status presumes C.B. did not receive a proper regular high school diploma, the dispute of which is outside the scope of this case and is currently the subject of Movant's separate due process appeal. Further, even if Movant's motion was not dependent on his class member claim, it should still be rejected because Movant has already received a written determination from the Office of Superintendent of Public Instruction (OSPI) that C.B. is not eligible for compensatory education under the class settlement because C.B. had graduated when he exited special education services. Movant's motion should be denied.



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

## II. BACKGROUND AND ARGUMENT

Movant claims Bellevue School District improperly issued C.B. a high school diploma when he was 21 years old and C.B. should therefore be considered a member of the class. This Court has ruled Movant's challenge to the diploma is outside the scope of this case but has acknowledged Movant's right to separately challenge the diploma and the resulting termination of C.B.'s special education services through the due process and appeal process set out in 20 U.S.C. § 1415 and WAC 392-172A-05080-05125. Dkt. # 130 at pp. 18-20; Dkt. # 137 at p. 5. Movant is pursuing that process. When the Office of Administrative Hearings (OAH) rejected Movant's due process challenge to C.B.'s diploma (Dkt. # 135-1), Movant appealed the decision and that appeal is pending before Judge Coughenour in *Medhi J. Beygi, et al. v. Bellevue School District, et al.*, No. 2:26-cv-01061-JCC (W.D. Wash.).

On March 10, 2026, this Court denied Movant's request for leave to file a motion seeking compensation as a purported class member noting that Movant "cannot pursue a de facto appeal of OAH's decision in this case." Dkt. # 137 at p. 5. Nevertheless, Movant has persisted in filing motions in this case predicated on his claim that C.B. is a class member because—contrary to OAH's decision—his diploma was improperly issued. Movant filed two more motions that were both stricken based on this Court's March 10 order. Dkts. ## 138, 139. Movant's most recent motion is likewise improper. This motion again identifies C.B. as a "class member" and is fashioned as a request for a "clarification" regarding "the basis for a determination communicated under the settlement[.]" Dkt. # 140 at p. 2. Movant's request is less than clear, but it appears the "determination" he is seeking clarification for is why C.B. is not receiving compensatory education from the Bellevue School District as a "class member" under the settlement. *Id.* But Movant's identification of C.B. as a class member is again predicated on his view that C.B.'s diploma is improper. Further, even if the request could be interpreted more broadly to not be premised on C.B.'s purported class member status, Movant has already been made well-aware of the reasons why C.B. was determined not eligible for compensatory



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

education under the settlement: C.B. exited special education services after he graduated from high school. Not only was this precise subject covered in OAH's due process decision that is under appeal, but OSPI already explained its conclusion to Movant in its August 7, 2025, written decision to Movant's Special Education Community Complaint (SECC). *See* Ex. A.

In her decision to Movant's SECC, Dr. Tania May, Assistant Superintendent of Special Education at the OSPI, evaluated whether Bellevue School District had appropriately responded to Movant's request for an individualized education program (IEP) meeting to discuss compensatory education based on this case's class settlement. In her findings of fact, Dr. May noted the Bellevue School District assigned C.B. an exit code of "G0" due to his receipt of a regular high school diploma rather than exit codes used for students who age out of services. *Id.* at p. 3. While acknowledging circumstances that likely led to confusion for the Movant, such as Bellevue School District sending C.B. the settlement notice for this case and the District's late cancelation of a scheduled IEP meeting, Dr. May determined that "even if [the District] had held an IEP meeting, [C.B.] would not have been eligible to receive compensatory education through this process because he had graduated." *Id.* at p. 7.

## III. CONCLUSION

For the reasons stated above, Movant's motion for clarification should be denied.

DATED this 28th day of April 2026.

NICHOLAS W. BROWN
Attorney General

*s/ S. Todd Sipe*
S. TODD SIPE, WSBA #23203
Assistant Attorney General
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744
Todd.Sipe@atg.wa.gov
Attorneys for Defendants Chris Reykdal and Office of Superintendent of Public Instruction

I certify that this memorandum contains 774 words, in compliance with the Local Civil Rules.



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I caused the foregoing document to be served, via this Court's CM/ECF System, on the following:

Ian B. Crosby
Susman Godfrey L.L.P.
icrosby@susmangodfrey.com

Alex Hagel
Lara Hruska
Cedar Law PLLC
alex@cedarlawpllc.com
lara@cedarlawpllc.com

Counsel for Plaintiffs

I hereby certify that on this day I caused the foregoing document to be served, via Federal Express and electronic mail, on the following:

Mehdi J. Beygi
5455 Highland Drive
Bellevue, WA 98006
mehdi.beygi@gmail.com

I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

DATED this 28th day of April 2026, at Kirkland, Washington.

*s/ S. Todd Sipe*
S. TODD SIPE, WSBA #23203
Assistant Attorney General