UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| N.D., et al.,<br><br>Plaintiffs,<br>v.<br><br>CHRIS REYKDAL, et al.,<br><br>Defendants. | CASE NO. 2:22-cv-01621-LK<br><br>ORDER DENYING MOTION TO COMPEL AND APPOINT SPECIAL MASTER |

This matter comes before the Court on a motion filed by pro se Mehdi Beygi "to compel proper settlement administration and for appointment of a special master pursuant to Fed. R. Civ. P. 53" in this case. Dkt. No. 143 at 1 (citation modified). For the reasons set forth below, the Court denies the motion.[1]

The background related to this case and Mr. Beygi's specific situation has been set forth in prior orders, *see, e.g.*, Dkt. No. 130 at 1–10; Dkt. No. 137 at 1–3, and will not be repeated here. On March 10, 2026, the Court denied Mr. Beygi's motion for leave to file documents to enforce

[1] Because this matter can be decided on the filings, the Court denies Mr. Beygi's request for oral argument. Dkt. No. 147 at 1.

the settlement agreement as to his son, C.B. *See generally* Dkt. No. 137. Mr. Beygi argued that C.B. had been denied the benefits of the settlement because the school district had improperly issued C.B. a high school diploma and exited him from special education services. *Id.* at 3. The Court held that "[f]or the reasons set forth in the Court's prior ruling, Dkt. No. 130 at 18–20, Mr. Beygi's contention that C.B. was prematurely exited from his special education services because he was improperly issued a regular high school diploma is beyond the scope of this case." *Id.* at 5 (stating that "Mr. Beygi cannot pursue a de facto appeal of [the Washington State Office of Administrative Hearings ('OAH')]'s decision in this case"). Mr. Beygi subsequently appealed OAH's decision in *Beygi v. Bellevue School District*, No. C26-1061-JCC (W.D. Wash. 2026), and that case remains pending.

On September 14, 2026, Beygi filed this motion seeking an order "requiring proper administration of the Settlement as to C.B. and appointing a Special Master pursuant to Fed. R. Civ. P. 53 to independently examine the disputed CEDARS records and the circumstances surrounding the mid-litigation change in C.B.'s exit coding." Dkt. No. 143 at 1. Mr. Beygi contends that during the course of this litigation, C.B.'s exit code was changed from a code indicating that he had aged out of special education services to a code indicating that he had received a regular high school diploma. *Id.* at 2. He seeks the appointment of a special master "to pull the IT audit logs and uncover how and why this mid-litigation alteration was made." *Id.* at 4. He also seeks an order "[e]njoin[ing] Defendants from relying on the disputed . . . code to definitely exclude C.B. from the Settlement until the Court reviews the Special Master's report[.]" *Id.* at 6.

Defendants respond that Mr. Beygi mistakenly believes that membership in the settlement class is based on the exit code a student was assigned, when in reality, "exit codes were only utilized in the Settlement for determining which students LEAs were required to send notice." Dkt. No. 145 at 5. "If a student had been assigned a different exit code, but still met the class definition,

then such student would be part of the class.” *Id.* Here, “C.B. was excluded from class settlement relief because he exited special education services after receiving a high school diploma—not based on his assigned exit code.” *Id.* “Whether C.B. received a proper regular high school diploma has been a question for the OAH judge and now Judge Coughenour—not OSPI.” *Id.* at 6.

The Court agrees with Defendants and reiterates that Mr. Beygi’s contention that C.B. was prematurely exited from his special education services because he was improperly issued a regular high school diploma is beyond the scope of this case. Accordingly, there is no basis to appoint a special master to audit Defendants’ records regarding that issue or enjoin Defendants from relying on the disputed exit code as Mr. Beygi requests.

For the foregoing reasons, the Court DENIES Mr. Beygi’s motion. Dkt. No. 143. The Court may summarily strike future filings premised on the mistaken belief that C.B. is a class member in this case.

Dated this 4th day of November, 2026.

Lauren King
United States District Judge